Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

CAROLYN H. COTTRELL (to be admitted *pro hac vice*)
California Bar No. 66977
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell St, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
*Lead Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**MEDFORD DIVISION**

| | |
|---|---|
| **TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,**<br>　　　　　　**Plaintiff,**<br>v.<br><br>**AVALON HEALTH CARE HEARTHSTONE LLC, AVALON HEALTH CARE ROYALE GARDENS LLC, STAFFERS LLC,**<br>　　　　　　**Defendants.** | Case No.: 1:21-cv-688<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

　　1.　　TINA ALONZO ESTRADA ("Plaintiff") brings this collective and class action, on behalf of herself and all others similarly situated, who have worked for AVALON HEALTH

Page 1 - COMPLAINT

CARE HEARTHSTONE LLC, AVALON HEALTH CARE ROYALE GARDENS LLC, and STAFFERS LLC ("Defendants"), as Registered Nurses, Nurse Aides, Certified Nursing Assistants, and other non-exempt hourly patient care workers at any time beginning six years before the filing of this complaint until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated employees have been denied wages and meal periods in compliance with Oregon law and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"). This case implicates the longstanding policies and practices of Defendants, private companies with locations in the State of Oregon doing business at 206 N 2100 W, Salt Lake City, Utah, 84116 (Avalon Health Care Royale Gardens LLC and Avalon Health Care Hearthstone LLC) and 9980 S 300 W, Suite 200, Sandy, Utah (Staffers LLC).

2. Plaintiff, individually and on behalf of putative Collective and Class members, brings this action pursuant and under the provisions of Oregon Revised Statute 653.261, Oregon Administrative Rule 839-020-0050, and FLSA. Throughout the relevant time period, Plaintiff and putative Collective and Class members have been subject to timekeeping and pay policies that violate Oregon and federal law.

3. Defendants violate Oregon law by knowingly and willfully failing to authorize and/or permit putative Plaintiff and putative Collective and Class members to take all meal breaks to which they are entitled by law. Defendants violate federal law under FLSA by knowingly and willingly failing to pay Plaintiff and putative Collective and Class members minimum wage for all hours worked.

4. Plaintiff files this action to recover all compensation, penalties, and other damages on behalf of herself and putative Collective and Class members owed to them under the state law, individually and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and putative Collective and Class members of their lawfully-earned wages and meal periods.

**SUBJECT MATTER JURISDICTION AND VENUE**

5.      The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Oregon state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendants operate properties in this district, employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

**PARTIES**

7.      Plaintiff Tina Alonzo Estrada is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of Oregon. Plaintiff has been employed as a Certified Nurse's Assistant by Avalon Health Care at their Medford, Oregon and Grants Pass, Oregon locations since September 2020. Plaintiff was placed at these facilities through Defendant Staffers LLC, a healthcare staffing agency.

8.      The putative Collective and Class members are individuals who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to, Registered Nurse's Assistant, Registered Nurses, Caretakers, and other similar hourly and non-exempt employees throughout the United States within the six years preceding the filing of this Complaint.

9.      Plaintiff is informed, believes, and thereon alleges that Defendant Avalon Health Care Hearthstone LLC is a limited liability company with its principal place of business in Utah, and is registered to do business in Oregon. Avalon Health Care Hearthstone LLC may be served with process by serving its registered agent, Legalinc Corporate Services Inc, 942 Windmere Dr. NW, Salem, OR 97304.

10. Plaintiff is informed, believes, and thereon alleges that Defendant Avalon Health Care Royale Gardens LLC is a limited liability company with its principal place of business in Utah, and is registered to do business in Oregon. Avalon Health Care Royale Gardens LLC may be served with process by serving its registered agent, Legalinc Corporate Services Inc., 942 Windmere Dr. NW, Salem, OR 97304.

11. Plaintiff is informed, believes, and thereon alleges that Defendant Staffers LLC is a limited liability company with its principal place of business in Utah, and is registered to do business in Oregon. Staffers LLC may be served with process by serving its registered agent, CT Corporation System, 780 Commercial Street SE Suite 100, Salem, OR 97301.

12. Plaintiff is informed, believes, and thereon alleges that Defendants Avalon Health Care Royale Gardens LLC and Avalon Health Care Hearthstone LLC own skilled nursing and senior health facilities throughout the State of Oregon. Plaintiff is informed, believes, and thereon alleges that Defendant Staffers LLC provides staffing services to healthcare organizations throughout the State of Oregon. Plaintiff is informed, believes, and thereon alleges that Defendants employ putative Collective and Class members, among other hourly employees, throughout the State of Oregon.

13. At all material times, Defendants have been an employer within the meaning of ORS § 653.010.

14. Plaintiff and putative Collective and Class members were and are employees of Defendants within the meaning of ORS § 653.010.

15. Defendants Avalon Health Care Royale Gardens LLC and Avalon Health Care Hearthstone LLC, according to their websites, operate and/or manage a litany of skilled nursing and senior care facilities, and employ putative Collective and Class members throughout the State of Oregon. Defendant Staffers LLC, according to its website, provides staffing solutions to healthcare facilities throughout the State of Oregon.

## FACTUAL ALLEGATIONS

16. Defendants operate Avalon Health Care Hearthstone LLC in Medford, Oregon and Avalon Health Care Royale Gardens LLC in Grants Pass, Oregon. These facilities offer skilled nursing and senior care to patients and residents in Oregon.

17. Defendants employ approximately 50 employees at their Grants Pass location, approximately 60 employees at their Medford location, and approximately 7000 employees across all Avalon Health Care facilities.

18. Plaintiff has been employed by Defendants as a Certified Nurse's Assistant at the Avalon Health Care Hearthstone location in Medford, Oregon and the Avalon Health Care Royale Gardens location in Grants Pass, Oregon during the last six (6) years. Plaintiff has worked as a non-exempt Certified Nurse's Assistant for Defendants since September 2020, after being placed by Defendant Staffers LLC. She typically earns $21.00 per hour, or $30.00 per hour when she works on a COVID-19 care floor. As a Certified Nurse's Assistant, Plaintiff's primary responsibilities include: providing patient care and monitoring, assisting nurses, doctors, and other hospital personnel, administering certain medical treatments and preparations for patients, interacting with other hospital employees and visitors, completing charting and other paperwork, and responding to emergency situations. Plaintiff is subjected to Defendants' timekeeping, pay, rest break, and overtime policies and practices. Plaintiff is routinely subject to interruptions during attempted meal breaks, and in fact is interrupted or denied meal breaks on a regular basis.

19. Putative Collective and Class members were and are employed by Defendants and performed work materially similar to Plaintiff.

20. Plaintiff and putative Collective and Class members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

21. Plaintiff and putative Collective and Class members are required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

22. At the end of each pay period, Plaintiff and putative Collective and Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

23. Defendants pay Plaintiff and putative Collective and Class members on an hourly rate basis.

24. Throughout the relevant time period, Defendants expect and require Plaintiff and putative Collective and Class members to be available to work during their entire shifts, even during any attempted meal breaks.

25. Under normal circumstances, healthcare facilities providing patient care are adequately staffed so that employees can take the breaks that they are entitled to while other employees take responsibility for providing patient care during that time. However, Plaintiff and putative Collective and Class members are unable to take regular meal breaks because the Avalon Health Care facilities are critically understaffed. As a result, Plaintiff and putative Collective and Class Members are therefore unable to take compliant meal breaks while providing the proper supervision and medical care patients need.

26. When Plaintiff and putative Collective and Class Members experience untimely or interrupted meal breaks, or do not receive these breaks at all, Defendants fail to pay them the required premium pay.

27. Further compounding the injury to employees, Defendants employ a policy and/or practice of automatically deducting thirty minutes of pay from Plaintiff's and putative Collective and Class members' time for meal breaks, even when employees were too busy to take one. Plaintiff and putative Collective and Class members are unable to fix their pay when 30 minutes has been illegally and automatically deducted from their time.

28. This results in Defendants' non-exempt, hourly employees performing off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendants, in violation of the FLSA. Upon information and belief, putative Collective and Class members across Defendants' facilities are subject to these violative policies.

29. When an employee's work is more than eight hours, the employer must provide the employee the number of meal periods and rest periods listed in Appendix A of Oregon Administrative Rule 839-020-0050. OAR Chapter 839 requires employers to provide employees with a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties for each work period of not less than six or more than eight hours. If an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period.

30. Defendants have employed hundreds of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

31. Defendants' method of denying Plaintiff and Class members' rest breaks and payment for all ours worked was willful, and was not based on a good faith and reasonable belief that their conduct complied with Oregon and federal law.

## COLLECTIVE ACTION ALLEGATIONS UNDER FLSA

32. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated employees defined as:

> All current and former non-exempt, hourly employees of Defendants working as Registered Nurses, Certified Nursing Assistants, Nurse's Aides, Caretakers and other non-exempt, hourly employees throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective").

33. Plaintiff Tina Alonzo Estrada individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party plaintiffs may be

determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

34. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

35. The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

36. Plaintiff is representative of the members of the Collective and is acting on behalf of their interests as well as her own interests in bringing this action.

37. Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

38. The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

39. Plaintiff contemplates providing a notice or notices to the Collective, as approved by the Court, to be delivered via United States Mail. The notice or notices shall, among other things, advise each of the recipients that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## RULE 23 CLASS ACTION ALLEGATIONS

40. Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees, including but not limited to Registered Nurses, Nursing Aides, Certified Nursing Assistants, or other employees with similar patient care job duties employed by Defendants in Oregon at any time starting six (6) years prior to the filing of this Complaint until final resolution of this action. (the "Oregon class").

41. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

42. Numerosity: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Oregon Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Oregon Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Oregon Class and Defendants.

43. Commonality: There are questions of law and fact common to Plaintiff and the Oregon Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

    a) Whether Defendants fail to authorize and permit Plaintiff and Oregon Class members to take a bona fide and uninterrupted meal break to which they are entitled under Oregon law;

    b) Whether Plaintiff and Oregon Class members are entitled to civil and statutory penalties;

      c)      The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Oregon Class as alleged herein; and

      d)      Whether Defendants' actions were "willful" as that term is understood in Oregon wage and hour law.

44.    **Typicality:** Plaintiff's claims are typical of the claims of the Oregon Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

45.    **Adequacy of Representation:** Plaintiff seeks declaratory relief for the past and prospective state law violations that were perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Oregon Class members.

46.    **Superiority of Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

47.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Oregon Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

48.    If each individual Class member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be

able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

49. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

### FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### (By Plaintiff and the Collective)

50. Plaintiff realleges and incorporates the foregoing paragraphs as though full set forth herein.

51. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. 207(a)(1).

52. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

53. Defendants are covered employers required to comply with the FLSA's mandates.

54. Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

55. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy of not paying for hours worked prior to the start of a shift and after the shift ends. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

56. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

57. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

58. As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

59. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF OAR 839-020-0050**
**(By Plaintiff and Oregon Class)**

60. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

61. Throughout the relevant time period, Defendants regularly fail to make meal periods available to Plaintiff and Oregon Class members. Plaintiff's and Oregon Class members' schedules regularly prevent them from taking meal periods throughout the day. Plaintiff and Oregon Class members do not receive premium pay for their missed breaks as required by Oregon law.

62. OAR Chapter 839 requires employers to provide employees, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes

during which the employee is relieved of all duties.

63. Under OAR Chapter 839, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

64. Despite these requirements, Defendants have often knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and Oregon Class members the ability to take the meal periods to which they are entitled. Defendants have also failed to pay Plaintiff and Oregon Class members one hour of pay for each meal periods that they are denied. Defendants' conduct described herein violates OAR Chapter 839.  Therefore, Plaintiff and Oregon Class members are entitled to compensation for the failure to authorize and permit and/or make available meal periods, plus interest, attorneys' fees, expenses, and costs of suit.

65. As a proximate result of the aforementioned violations, Plaintiff and Oregon Class members have been damaged in an amount according to proof at time of trial.

66. Wherefore, Plaintiff and Oregon Class members request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wage
### (By Plaintiff and the Oregon Class)

67. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

68. Plaintiff alleges that Defendants willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and Oregon Class members minimum wage for all hours worked or spent in Defendants' control. Detailed above, Defendants required, suffered, and/or permitted Plaintiff and the Oregon Class to perform work for the benefit of Defendants without compensation, with Defendants' knowledge.

69. Under OAR Chapter 839, "an employer is required to pay each employee it employs in the state no less than the minimum rate(s) of wage for the applicable region(s) as specified in ORS 653.025 and OAR 839-020-0011 for each hour worked by the employee."

70. OAR Chapter 839 provides, "Employees shall be paid no less than the applicable minimum wage for all hours worked, which includes "work time" as defined in ORS 653.010(11). If in any pay period the combined wages of the employee are less than the applicable minimum wage, the employer shall pay, in addition to sums already earned, no less than the difference between the amounts earned and the minimum wage as prescribed by the appropriate statute or administrative rule."

71. In violation of Oregon law, Defendants knowingly and willfully refuse to perform its obligation to provide Plaintiff and the Oregon Class with compensation for all time worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff and Oregon Class members' rights. Plaintiff and Oregon Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

72. As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

73. Wherefore, Plaintiff and the Oregon Class requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Proper Wage Statements**
**(By Plaintiff and the Oregon Class)**

74. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

75. Defendants do not provide Plaintiff and Oregon Class members with accurate itemized wage statements as required by Oregon law.

///

76. OAR Chapter 839 provides:

"… employers must furnish each employee, each time the employee receives a compensation payment from the employer, a written itemized statement of earnings. The written itemized statement must include:

(a) The date of the payment; (b) The dates of work covered by the payment; (c) The name of the employee; (d) The name of the employer and the employer's business registry number or business identification number; (e) The address and telephone number of the employer; (f) The rate or rates of pay; (g) Whether the employee is paid by the hour, shift, day or week or on a salary, piece or commission basis; (h) Gross wages; (i) Net wages; (j) The amount and purpose of each deduction made during the respective period of service that the payment covers; (k) Allowances, if any, claimed as part of minimum wage; (l) The regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked and pay for those hours, and the number of overtime hours worked and pay for those hours; (m) If the employee is paid a piece rate, the applicable piece rate or rates of pay, the number of pieces completed at each piece rate and the total pay for each rate.

77. Plaintiff and the Oregon Class seeks to recover actual damages, costs, and attorneys' fees under this section.

78. Defendants fail to provide timely, accurate, itemized wage statements to Plaintiff and Oregon Class members in accordance with OAR Chapter 839. In particular, the wage statements the Defendants provide their employees, including to Plaintiff and Oregon Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, Defendants do not count as "hours worked" the off-the-clock time its hourly, non-exempt employees who work as Registered Nurses, Certified Nurse's Assistants, Caretakers and other non-exempt hourly employees spend performing work activities during their meal breaks.

79. Defendants' failure to comply with OAR Chapter 839 was and continues to be knowing and intentional. Although, as alleged herein, Defendants are aware that Plaintiff and Oregon Class members performed off-the-clock work outside of their scheduled and paid shifts, Defendants systematically fail to include this time worked in their wage statements.

80. Plaintiff and Oregon Class members have suffered injury as a result of Defendants' knowing and intentional failure to provide timely, accurate itemized wage statements to them in

accordance with OAR Chapter 839. As a result of Defendants' violations, Plaintiff and the putative Class are required to undertake the difficult and costly task of attempting to reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by Oregon law.

81. As a proximate result of the aforementioned violations, Defendants are liable to Plaintiff and putative Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

82. Wherefore, Plaintiff and the Oregon Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff makes the following demand:

1. Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the FLSA and Oregon Labor Code.

2. For a declaratory judgment that Defendants violated the Oregon Labor Code and the FLSA.

3. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with Defendants from committing in the future those violations of law herein alleged;

4. For an order requiring Defendants to disgorge all profits and other ill-gotten gains resulting from their failure to remit the entirety of gratuities to non-managerial service employees;

5. For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

6. For an order awarding Plaintiff and the Collective and Class members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Collective and Class members, together with interest on these amounts according to proof;

       7.       For an order awarding Plaintiff and Collective and Class members civil penalties pursuant to the Oregon Labor Code, and the laws of the State of Oregon, and the FLSA with interest thereon;

       8.       For an order awarding reasonable attorneys' fees as provided by the Oregon Labor Code, the laws of the State of Oregon, the FLSA, and/or other applicable law;

       9.       For all costs of suit;

       10.      For interest on any penalties awarded, as provided by applicable law; and

       11.      For such other and further relief as this Court deems just and proper.

That Plaintiff has such other relief as this Court deems just and appropriate.

Dated: May 5, 2021.                                                  /s/ Dana L. Sullivan
                                                                          Dana L. Sullivan, Bar No. 944834

Carolyn H. Cottrell (to be admitted *pro hac vice*)
California Bar No. 166977
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
*Lead Attorney for Plaintiff*

William M. Hogg (to be admitted *pro hac vice*)
Texas Bar No. 24087733
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Tel: (713) 338-2560
Fax: (415) 421-7105
whogg@schneiderwallace.com
*Of Counsel for Plaintiff*

Page 17 - COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the putative Collective and Class are entitled to a jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP |
| Dated: May 5, 2021 | s/Dana L. Sullivan<br>Dana L. Sullivan<br>Oregon Bar No. 944834<br>921 SW Washington Street, Suite 516<br>Portland, Oregon 97205<br>Tel: (503) 974-5023<br>Fax: (971) 230-0337<br>dana@baaslaw.com<br>*Local Counsel for Plaintiff* |
|  | CAROLYN H. COTTRELL (to be admitted *pro hac vice*)<br>California Bar No. 66977<br>SCHNEIDER WALLACE COTTRELL KONECKY LLP<br>2000 Powell St, Suite 1400<br>Emeryville, California 94608<br>Telephone: (415) 421-7100<br>Fax: (415) 421-7105<br>ccottrell@schneiderwallace.com<br>*Lead Attorney for Plaintiff* |