IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TINA ALONZO ESTRADA, *individually and on behalf of all others similarly situated*,

        Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE, LLC., et al,

        Defendants.

Civ. No. 1:21-cv-00688-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

This case comes before the Court on Plaintiff's Motion to Quash Subpoenas issued to third parties, former employers of Plaintiff Estrada. On August 18, 2022, the Court held a telephonic oral argument on the motion. For the reasons below, the motion to quash is DENIED, subject to certain conditions to be imposed on the production of the documents pursuant to the subpoenas.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Rule 26(c) authorizes the Court to limit discovery upon motion by a party with "good cause" shown to

protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(d)(3) authorizes the Court to quash a subpoena under specified circumstances, including when the subpoena requires disclosure of privileged or protected materials, when an exception or waiver does not apply, or when the subpoena subjects a person to undue burden. *See also Tran v. Wells Fargo Bank, N.A.*, 2017 WL 1234131, at *2 (D. Or. Jan. 20, 2017). "To evaluate whether privacy interests should prevail over the interest in fully discovering a case, the court must balance the [requesting] party's need for the information against the [challenging party]'s privacy rights." *Marshall v. Galvanoni*, 2019 WL 2491524, at *2 (E.D. Cal. June 14, 2019), citing *Thierno v. Rite Aid Corp.*, 2008 WL 3287035 (N.D. Cal. 2008).

## DISCUSSION

Plaintiff brings this cause of action against the defendants, claiming that she was denied meal breaks, that she was not paid regular and overtime wages, that her pay was subject to unlawful deductions and that she was not paid final pay. Plaintiff's Third Amended Complaint ("TAC") (#27). Plaintiff now seeks to quash subpoenas served by defendants on six third parties, Plaintiff's former employers. The subpoenas seek production of Plaintiff's employment records, such as job applications, job descriptions, performance review documents, compensation and payroll records, time records, and records related to any employment-based claims Plaintiff brought against that employer.

As a threshold matter, a plaintiff has standing to seek to quash a subpoena issued to a third party where the plaintiff asserts a legitimate privacy interest in the material sought. *Abu v. Piramco Sea-Tac Inc.*, 2009 WL 279036, at *1 (W.D. Wash. Feb. 5, 2009). Moreover, "public policy reasons militate against lightly invading that privacy interest, in that an expectation of privacy in employment records encourages candid employment evaluations and avoids

impairment of employee morale." *Beaver v. Delicate Palate Bistro, Inc.*, Civ.No. 3:17-cv-00644-PK, at *5 (D. Or. Sept. 12, 2017) (citing *In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Haw. 1980)). In this case, plaintiff has shown that she has a legitimate privacy interest in the contents of her employment-related files. Therefore, she has standing to bring this motion. The motion is also timely, as it was filed before the return date of the subpoena. *Zetz v. Bos. Sci. Corp.*, 2022 WL 605356, at *5 (E.D. Cal. Mar. 1, 2022).

However, Plaintiff's privacy interest in her employment records must be weighed against the defendants' need for the challenged information, particularly in light of the fact that this is an employment case, and Plaintiff seeks to be the representative of an entire class and collective of plaintiffs asserting claims for relief against the defendants.

Defendants have shown that the requested documents are relevant to the claims and defenses at issue in this case. "Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). First, three of the four defendants have disputed Plaintiff's allegation of the existence of an employment relationship, on which any liability would hinge. Defendants claim that the documents subpoenaed are relevant to that issue. Second, defendants claim that Plaintiff, by her own admission, was employed by some of these third parties at the same time that she was employed by one of the defendants, and at the same facility, and thus her time and pay records are relevant to the defendants' liability for her unpaid wage and meal break claims, as well as any potential damages.

Third, defendants claim that the documents are relevant to Plaintiff's credibility and suitability as an adequate representative of the putative class and collective she seeks to

represent. If credibility were the only stated justification for the subpoenas, they would be overbroad under Rule 26(b). *See Awosika v. Target Corp.*, 2011 WL 13048452, at *3 (W.D. Wash. May 26, 2011). However, defendants have alleged specified concerns regarding Plaintiff's credibility, including potentially working for multiple staffing agencies at the same time, as well as filing workers compensation claims and collecting unemployment benefits, and not yet providing dates that defendants requested for those claims. This information may or may not be admissible, however, the purpose of discovery is to gain access to information that will lead to admissible evidence, not to gain access only to admissible evidence. *Id.* Given the broad scope of discovery, defendants may legitimately use the subpoenas to search for information regarding Plaintiff's credibility. *See id.*

While the Court is sensitive to the privacy concerns of the Plaintiff, none of the documents requested are subject to a privilege or are otherwise not discoverable. While Plaintiff's deposition can be an alternative source for some of the information, defendants are entitled to verify that information to the extent possible. As discussed, the records sought by the defendants are relevant to Plaintiff's claims and requests for relief and the defendants' defenses, and the Court has determined that they are proportional to the needs of the case. For all of the reasons above, Plaintiff's motion to quash (#46) is DENIED.

In order to ameliorate Plaintiff's concerns regarding overbreadth and privacy, the Court orders the following conditions to the execution of the six subpoenas.

1. Upon receipt of the documents from each third party, defense counsel shall place the documents in a secure location, unopened and unreviewed by anyone on the defense team.

2. Plaintiff's counsel shall be allowed access to the documents for a first review. Any highly sensitive or privileged documents may be entered into a privilege log and extracted from the group of documents produced. The potential field of extractable documents should be very

narrow, and the Court expects any documents that can be produced, subject to the terms of a protective order, to be left for the defendants' review. Defendants shall, of course, be provided with a copy of the privilege log.

3. The parties shall work together to ensure that the protective order provides adequate protection to alleviate any concerns regarding the documents provided pursuant to the subpoenas. An amended protective order can be entered, if needed, once the parties agree on the terms.

4. Any irreconcilable disagreements can be presented to the Court for determination.

It is SO ORDERED and DATED this 19 day of August, 2022.

_____
MARK D. CLARKE
United States Magistrate Judge