# APPENDIX 1

Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (admitted *pro hac vice*)
California Bar No. 166977
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell St, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
*Lead Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,** Plaintiff, <br><br> v. <br><br> **AVALON HEALTH CARE HEARTHSTONE LLC, AVALON HEALTH CARE ROYALE GARDENS LLC, STAFFERS LLC, AVALON HEALTH CARE, INC. d/b/a AVALON HEALTH CARE GROUP, AVALON HEALTH CARE MANAGEMENT, INC. AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC, PEOPLE 2.0 GLOBAL, LLC AND PEOPLE 2.0 NORTH AMERICA LLC** <br><br> **Defendants.** | Case No.: 1:21-cv-688 <br><br> **FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -1-

## INTRODUCTION

1.      Tina Alonzo Estrada ("Plaintiff") brings this class and collective action on behalf of herself and all others similarly situated employees who have worked for Avalon Health Care Hearthstone LLC, Avalon Health Care Royale Gardens LLC, Staffers LLC, Avalon Health Care, Inc. d/b/a Avalon Health Care Group, Avalon Health Care Management, Inc. Avalon Health Care Management of Oregon, LLC, People  2.0 Global, LLC and People 2.0 North America LLC ("Defendants"), as Registered Nurses, Nurse Aides, Certified Nursing Assistants, and other non-exempt hourly patient care workers at any time beginning six years before the filing of the Original Complaint (Dkt. 1) until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated non-exempt patient care workers have been denied wages and meal periods in compliance with Oregon law and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"). This case implicates Defendants' longstanding policies and practices which fail to properly compensate non-exempt patient care workers for work during unpaid meal periods and for work performed while "off-the-clock."

2.      An employer is not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendants do not provide bona fide meal periods for their non-exempt workers who are responsible for patient care. Patient care workers who work for Defendants are required to remain responsible for patient care throughout their shift and are expected to perform duties while "off-the-clock." Defendants have a systematic policy of of requiring, suffering, and/or permitting Plaintiff and Class/Collective members to work during unpaid, 30-minute meal breaks. Because Plaintiff and Class/Collective members typically work 40 or more hours per week, Defendants' meal break policies/practices result in the erroneous denial of overtime wages.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -2-

~~automatically deducting 30 minutes from Class and Collective members' time records.~~ ~~Instead of making these workers manually clock out for their meal periods then clock back in at the end of a continuous 30-minute meal period, Defendants assumed patient care workers were able to find a 30-minute block of time to enjoy a bona fide meal period where they are completely off-duty. In fact, this does not typically occur.~~   While Defendants required Plaintiffs and Class/Collective Members to take a ~~Nonetheless, Defendants deduct~~ 30 minutes "meal break," Plaintiff and Class/Collective members nonetheless had to ~~from patient care workers' shifts for a meal period, when in fact patient care workers~~ remain on duty and were/~~are~~ continuously subject to interruption during that time.

3.    ~~The policies and practices~~ Defendants' policies and practices deny ~~utilize result in~~ patient care workers ~~being denied~~ wages due under federal and Oregon law. Under these policies and/or practices, non-exempt hourly workers involved in direct patient care were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. On information and belief, Defendants continue to require workers responsible for direct patient care to remain on duty and subject to interruptions during unpaid meal breaks.

~~3.~~4.    Moreover, Defendants require Plaintiff and putative Collective and Class to use their personal cell phones to, among other things, clock in and clock out. However –the pertinent regulations provide that if  it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. *See* 29 C.F.R. § 531.35.~~.~~

4.5.    Defendants violate federal and state law by knowingly and willfully permitting Plaintiff, Class, and Collective members to perform work and/or remain on duty during their unpaid meal breaks and subjecting them to interruptions during their unpaid meal breaks. Likewise, Defendants violate the FLSA by failing to pay all overtime wages free and clear of any direct or indirect kickbacks. _____. Defendants have notice that Plaintiff, Class, and Collective members expect to be paid for their work on an hourly basis. Defendants received value of Plaintiff, Class, and Collective members' work performed during their unpaid meal periods while "off-the-clock" and withfor the use of their personal cell phones _____without compensating them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff, Class, and Collective members for work performed.

5.6.    Defendants' conduct violated and continues to violate federal and Oregon state law because the FLSA and Oregon Revised Statute 653.261 and Oregon Administrative Rule 839-020-0030(3)(a) requires, for hourly employees like Plaintiff, Class, and Collective members, that hours worked in excess of forty per week be paid at a rate of one and one-half times the hourly rate for the number of hours worked in excess of forty. Defendants' conduct further violated and continues to violate Oregon meal period statutes, Oregon's requirement that all regular wages be paid on established paydays, Oregon's requirement that all wages be paid upon separation of employment, and Oregon's prohibition on unlawful deductions from wages.

6.7.    Defendants' conduct violated and continues to violate the FLSA and Oregon's overtime and other wage statutes, meal period statutes, unlawful deduction from wages statute, and final pay statute. Because Defendants' conduct violated and continues to violate the FLSA and Oregon statutory wage and hour laws, Defendants are liable for the unpaid wages, penalty wages,

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT            -4-

other statutory penalties as provided by federal and Oregon law, attorneys' fees and costs, as well as pre- and post-judgment interest.

7.8.    Therefore, Plaintiff files this action to recover on behalf of herself, Class, and Collective members, all unpaid wages, compensation, penalties, and other damages owed to them under federal and state law, individually and, as a collective action under 29 U.S.C. § 216(b), as well as federal law and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the systematic wage-theft sweeping practices which Defendants have used to deprive has integrated into its time tracking and payroll policies and which have deprived Plaintiff and Class/Collective, Class, and Collective members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

8.9.    The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Oregon state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendants operate properties in this district, employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES & COVERAGE

10.    Plaintiff Tina Alonzo Estrada is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of Oregon.  Plaintiff was employed as

a Certified Nurse's Assistant by Avalon Health Care at their Medford, Oregon and Grants Pass, Oregon locations from approximately September 2020 to approximately December 2020. Plaintiff was placed at these facilities through Defendants Staffers LLC, a healthcare staffing agency.

11.    The putative Class and Collective members are individuals who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to, Registered Nurse's Assistant, Registered Nurses, Caretakers, and other similar hourly and non-exempt employees throughout the United States within the relevant time periods as defined herein.

12.    Plaintiff is informed, believes, and thereon alleges that Defendant Avalon Health Care Hearthstone LLC is a limited liability company with its principal place of business in Utah, and is registered to do business in Oregon.  Avalon Health Care Hearthstone LLC has appeared in this action and may be served through counsel.

13.    Plaintiff is informed, believes, and thereon alleges that Defendant Avalon Health Care Royale Gardens LLC is a limited liability company with its principal place of business in Utah, and is registered to do business in Oregon.  Avalon Health Care Royale Gardens LLC has appeared in this action and may be served through counsel.

14.    Plaintiff is informed, believes, and thereon alleges that Defendant Staffers LLC is a limited liability company with its principal place of business in Utah, and is registered to do business in Oregon. Staffers LLC has appeared in this action and may be served through counsel.

15.    Plaintiff is informed, believes, and thereon alleges that Defendants Avalon Health Care Royale Gardens LLC and Avalon Health Care Hearthstone LLC own skilled nursing and senior health facilities throughout the State of Oregon. Plaintiff is informed, believes, and thereon alleges that Defendant Staffers LLC provides staffing services to healthcare organizations throughout the State of Oregon. Plaintiff is informed, believes, and thereon alleges that Defendants

employ putative Collective and Class members, among other hourly employees, throughout the State of Oregon.

16.    Plaintiff is informed, believes, and thereon alleges that Defendant Avalon Health Care, Inc. d/b/a Avalon Health Group is a Utah corporation with is principal place of business in Utah and regularly and systematically transacts business in Oregon through its wholly-owned agent-subsidiaries, Avalon Health Care Hearthstone LLC, Avalon Health Care Royale Gardens, LLC, and Staffers, LLC. Avalon Health Care, Inc. d/b/a Avalon Health Group has appeared in this action and may be served through counsel.

17.    Plaintiff is informed, believes, and thereon alleges that Defendant Avalon Health Care Management, Inc. ("Avalon Management") is a Utah corporation with is principal place of business in Utah and regularly and systematically transacts business in Oregon through its management of Avalon Health Care Management of Oregon, LLC, Avalon Health Care Hearthstone LLC, Avalon Health Care Royale Gardens, LLC, and Staffers, LLC. According to the Utah Secretary of State, Avalon Management may be served through its registered agent for service of process: Legalinc Corporate Services Inc., 299 S. Main Street Suite 1300, Salt Lake City, Utah 84111

18.    Plaintiff is informed, believes, and thereon alleges that Defendant Avalon Health Care Management of Oregon, LLC ("Avalon Oregon") is a Utah limited liability company is principal place of business in Utah and regularly and systematically transacts business in Oregon through its management and operation of various "Avalon" branded health care facilities, such a as Avalon Health Care Hearthstone LLC, Avalon Health Care Royale Gardens, LLC. According to the Oregon Secretary of State, Avalon Oregon may be served through its registered agent for

service of process: Legalinc Corporate Services Inc., 2951 NW Division Street, Suite 110-B, Gresham, Oregon 97030.

19.    Plaintiff is informed, believes, and thereon alleges that Defendant People 2.0 Global, LLC is a Delaware limited liability company with its principal place of business in Pennsylvania.  People 2.0 Global, LLC regularly and systematically transacts business in Oregon through staffing various "Avalon" branded health care facilities with hourly-paid patient-care employees. According to the Oregon Secretary of State, People 2.0 Global, LLC may be served through its registered agent for service of process: Corporation Service Company, 1127 Broadway Street NE, Suite 310, Salem, Oregon. 97301.

16.    Plaintiff is informed, believes, and thereon alleges that Defendant People 2.0 North America LLC is a Florida limited liability company with its principal place of business in Pennsylvania.  People 2.0 North America LLC regularly and systematically transacts business in Oregon alongside Defendant People 2.0 Global, LLC through staffing various "Avalon" branded health care facilities with hourly-paid patient-care employees. According to the Oregon Secretary of State, People 2.0 North America LLC may be served through its registered agent for service of process: Corporation Service Company, 1127 Broadway Street NE, Suite 310, Salem, Oregon. 97301.

17.20.  At all material times, Defendants have been an employer of Plaintiff and putative Collective and Class members within the meaning of ORS § 653.010 and 29 U.S.C. § 203(d)..

21.     Plaintiff and putative Collective and Class members were and are employees of Defendants within the meaning of ORS § 653.010 and 29 U.S.C. § 203(e)..

18.22.  Defendants comprise a joint employer and/or an integrated enterprise under the FLSA and Oregon law.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT        -8-

23.    The Avalon Defendants ~~Avalon Health Care Royale Gardens LLC, Avalon Health Care Hearthstone LLC and Avalon Health Care, Inc. d/b/a Avalon Health Group~~, according to their websites, operate and/or manage a litany of skilled nursing and senior care facilities, and employ putative Collective and Class members throughout the Western United States as well as Hawaii. Defendant Staffers LLC, according to its website, provides staffing solutions to healthcare facilities throughout the State of Oregon. According to their website, Defendants People 2.0 Global, LLC and People 2.0 North America LLC provide staffing services on a global scale.

24.    Defendants jointly employed Plaintiff and putative Class and Collective Members, and are jointly liable for the wrongs alleged herein. Defendants  share common ownership, share employment policies and procedures, including those that are the subject of this lawsuit, and they jointly supervise and/or control the work schedule and other conditions of employment, including employee discipline, for Plaintiff and putative Class and Collective members.


**FACTS**

~~19.~~25.  Defendants operate and staff Avalon Health Care Hearthstone LLC in Medford, Oregon and Avalon Health Care Royale Gardens LLC in Grants Pass, Oregon. Defendants also operate and staff other Avalon facilities in California, Hawaii, Nevada, Utah, and Washington. These facilities offer skilled nursing and senior care to patients and residents in Oregon.

~~20.~~26.   Defendants employ approximately 50 employees at their Grants Pass location, approximately 60 employees at their Medford location, and approximately 7000 employees across all Avalon Health Care facilities.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT        -9-

21.27.  Plaintiff was employed by Defendants as a Certified Nurse's Assistant at the Avalon Health Care Hearthstone location in Medford, Oregon and the Avalon Health Care Royale Gardens location in Grants Pass, Oregon during the relevant time periods.

22.28.  Plaintiff worked as a non-exempt Certified Nurse's Assistant for Defendants from September 2020 through approximately December 2020 after being placed by Defendants Staffers LLC. She typically earned $21.00 per hour, or $30.00 per hour when she worked on a COVID-19 care floor.

23.29.  Plaintiff typically worked five (5) shifts per week with each shift lasting from nine (9) to twelve (12) hours each. Plaintiff typically worked forty-five (45) to sixty (60) hours every workweek and did so throughout her tenure. Because of this schedule, any time Plaintiff spent working through unpaid meal/rest periods and off-the-clock typically resulted in unpaid working time in excess of forty (40) hours per week.

24.30.  As a Certified Nurse's Assistant, Plaintiff's primary responsibilities included: providing patient care and monitoring, assisting nurses, doctors, and other hospital personnel, administering certain medical treatments and preparations for patients, interacting with other hospital employees and visitors, completing charting and other paperwork, and responding to emergency situations. Plaintiff was subjected to Defendants' timekeeping, pay, rest break, and overtime policies and practices. Plaintiff was routinely subject to interruptions during attempted meal breaks, and in fact was interrupted or denied meal breaks on a regular basis.

25.31.  Defendants do not actively monitor or otherwise ensure that patient care workers like Plaintiff, Class, and Collective members receive compliant meal breaks under Oregon law.

26.32.  Putative Class and Collective members were and are employed by Defendants and performed work materially similar to Plaintiff.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -10-

27.33.  Putative Class and Collective members work(ed) schedules materially similar to Plaintiff such that any time they spent working through unpaid meal/rest periods and off-the-clock typically resulted in unpaid working time in excess of forty (40) hours per week.

28.34.  Plaintiff, Class, and Collective members perform(ed) their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

29.35.  Plaintiff, Class, and Collective members are/were required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

30.36.  At the end of each pay period, Plaintiff, Class, and Collective members receive(d) wages from Defendants that are/were determined by common systems and methods under Defendants' selection and control.

31.37.  Defendants pay/paid Plaintiff, Class, and Collective members on an hourly rate basis.

32.38.  Throughout the relevant time period, Defendants expect(ed) and require(ed) Plaintiff, Class, and Collective members to be available to work during their entire shifts, even during any attempted meal breaks.

33.39.  Under normal circumstances, healthcare facilities providing patient care are supposed to be adequately staffed so that employees can take meal and rest breaks to which they are entitled while other employees temporarily relieve those workers during that time. However, Plaintiff, Class, and Collective members are/were unable to take regular, bona fide meal breaks because the Defendants' facilities are critically understaffed.  As a result, Plaintiff, Class, and Collective Members are/were therefore unable to take compliant meal breaks while providing proper supervision and medical care. Indeed, Defendants do not properly or adequately monitor or

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -11-

otherwise ensure that Plaintiff, Class, and Collective receive fully-compliant meal periods of 30-minutes during which they are to be relieved of all duties.

34.40.  When Plaintiff and putative Collective and Class Members experience(ed) untimely or interrupted meal breaks, or do/did not receive these breaks at all, Defendants fail(ed) to pay them the required pay.

35.41.  Further compounding the injury to employees, Defendants employ(ed) a policy and/or practice of automatically deducting thirty minutes of pay from Plaintiff's and putative Collective and Class members' time for meal breaks, even when employees were too busy to take one. Plaintiff and putative Collective and Class members are/were unable to readily fix their pay when 30 minutes has been illegally and automatically deducted from their time.

42.    This results in Defendants' non-exempt, hourly employees performing off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendants, in violation of the FLSA and Oregon law. Upon information and belief, putative Class and Collective members across Defendants' facilities are subject to these violative policies and/or practices.

43.    Additionally, Defendants require Plaintiff and putative Collective and Class to use their personal cell phones to, among other things, —clock in and clock out when working for Defendants. However 29 C.F.R. § 531.35 provides that overtime wages must be paid "free and clear" That is, when it is a requirement of the employer that the employee must provide tools of the trade – use as the use of their personal cell phone –  which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. 29 C.F.R. § 531.35

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT        -12-

36.44.  Because Defendants require Plaintiff and putative Collective and Class to use their personal cell phones to, for example, clock in and clock out when working for Defendants but do not reimburse them during any workweeks where overtime is worked, they have violated the FLSA. *See id.*

37.45.  When an employee's work is more than eight hours, the employer must provide the employee the number of meal periods and rest periods listed in Appendix A of Oregon Administrative Rule 839-020-0050. OAR Chapter 839 requires employers to provide employees with a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties for each work period of not less than six or more than eight hours. If an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period.

38.46.  Defendants have employed hundreds of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

39.47.  Defendants' method of denying Plaintiff and Class members' meal breaks and payment for all hours worked was willful, and was not based on a good faith and reasonable belief that their conduct complied with Oregon and federal law.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40.48.  Plaintiff brings the first claim (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and two proposed collective actions a proposed collection of similarly situated employees, defined as:

> **COLLECTIVE 1:All current and former hourly, non-exempt employees with patient care responsibilities, including but not limited to nurses, nursing aides, nursing assistants, technicians, non-exempt therapists, or other employees with similar patient care job duties employed by Defendants through Staffers,**

**LLC/People 2.0** throughout the United States from May 5, 2018 until resolution of this action. (the "-Staffing Collective").

**COLLECTIVE TWO: All current and former hourly, non-exempt employees with patient care responsibilities, including but not limited to RNs, LPNs, and therapists, who were employed directly by any Avalon entity throughout the United States from May 5, 2018 until resolution of this action and not party to or subject to a collective bargaining agreement (the "Direct Hire Collective").[1]**

41.49.  Plaintiff individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

42.50.  Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

43.51.  The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

44.52.  Plaintiff is representative of the members of the Collective and is acting on behalf of their interests as well as her own interests in bringing this action.

---

[1] This definition explicitly excludes nursing assistants, CNAs, medication aides, social services assistants, maintenance assistants, central supply, diet aides, and cooks who were subject to a collective bargaining agreement during the relevant statutory periods.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -14-

45.53.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

46.54.  The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

47.55.  Plaintiff contemplates providing a notice or notices to the Collective, as approved by the Court, to be delivered via United States Mail, email, and text message,. The notice or notices shall, among other things, advise each of the recipients that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## RULE 23 CLASS ACTION ALLEGATIONS

48.56.  Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Classes that Plaintiff seeks to represent is defined as follows:

> **CLASS ONE:  All current and former hourly, non-exempt employees with patient care responsibilities, including but not limited to nurses, nursing aides, nursing assistants, technicians, non-exempt therapists, or other employees with similar patient care job duties employed by Defendants through Staffers LLC/People 2.0 in Oregon at any from May 5, 2015 until final resolution of this action. (the "Staffing Oregon Class").**

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -15-

**CLASS TWO: All current and former hourly, non-exempt employees with patient care responsibilities, including but not limited to RNs, LPNs, and therapists, who were employed directly by any Avalon entity throughout the Oregon from May 5, 2015 until resolution of this action and not party to or subject to a collective bargaining agreement (the "Oregon Direct Hire Class ").[2]**

~~49.~~57.  This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

~~50.~~58.  Numerosity:  The potential members of the class~~es~~ are so numerous that joinder of all the members of each ~~the~~ Class is impracticable. Plaintiff is informed and believes that the number of total Class members exceeds 100. This volume makes bringing the claims of each individual member of the class~~es~~ before this Court impracticable. Likewise, joining each individual member of the Oregon Staffing Class and the Oregon Direct Hire Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Oregon Staffing Class and the Oregon Direct Hire Class ~~Oregon Class~~ will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Oregon Staffing Class, the Oregon Direct Hire Class, ~~Oregon Class~~ and Defendants.

~~51.~~59.  Commonality:  There are questions of law and fact common to Plaintiff and the Oregon Staffing Class and the Oregon Direct Hire Class ~~Oregon Class~~ that predominate over any questions affecting only individual Class members ~~of the Class~~. These common questions of law and fact include, but are not limited to:

---

[2] This definition explicitly excludes nursing assistants, CNAs, medication aides, social services assistants, maintenance assistants, central supply, diet aides, and cooks who were subject to a collective bargaining agreement during the relevant statutory periods.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -16-

i. Whether Defendants fails to pay Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members for all hours worked;

ii. Whether Defendants pays Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members on an hourly basis;

iii. Whether Defendants fails to keep accurate records of employees' hours of work and wages;

iv. Whether Defendants fails to pay Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members at their regular rate of pay for all hours worked that were not in excess of forty hours in a workweek;

v. Whether Defendants fails to pay Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members at an overtime rate for all hours worked in excess of forty in a workweek;

vi. Whether Defendants fails to authorize and permit Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members to take a bona fide and uninterrupted meal break to which they are entitled under Oregon law;

vii. Whether Defendants fails to compensate Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members for all work performed off-the-clock at their regular rate of pay for hours worked that were not in excess of forty in a workweek in violation of Oregon law;

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -17-

viii.   Whether Defendants fails to compensate Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members for work performed off-the-clock at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek in violation of Oregon law;

ix.   Whether Defendants' policy and practice of subjecting members of both Oregon Classes Class members to unpaid meal breaks that are not bona fide, off-duty, continuous, and uninterrupted violates Oregon law;

x.   Whether Defendants' unpaid meal period policy and practice of automatic time deductions for meal periods that are not bona fide, off-duty, continuous, and uninterrupted meal periods violates Oregon law as such breaks are not bona fide, off-duty, continuous, and uninterrupted meal periods;

xi.   Whether Defendants' policy and practice of failing to pay Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members all wages due upon the end of their employment violates Oregon law;

xii.   Whether Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members are entitled to civil and statutory penalties;

xiii.   Whether Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members are entitled to liquidated or penalty wage damages;

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT    -18-

xiv.  The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Oregon Classes as alleged herein; and

xv.  Whether Defendants' actions were "willful" as that term is understood in Oregon wage and hour law.

52.60.  Typicality:  Plaintiff's claims are typical of the claims of the Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class.

53.61.  Adequacy of Representation:  Plaintiff seeks compensatory and equitable relief for the past and prospective state law violations that were perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

54.62.  Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

55.63.  In the alternative, the Classes may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

56.64.  If each individual Class member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Classes with Defendants' vastly superior financial legal resources.

57.65.  Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

### FIRST CLAIM FOR RELIEF
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(On Behalf of Plaintiff and the Collective)**

58.66.  Plaintiff realleges and incorporates the foregoing paragraphs as though full set forth herein.

59.67.  The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. 207(a)(1).

60.68.  At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

61.69.  Defendants are covered employers required to comply with the FLSA's mandates.

62.70.  Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

63.71.  Plaintiff and the Collective are victims of a uniform and company-wide compensation policy of not paying for hours worked by (a) denying Plaintiff and Collective members t bona fide hrough automatically deducted meal periods; and (b) failing to reimburse them for costs incurred by the use of their personal cell phones. Theseis uniform policies and/or practicespolicy, in violation of the FLSA, haveas been applied to current and former non-exempt, hourly employees of Defendants, in violation of the FLSA.

64.72.  Plaintiff and the Collective are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

65.73.  Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

66.74.  As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

67.75.  Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

### SECOND CLAIM FOR RELIEF
### VIOLATIONS OF ORS § 653.261 AND OAR 839-020-0030
### FAILURE TO PAY OVERTIME
**(On Behalf of Plaintiff and Oregon Staffing Class and the Oregon Direct Hire Class Oregon Class Members)**

76.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

68.77.  The Oregon Staffing Class and the Oregon Direct Hire Class are collectively referred to below as the "Oregon Class."

69.78.  Pursuant to ORS § 653.261, Defendants are required to pay Plaintiff and Oregon Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

70.79.  Plaintiff and Oregon Class members are entitled to recover unpaid overtime under Oregon law for unpaid meal breaks during which they are interrupted, on-duty, or otherwise subject to interruption.

71.80.  Plaintiff and Oregon Class members are also entitled to declaratory relief stating Defendants violated the statute, and continue to violate the statute, by incorporating and continuing to utilize the unpaid meal break automatic time deduction policy as described above, during weeks in which Plaintiff and Oregon Class members work(ed) at least 40 hours.

72.81.  Plaintiff and Oregon Class members who are within the applicable statute of limitations are entitled to collect the difference between wages received then due and the overtime

wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. *See* ORS § 652.200; ORS § 82.010.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF ORS § 652.120 AND OAR 839-020-0030**
**FAILURE TO PAY ALL REGULAR WAGES OWED**
**(On Behalf of Plaintiff and Oregon Class Members)**

~~73.~~82.  Plaintiff incorporates all allegations contained in the foregoing paragraphs.

~~74.~~83.  Oregon law requires that "every employer shall pay all employees the wages due and owing to them" on established paydays. ORS § 652.120. As such, employers are required to pay all regular wages owed. Based on the allegations discussed above, in addition to the overtime wages sought, Plaintiff and the putative Class Members are entitled to recover all unpaid regular wages owed during the relevant time period to the extent same does not duplicate overtime wages owed.

~~75.~~84.  Oregon wage-and-hour regulations define the "regular rate" of pay as "a regular hourly rate . . . In the absence of an express agreement between the employer and the employee which specifies the hourly rate, the regular rate is determined by dividing the total remuneration for employment in any work week [] by the total number of hours actually worked in that work week for which such remuneration was paid." OAR 839-020-0030(2)(b).

~~76.~~85.  A claim for unpaid regular wages is subject to a six-year limitations period. *See* ORS § 12.080(1).

~~77.~~86.  Plaintiff and Oregon Class Members seek to recover all unpaid regular wages owed resulting from non-compliant unpaid meal breaks to the extent same does not duplicate an award of overtime wages owed.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT         -23-

~~78.~~87.  Plaintiff and Oregon Class members who are within the applicable statute of limitations are entitled to collect the difference between wages received then due and the regular wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. *See* ORS § 652.200; ORS § 82.010

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF ORS § 652.610**
**UNLAWFUL DEDUCTIONS FROM WAGES**
**(On Behalf of Plaintiff and Oregon Class members)**

~~79.~~88.  Plaintiff incorporates all allegations contained in the foregoing paragraphs.

~~80.~~89.  Defendants deduct(ed) wages from Plaintiff and Oregon Class members for unidentified deductions, namely for deducting wages in the form of failing to compensate Plaintiff and Oregon Class members for "off-the-clock" work performed during unpaid meal periods. Said withholdings were unauthorized and in violation of ORS § 652.610.

~~81.~~90.  As a result of Defendants' wrongful withholdings, Plaintiff and Oregon Class members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant to ORS § 652.615. Defendants are liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS 12.080(1).

~~82.~~91.  Because of Defendants' failure to pay Plaintiff's and Oregon Class members' wages within 48 hours after they were due, Plaintiff and Oregon Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

~~83.~~92.  Further, because of Defendants' wrongful withholding from Plaintiff's and Oregon Class members' wages,  Plaintiff and Oregon Class members are entitled to recover costs,

disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

### FIFTH CLAIM FOR RELIEF
### VIOLATIONS OF ORS § 652.140
### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT
### (On Behalf of Plaintiff and Class Members)

84.93.  Plaintiff incorporates all allegations contained in the foregoing paragraphs.

85.94.  ORS § 652.140 requires that, "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." *See* ORS § 652.140(1).

86.95.  ORS § 652.140 further requires that individuals who provide at least 48 hours' notice of an intent to quit must immediately be paid all wages earned and unpaid at the time their resignation becomes effective.  If the employee quits with less than 48 hours' notice, the employer must pay all wages earned and unpaid within five days."

87.96.  ORS § 652.150 states that, "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS § 652.140 . . . , then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. *See* ORS § 652.150(1). Penalty wages are not to continue for more than 30 days from the due date. *See* ORS § 652.150(1)(a).

88.97.  Pursuant to ORS § 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages. *See, e.g., Makaneole v. Solarworld Indus. Am., Inc.*, No. 3:14-CV-1528-PK, 2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), *report and recommendation adopted*, No. 3:14-CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid

regular wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS § 12.080(1)).

89.98.  As described above, Defendants enacted a policy that deprives Plaintiff and Oregon Class members compensation for all hours worked, including unpaid meal breaks and work duties performed "off-the-clock." As a result, Defendants failed to pay Plaintiff and Oregon Class members all wages due and owing after separation from employment in violation of ORS § 652.140.

90.99.  In failing to pay all wages due upon separation of employment, Defendants knew that Plaintiff and Oregon Class members had ended and possessed information regarding the hours worked and amount of wages due Plaintiff and Oregon Class members at the date of termination. Defendants was capable of paying all wages earned and due at termination.

91.100.      Defendants' failure to make payment of Plaintiff's and Oregon Class members' final wages when due was willful and continued for not less than 30 days.

92.101.      On June 28, 2021, Plaintiff's attorney sent written notice of the wage claim in the form of the First Amended Complaint to Defendants by and through their known counsel of record in the form of a Waiver of Service of Summons. *See* Dkt. 16. Defendants acknowledged receipt of that First Amended Complaint. Defendants, however, failed to pay all wages due within twelve (12) days of receipt of Plaintiff's First Amended Complaint.

93.102.      Because of Defendants' failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $5,040.00 and up to $7,200.00,[3] pursuant

---

[3]      As a conservative calculation, Plaintiff's regular hourly rate of $21.00, multiplied by 8 hours per ORS § 652.150, multiplied by the maximum 30 days, which equals $5,040.00. If Plaintiff were to use her regular hourly rate for working on a COVID floor of $30.00 per hour, multiplied by 8 hours per ORS § 652.150, multiplied by the maximum of 30 days, the penalty wages would equal $7,200.00.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT      -26-

to ORS § 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

Likewise, Class members who ended their employment but were not fully compensated their total

wages due and owing are likewise due statutory penalty wages pursuant to ORS § 652.150.

94.103.       Because of Defendants' failure to pay Plaintiff's and Oregon Class

members' wages within the time required by law, Plaintiff and Oregon Class members are entitled

to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

95.104.       Plaintiff and Oregon Class members seek statutory wages pursuant to ORS

§ 652.150; plus costs, disbursements and attorney fees pursuant to ORS § 652.200; plus pre- and

post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

### SIXTH CLAIM FOR RELIEF
### VIOLATIONS OF OAR 839-020-0050
### MEAL BREAK VIOLATIONS
### (On Behalf of Plaintiff and Class members)

96.105.       Plaintiff incorporates all allegations contained in the foregoing paragraphs.

97.106.       Pursuant to OAR 839-020-0050, employees who have worked at least six

hours are entitled to a meal period of not less than thirty continuous minutes during which the

employee is relieved of all duties. *See* OAR 839-020-0050(2)(a). For shifts that last in excess of

14 hours, employees are entitled to a second thirty-minute meal period. *Id.* Except as otherwise

provided in the rule, if an employee is not relieved of all duties for 30 continuous minutes during

the meal period, the employer must pay the employee for the entire 30-minute meal period. *See*

OAR 839-020-0050(2)(b).

98.107.       Defendants implemented a policy and/or practice that required that

automatically deducts 30-minutes from Plaintiff and Oregon Class members to take an unpaid 30-

minute meal period ' time for each shift worked, even though Plaintiff and Oregon Class members

remain on-duty, subject to interruption, and are often interrupted during their meal breaks.

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT        -27-

99.108.　　Because Plaintiff and Oregon Class members' meal breaks are subject to interruption, are on duty, are not continuous, and are not relieved of all duties during the break, Defendants' unpaid meal period policy ~~by automatic time deduction~~ was and is in violation of OAR 839-020-0050, and Plaintiff and Oregon Class members should be reimbursed for back wages for the entire 30 minutes from each shift at the appropriate rate, including at their regular rates of pay and their proper overtime rates when applicable.

100.109.　　Plaintiff is further entitled to declaratory relief that Defendants' past and ongoing meal period policies are in violation of the Oregon meal break requirements.

101.110.　　Defendants' violation of the Oregon meal break rules was willful, as that term is used in ORS § 652.150. Defendants' violation was willful because the unpaid meal period policies were and are implemented purposefully and not as a product of inadvertence.

102.111.　　Plaintiff and Oregon Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615 and/or § 652.200, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

## **RELIEF SOUGHT**

103.112.　　Plaintiff and Oregon Class members are entitled to recover their regular wage and unpaid overtime wage compensation.

104.113.　　Plaintiff and Oregon Class members are entitled to recover all back wages for improper deductions of wages under ORS § 652.610 for compensable time that was otherwise deducted from their pay, including uncompensated time worked "off-the-clock."

~~105.~~114.    Plaintiff and Oregon Class members are entitled to recover back wage penalties for meal period violations for 30 minutes at their regular hourly rate of pay for each shift worked.

~~106.~~115.    Plaintiff and Oregon Class members are entitled to actual damages or civil penalties of $200 per violation, whichever is greater, for each violation of ORS § 652.610 (unlawful deduction from wages).

~~107.~~116.    Plaintiff and Oregon Class members are entitled to recover statutory civil penalty damages for Defendants' failure to pay all wages owed at the termination of employment, calculated as the workers' regular rate of pay, multiplied by eight hours, multiplied by 30 days.

~~108.~~117.    Plaintiff and Oregon Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

## **PRAYER**

~~109.~~118.    For these reasons, Plaintiff and Oregon Class members respectfully request that judgment be entered in their favor awarding the following relief:

i.   An order preventing Defendants from retaliating in any way against Plaintiff and any Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii.   An order certifying this case as a collective action under § 216(b) of the FLSA;

iii.   An order certifying this case as a class action under Rule 23 of the Federal Rules of Civil Procedure;

iv.   An order finding that Defendants violated the FLSA and Oregon law;

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT        -29-

v.   All unpaid regular wages due under the FLSA and Oregon law;

vi.   All unpaid overtime wages due under the FLSA and Oregon law;

vii.   All statutory penalty wages due under Oregon law;

viii.   All actual damages or civil penalties of $200 per violation, whichever is greater, due under ORS § 652.610;

ix.   All attorneys' fees, costs and disbursements as provided by the FLSA and Oregon law;

x.   Pre- and post-judgment interest in the amount of 9% per annum as provided by Oregon law; and

xi.   Such other and further relief to which Plaintiff and Class members may be entitled at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff, Class, and Collective are entitled to a jury.

Respectfully submitted,

Dated: March 10, 2023~~March 10, 2023~~~~March 10, 2023~~~~March 9, 2023~~.

/s/ Draft
**BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP**
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com

*/Draft_____*

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -30-

Carolyn C. Cottrell (*pro hac vice*)
David C. Leimbach (*pro hac vice*)
Samantha A. Smith (pro hac vice)
Robert E. Morelli, III (pro hac vice)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street. Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sasmith@schneiderwallace.com
rmorelli@schneiderwallace.com


Dana L. Sullivan, OSB No. 944834

*Attorneys for Plaintiff and the*
*Putative Collective & Class Members*


Dana L. Sullivan

Oregon SBN 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell
(to be admitted *pro hac vice*)
Cal. SBN 166977
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell St, Suite 1400
Emeryville, California 94608
Tel:: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
*Lead Attorney for Plaintiff*

Michael K. Burke (*pro hac vice*)
William M. Hogg
(to be admitted *pro hac vice*)
Tex. SBN 24087733; Cal. SBN 338196
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
mburke@schneiderwallace.com
whogg@schneiderwallace.com
*Of Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2023March 10, 2023March 10, 2023March 9, 2023 the foregoing was filed and served upon all opposing parties, as indicated below, via the Court's CM/ECF system.

Erin O. Sweeney
David G. Hosenpud,
Heather St.Clair,
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
*Attorneys for Defendants*

                                        */s/ Draft*
        */*

FOURTH AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT          -32-