IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVALON HEALTH CARE HEARTHSTONE LLC; AVALON HEALTH CARE ROYALE GARDENS LLC; STAFFERS LLC; and AVALON HEALTH CARE, INC. d/b/a AVALON HEALTH CARE GROUP,<br><br>Defendants. | Case No. 1:21-cv-00688-CL<br><br>**OPINION AND ORDER** |

**CLARKE**, United States Magistrate Judge:

This case comes before the Court on Plaintiff's motion for leave to file an amended complaint (ECF No. 127). For the reasons that follow, Plaintiff's motion is GRANTED.

1 – Opinion and Order

## LEGAL STANDARD

Rule 15 of the Federal Rule of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. University Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## DISCUSSION

Plaintiff seeks to amend her complaint to name four additional Defendants: Avalon Health Care Management, Inc. ("Avalon Management"); Avalon Health Care Management of Oregon, LLC; People 2.0 Global, LLC; and People 2.0 North America LLC. *See* Pl.'s Mot. Amend 2, ECF No. 127 ("Pl.'s Mot."). Plaintiff also seeks to amend her complaint to assert an additional claim under the FLSA for unlawful, de facto kickbacks on overtime wages. *See id.*

2 – Opinion and Order

Defendants argue: (1) Defendants would be prejudiced by the amendment; (2) Plaintiff unduly delayed her request to file a fifth complaint; (3) Plaintiff's proposed amendments are futile; and (4) Plaintiff's lack of diligence is not good cause for her delay. *See* Defs.' Resp. 11–21, ECF No. 133.

First, the Court finds that Plaintiff has not acted with undue delay or bad faith. The Court previously set a deadline of March 1, 2023, for the parties to complete conditional certification discovery. *See* Order, ECF No. 80. Plaintiff represents to the Court that Plaintiff recently completed depositions in late February that led Plaintiff to uncover evidence showing that the presently named Defendants and the proposed Defendants jointly employed Plaintiff and the putative class. Pl.'s Mot. 3–4, ECF No. 127. Defendants emphasize that they have filed two summary judgment motions "[b]ased on the robust discovery Defendants have engaged in[.]" Defs.' Resp. 10, ECF No. 133. However, given that the Court has only set deadlines for the parties' conditional certification discovery and Plaintiff's conditional certification motion, the Court cannot say Plaintiff has acted with undue delay or bad faith by seeking to amend her complaint only days after conditional certification discovery ended and before Plaintiff even filed her conditional certification motion.

Second, the Court cannot say that amendment will be futile. Defendants argue that "Plaintiff fails to state a legally cognizable claim under the FLSA" and highlight that they have filed a summary judgment motion seeking to dismiss Plaintiff's FLSA claim. Defs.' Resp. 15, ECF No. 133. However, Defendants can appropriately raise these concerns in dispositive motions or by responding to Plaintiff's motion for conditional certification. For the purpose of Plaintiff's motion to amend, the Court cannot agree with Defendants' position that amendment is futile.

3 – Opinion and Order

Lastly, the Court finds that Defendants will not suffer undue prejudice by virtue of the Court permitting the amendment. As explained, this case is at the conditional certification stage. The parties have yet to brief class certification or conduct discovery on the merits of Plaintiff's claims. The Court will grant Defendants leave to supplement their summary judgment motions should they find it necessary. The Court can also grant Defendants additional time to respond to Plaintiff's conditional certification motion should they request it.

**ORDER**

For the reasons above, Plaintiff's motion for leave to file an amended complaint (ECF No. 127) is GRANTED. Plaintiff is ordered to file her amended complaint by May 1, 2023.

IT IS SO ORDERED and DATED this __28__ day of April, 2023.

MARK D. CLARKE
United States Magistrate Judge