Dana L. Sullivan (dana@baaslaw.com)
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Phone: (503) 974-5023; Fax: (971)230-0337

Carolyn H. Cottrell (ccottrell@schneiderwallace.com)
David C. Leimbach (dleimbach@schneiderwallace.com)
Robert E. Morelli, III (rmorelli@schneiderwallace.com)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100; Fax: (415) 421-7105

*Counsel for Plaintiff, Class, and Collective Members*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,<br>                              Plaintiff,<br>v.<br><br>AVALON HEALTH CARE HEARTHSTONE LLC; AVALON HEALTH CARE ROYALE GARDENS LLC; STAFFERS LLC; AVALON HEALTH CARE, INC. d/b/a AVALON HEALTH CARE GROUP; AVALON HEALTH CARE MANAGEMENT, INC.; AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC; PEOPLE 2.0 GLOBAL, LLC; AND PEOPLE 2.0 NORTH AMERICA LLC,<br>                              Defendants. | Case No. 1:21-cv-688-CL<br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT PEOPLE 2.0 GLOBAL, LLC'S AND DEFENDANT PEOPLE 2.0 NORTH AMERICA, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(REQUEST FOR ORAL ARGUMENT)** |

Plaintiff's Opposition to People's Motion to Dismiss
Page- 1
Case No. 1:21-cv-688-CL

**SCHNEIDER WALLACE
COTTRELL KONECKY  LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................6

II.   FACTS ....................................................................................................................6

III.  LEGAL STANDARD .............................................................................................8

IV.   ARGUMENT ........................................................................................................11

  A.   PLAINTIFF'S FAC ALLEGES SUFFICIENT FACTS AND LEGAL THEORIES TO
  ESTABLISH STANDING. .........................................................................................11

  B.   PLAINTIFF'S FAC ALLEGES SUFFICIENT FACTS AND LEGAL THEORIES TO SUPPORT
  HER CLAIMS AGAINST PEOPLE FOR PURPOSES OF FED. R. CIV. P. 12(B)(6). .................15

    i.   *Plaintiff's FAC Provides People with Fair and Adequate Notice of the
    Claims Against Them.* ........................................................................................*16*

  C.   PLAINTIFF'S UNPAID WAGE CLAIMS STATE CLAIMS ON WHICH RELIEF CAN BE
  GRANTED. ............................................................................................................17

  D.   PLAINTIFF'S WRONGFUL DEDUCTION CLAIM STATES A CLAIM ON WHICH RELIEF
  CAN BE GRANTED. ...............................................................................................19

  E.   PLAINTIFF'S FINAL PAY CLAIM STATES A CLAIM ON WHICH RELIEF CAN BE
  GRANTED. ............................................................................................................21

    i.   *Plaintiff is Entitled to Attorneys' Fees Related to Her Unpaid Wage,
    Unlawful Deduction, and Final Pay Claims Under ORS § 652.200.* ..................*21*

V.    CONCLUSION .....................................................................................................22

Plaintiff's Opposition to People's Motion to Dismiss
Page- 2
Case No. 1:21-cv-688-CL

**SCHNEIDER WALLACE**
**COTTRELL KONECKY  LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Acceptance Ins. Co. v. Am. Safety Risk Retention Grp., Inc.*,
   Civil No. 08cv1057-L(WMc), 2010 U.S. Dist. LEXIS 19117 (S.D. Cal. Mar. 3, 2010)..........12

*al-Kidd v. Ashcroft,*
   580 F.3d 949 (9th Cir. 2009) ............................................................................ 10, 15

*Aponte v. Mason Cnty. Fire Prot.  Dist. No 16,*
   No. 3:21-cv-05459-DGE, 2022 U.S. Dist.LEXIS  210766 (W.D. Wash. Nov. 21, 2022)........12

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..................................................................................... 8, 9, 17

*Babaian v. Dunkin' Brands Grp. Inc.,*
   2018 U.S. Dist. LEXIS 98673 (C.D. Cal. June 12, 2018)......................................................10

*Becerra v. Expert Janitorial, LLC,*
   181 Wn.2d 186 (2014)..........................................................................................13

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................... 9, 15, 16, 17

*Bonnette v. Cal. Health and Welfare Agency*,
   704 F.2d 1465 (9th Cir. 1983) .......................................................................13

*Carrico v. City and Cnty. of S.F.*,
   656 F.3d 1002 (9th Cir. 2011) ......................................................................10

*Conde v. Open Door Mktg., LLC,*
   223 F. Supp. 3d 949 (N.D. Cal. 2017) .................................................. 10, 12, 13

*Covelli v. Avamere Home Health Care LLC,*
   No. 3:19-CV-0486-JR,  2019 WL 5839301 (D. Or. Nov. 7, 2019)........................................16

*Delta Mechanical, Inc. v. Garden City Group, Inc.,*
   345 Fed.Appx. 232 (9th Cir. 2009)..........................................................................9

*Destfino v. Reiswig*,
   630 F.3d 952 (9th Cir. 2011) ..........................................................................17

Fed. R. Civ. P. 12.............................................................................................passim

*Gessele v. Jack in the Box, Inc.,*
   No. CV-10-960-ST, 2011 WL 1357437 (D. Or., Jan. 31, 2011)............................................18

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Griffin v. Sirva Inc.*,
    835 F.3d 283 (2d Cir. 2016) ................................................................14

*Guerrero v. Halliburton Energy Services, Inc.*,
    No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296  (E.D. Cal. Nov. 2, 2016) .........................18

*Keniston v. Roberts*,
    717 F.2d 1295 (9th Cir. 1983) ................................................................22

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2014) ...........................................................17, 18

*Leber v. Berkley Grp.*,
    No. 2:08-CV-01752-PMP-PAL, 2009 U.S. Dist. LEXIS 148472 (D. Nev. Dec. 31, 2009).....14

*Lemus  v. Timberland Apartments, L.L.C.*,
    No.  3:10-cv-01071-PK,  2011 U.S. Dist. LEXIS 151917 (D. Or. Dec. 21, 2011) .................12

*Lujan v. Defenders of Wildlife*,
    504 US 555 (1992)................................................................................10

*Mavrix Photographs, LLC v. Livejournal, Inc.*,
    873 F.3d 1045 (9th Cir. 2017) ................................................................15

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) .........................................................10, 16

*Nash v. Resources Inc.*,
    982 F.Supp. 1427 (D. Or. 1997) ..............................................................20

*Nissen v. Lindquist*,
    No. C-16-5093 BHS, 2017 U.S Dist. LEXIS 480 (W.D. Wash. Jan. 3, 2017) ......................16

*Olson v. United States*,
    No. 3:15-cv-02216-HZ, 2018 U.S. Dist. LEXIS 75574 (D.  Or.  Apr.  30,  2018) .................12

*Perez v. Wells Fargo and Co.*,
    2015 WL 1887354 (N.D. Cal. Apr. 24, 2015) ......................................................12

*Purdham v. Fairfax Cnty. Sch. Bd.*,
    637  F.3d  421 (4th  Cir.  2011) ................................................................12

*Sanchez v. Ritz Carlton*,
    No. CV 15-3484 PSG (PJWx), 2015 WL 5009659 (C.D. Cal. Aug. 17, 2015) ......................18

*Sears v. Blackwell's N.A., Inc.*,
    2005 WL 2663504 (D. Or. Oct. 18, 2005) ............................................................20

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Spokeo, Inc. v. Robins*,
  136 S.Ct. 1540 (2016) ...................................................................................................10

*Steel Co. v. Citizens for a Better Env't.*,
  523 U.S. 83 (1998) .........................................................................................................9

*Tan v. GrubHub Inc.*,
  171 F. Supp. 3d 998 (N.D. Cal. 2016) .......................................................................18

*Varsam v. Lab. Corp. of Am.*,
  120 F. Supp. 3d 1173 (S.D. Cal. 2015) ......................................................................18

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ......................................................................................9

*Watts v. Novak*,
  No. 1:22-cv-0512-MO, 2023 U.S. Dist. LEXIS 900 (D. Or. Jan. 3, 2023)...............9

<u>Statutes and Regulations</u>

29 C.F.R. § 791.2 ................................................................................................................13

29 U.S.C. § 203 .....................................................................................................................6

Fed. R. Civ. P. 8 ........................................................................................................8, 9, 16

Fed. R. Civ. P. 9 .................................................................................................................17

ORS § 652.140 ....................................................................................................................21

ORS § 652.200 ....................................................................................................................21

ORS § 652.610 .............................................................................................................19, 20

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## I.    INTRODUCTION

On April 28, 2023, this Court granted Plaintiff leave to amend her complaint to allege, among other things, claims against Defendants People 2.0 Global LLC and People 2.0 North America, LLC (jointly "People"). This amendment came about after deposition testimony revealed facts supporting People's status as a joint employer. Plaintiff's Fourth Amended Complaint ("FAC") is a detailed, thirty-one page pleading that comprehensively alleges the facts, claims, and legal theories pertinent to Plaintiff's claims against People. Nevertheless, People moved to dismiss the FAC.

The FAC makes clear that all Defendants, including People, jointly employed her and the Class and Collective members. The FAC alleges all Defendants were joint employers and/or part of a common enterprise due to their shared common ownership, shared employment policies and procedures, and joint supervision and control over employment conditions. The FAC clearly states that Plaintiff and Class and Collective members were required to work during unpaid meal periods and off-the-clock. Plaintiff alleges that she and Class/Collective Members typically worked 45-60 hours per week. Further, the FAC sufficiently alleges Plaintiff's entitlement to attorney's fees under the ORS.

As courts in Oregon and the Ninth Circuit have held time and time again in wage and hour cases, Plaintiff's allegations are more than sufficient to satisfy her notice pleading obligations under Rule 8 of the Federal Rules of Civil Procedure. Therefore, the Court should deny People's Motion.

## II.    FACTS

Plaintiff filed her FAC as a class and Fair Labor Standards Act ("FLSA") collective action against: (1) Avalon Health Care Hearthstone, LLC ("Hearthstone"); (2) Avalon Health Care

**SCHNEIDER WALLACE**
**COTTRELL KONECKY  LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Royale Gardens, LLC ("Royale"); (3) Avalon Health Care, Inc. d/b/a Avalon Health Care Group ("Avalon Group"); (4) Staffers LLC ("Staffers"); (5) Avalon Health Care Management, Inc. ("Avalon Management"); (6) Avalon Health Care Management of Oregon, LLC ("Avalon Management Oregon"); (7) People 2.0 Global, LLC ("People Global"); and (8) People 2.0 North America LLC ("People North America"). (FAC, ECF No. 127-1).

Plaintiff alleges that she was employed as a Certified Nurse's Assistant at Hearthstone and Royale facilities from approximately September 2020 to approximately December 2020. (*Id.*, ¶¶ 11, 28-29). She earned $21/hour, or $30/hour when she worked on a COVID-19 care floor. (*Id.*, ¶ 29). Hearthstone, Royale, Avalon Group, and Staffers own, operate, and/or manage skilled nursing and senior care facilities throughout the Western United States. (*Id.*, ¶¶ 16, 24). Staffers provides staffing solutions to healthcare facilities throughout Oregon and is a wholly owned agent-subsidiary of Avalon Group. (*Id.*) Hearthstone and Royale are also wholly owned agent-subsidiaries of Avalon Group. (*Id.*, ¶ 17). Avalon Oregon manages Hearthstone and Royale. (*Id.*, ¶ 19). Avalon Management manages Avalon Oregon, Hearthstone, Royale, and Staffers. (*Id.*, ¶ 18). People provide staffing services globally, including at "Avalon" branded facilities. (*Id.*, ¶¶ 20-24).

As such, Plaintiff alleged that "Defendants comprise a joint employer and/or an integrated enterprise under the FLSA and Oregon law." (*Id.*, ¶ 23). Plaintiff also alleged that "Defendants jointly employed Plaintiff and putative Class and Collective Members and are jointly liable for the wrongs alleged herein." (*Id.*, ¶ 25). Defendants share common ownership, share employment policies and procedures, including those that are the subject of this lawsuit, and they jointly supervise and/or control the work schedule and other conditions of employment, including employee discipline, for Plaintiff and putative Class and Collective members." (*Id.*) Plaintiff,

Class, and Collective members perform(ed) their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants. (*Id.*, ¶ 35). Plaintiff, Class, and Collective members are/were required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs. (*Id.*, ¶ 36). Additionally, "Plaintiff, Class, and Collective members receive(d) wages from Defendants that are/were determined by common systems and methods under Defendants' selection and control." (*Id.*, ¶ 37).

Plaintiff typically worked 45 to 60 hours per week and did so throughout her tenure. (*Id.*, ¶ 30). Putative Class and Collective Members work(ed) schedules materially similar to Plaintiff such that any time they spent working through unpaid meal/rest periods and off-the-clock typically resulted in unpaid working time in excess of 40 hours per week. (*Id.*, ¶ 34).

Defendants require Plaintiff and putative Class and Collective Members to be available to work during their entire shifts, even during meal breaks, and failed to pay them the required pay. (*Id.*, ¶¶ 2, 5, 39-42). Defendants have a systematic policy of requiring, suffering, and/or permitting employees to work during unpaid, 30-minute meal breaks. (*Id.*) Defendants received value of employees' work performed during unpaid meal periods while off-the-clock. (*Id.*, ¶ 5). This results in Defendants' non-exempt, hourly employees performing off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendants in violation of the FLSA and Oregon law. (*Id.*, ¶ 42).

## III.    LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As the Supreme Court reaffirmed in *Ashcroft v. Iqbal,* "the pleading standard Rule 8

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

announces does not require 'detailed factual allegations,'" though the complaint must offer more than just "a formulaic recitation of the elements of a cause of action." 556 U.S. 662, 668 (2009). Instead, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id.*

It is well established that the Court "is confined to the four corners of the Complaint in ruling on a motion to dismiss . . ." *Watts v. Novak*, No. 1:22-cv-0512-MO, 2023 U.S. Dist. LEXIS 900, at *9 (D. Or. Jan. 3, 2023).[1] Specific facts need not be pleaded; all that Rule 8 and Supreme Court precedent requires is the pleading "give[s] the defendant fair notice of what the claim is . . . and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Post- *Twombly* and *Iqbal*, the Ninth Circuit has made clear that granting a motion to dismiss is inappropriate where "[t]he factual content of the complaint and reasonable inferences therefrom are plausibly suggestive of a claim entitling [plaintiff] to relief." *Delta Mechanical, Inc. v. Garden City Group, Inc.*, 345 Fed. Appx. 232, 233 (9th Cir. 2009).

When considering a Rule 12(b)(1) motion to dismiss for lack of standing, a plaintiff need only show that the facts alleged, **if proved**, would confer standing. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003) (emphasis added) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998)). To establish standing, a plaintiff must show: (1) injury in fact, (2) causation, and (3) redressability. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547

---

[1] Despite this black-letter law, People repeatedly refer to extraneous materials as alleged justification for Fed. R. Civ. P. 12 dismissal, such as Plaintiff's deposition testimony. This is patently inappropriate on a Motion to Dismiss. Further, People refer to an alleged arbitration agreement with putative collective members who are not parties to this case, and thus consideration of such material is also inappropriate on a Motion to Dismiss.

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

(2016); *Lujan v. Defenders of Wildlife*, 504 US 555, 560-561 (1992). "When a plaintiff has alleged

sufficient facts of joint employment, the district courts have found standing to bring a FLSA claim

against both alleged employers." *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 965 (N.D.

Cal. 2017). Put alternatively, when addressing standing, courts look to the harm alleged. *Carrico*

*v. City and Cnty. of S.F.*, 656 F.3d 1002, 1006 (9th Cir. 2011) (noting that, at the pleadings stage,

the standing analysis is based "on the allegations of the . . . complaint, which we accept as true.");

*Babaian v. Dunkin' Brands Grp. Inc.,* 2018 U.S. Dist. LEXIS 98673 at *6 (C.D. Cal. June 12,

2018) (when the defendant seeks to dismiss for a "want of standing . . . the trial . . . court[] must

accept as true all material allegations of the complaint and must construe the complaint in favor of

the complaining party.").

When considering a Rule 12(b)(6) motion, the Ninth Circuit has explained that the trial

court proceeds "accepting as true all facts alleged in the complaint, and drawing all reasonable

inferences in favor of the plaintiff." *al-Kidd v. Ashcroft*, 580 F.3d 949, 975 (9th Cir. 2009) (*rev'd*

*on other grounds,* 563 U.S. 731). Dismissal is appropriate "only where the complaint lacks a

cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

*Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The allegations in Plaintiff's FAC speak for themselves – they are facts concerning

Plaintiff's experience working for Defendants. These facts, when taken as true, establish that

Plaintiff has standing and support cognizable claims for relief to survive a Motion to Dismiss.

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## IV.    ARGUMENT

### A. **Plaintiff's FAC Alleges Sufficient Facts and Legal Theories to Establish Standing.**

Plaintiff has sufficiently alleged a joint employment relationship for purposes of establishing standing under Fed. R. Civ. P. 12(B)(1). The crux of People's Motion to Dismiss is premised on the erroneous proposition that Plaintiff has not sufficiently alleged facts showing that People are joint employers and/or a common enterprise with the other Defendants. However, People are mistaken.

First, Plaintiff easily meets the pleading standard here **as applied to all Defendants**, and thus Plaintiff has alleged sufficient facts that, if proven, confer standing upon her as to all Defendants. Plaintiff's allegation that she and Class/Collective members were required to work during unpaid meal periods and while off-the-clock applies to **all** Defendants equally. (*See e.g.,* FAC, ECF No. 127-1, ¶ 1) ("This case implicates Defendants' longstanding policies and practices which fail to properly compensate non-exempt patient care workers for work during unpaid meal periods and for work performed while 'off-the-clock.'"). These allegations as to all Defendants equally establish: (1) injury in fact (unpaid wages); (2) causation (Defendants' policies and practices caused Plaintiff's unpaid wages; and (3) redressability (a favorable decision will redress Plaintiff's unpaid wages). On these allegations alone, Plaintiff's FAC specifically details how she and similarly situated employees were routinely required to work during unpaid meal breaks and while off-the-clock by all Defendants. Taking all allegations as true, as the Court must at this stage of the proceedings, Plaintiff alleges facts that, if proven, are sufficient to state a claim upon which relief can be granted and to confer standing.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Moreover, People's citations and references to Plaintiff's deposition are inappropriate. (MTD, ECF No. 192, pp. 4-6). First, "[m]atters which are not subject to judicial notice, such as, for example, correspondence, declarations, **and deposition transcripts are not considered on a Rule 12(b)(6) motion.**" *Acceptance Ins. Co. v. American Safety Risk Retention Group, Inc.*, Civil No. 08cv1057-L(WMc), 2010 U.S. Dist. LEXIS 19117, at *3 n. 2 (S.D. Cal. Mar. 3, 2010). Additionally, Plaintiff's subjective understanding of her employer is not controlling. *Lemus v. Timberland Apartments, L.L.C.*, No. 3:10-cv-01071-PK, 2011 U.S. Dist. LEXIS 151917, at *15 (D. Or. Dec. 21, 2011) ("Whether an entity is an employer under the FLSA is a question of law . . . "); *see also Olson v. United States*, No. 3:15-cv-02216-HZ, 2018 U.S. Dist. LEXIS 75574, at *17 (D. Or. Apr. 30, 2018) (" . . . whether the plaintiff is an employee is a question of law for the Court."); *Aponte v. Mason Cnty. Fire Prot. Dist. No 16*, 2022 U.S. Dist. LEXIS 210766, at *10 (W.D. Wash. Nov. 21, 2022) (*citing Purdham v. Fairfax Cnty. Sch. Bd.*, 637 F.3d 421, 428 (4th Cir. 2011)) ("Whether an individual is an employee for purposes of the FLSA is a question of law."). People's references to Plaintiff's deposition testimony are thus patently improper and do not change the fact she has standing to assert these claims.

People cite *Perez v. Wells Fargo and Co.*, 2015 WL 1887354, at *5 (N.D. Cal. Apr. 24, 2015) for the proposition that plaintiffs must allege that they were injured by each defendant. (People's MTD, ECF No. 192, p. 4). Plaintiff meets that burden here because she clearly asserts all causes of action against all Defendants equally.

Second, the FAC provides detailed facts showing that all Defendants were operating as joint employers and/or as a single enterprise in commerce, which is sufficient to establish standing. *See Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 965 (N.D. Cal. 2017) ("When a plaintiff

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105

has alleged sufficient facts of joint employment, the district courts have found standing to bring a

FLSA claim against both alleged employers.")

Where an employee performs work benefitting two or more employers, a joint employment

relationship generally will be considered to exist. 29 C.F.R. § 791.2(b).  This is particularly so in

situations where:

> (2) one employer is acting directly or indirectly in the interest of the
> other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with
> respect to the employment of a particular employee and may be
> deemed to share control of the employee, directly or indirectly, by
> reason of the fact that one employer controls, is controlled by, or is
> under common control with the other employer.

29 C.F.R. § 791.2(b)(2)-(3).

In *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983), the

Ninth Circuit noted that the joint employment determination required consideration of the total

employment situated, but focused primarily on four factors: "whether the alleged employer (1)

had the power to hire and fire employees, (2) supervised and controlled employee work

schedules or conditions of payment, (3) determined the rate and method of payment, and (4)

maintained employment records." *Id.* at 1470; *see also Becerra v. Expert Janitorial, LLC*, 181

Wn.2d 186, 196-98, 332 P.3d 415 (2014) (applying the "economic reality" test to determine joint

employer status).

Similarly, two entities can be considered a **single employer** for purposes of FLSA

liability. The integrated enterprise theory, also known as the "single employer doctrine" provides

that "in appropriate circumstances, an employee, who is technically employed on the books of

one entity, which is deemed to be part of a larger single-employer entity, may impose liability

for certain violations of employment law not only on the nominal employer but also on another

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

entity comprising part of the single integrated employer." *Griffin v. Sirva Inc.*, 835 F.3d 283, 292 (2d Cir. 2016) (cleaned up); *see also Leber v. Berkley Grp.*, No. 2:08-CV-01752-PMP-PAL, 2009 U.S. Dist. LEXIS 148472, at *9 (D. Nev. Dec. 31, 2009) (In a FLSA case, the court denied a motion to dismiss because the complaint alleged an "integrated enterprise with common control of labor relations . . .")

Here, the FAC alleges joint employment and/or an integrated enterprise as follows:

- Paragraph 11: Plaintiff was employed at Hearthstone and Royale, where she was placed by Staffers.

- Paragraphs 13-21: Describing the ownership, operational, and management structure and/or affiliation of all Defendants. Specifically, Avalon Group is the parent company of Hearthstone, Royale, and Staffers. Avalon Management manages Avalon Oregon, Hearthstone, Royale, and Staffers. Avalon Oregon manages Hearthstone and Royale. People are affiliated with Avalon Group by providing staffing services to "Avalon" branded facilities.

- Paragraphs 22-25: Defendants comprise a joint employer and/or an integrated enterprise under the FLSA and Oregon law, and Plaintiff and the Class/Collective were jointly employed by all Defendants. Defendants share common ownership, share employment policies and procedures, and **jointly supervise and/or control the work schedule and other conditions of employment, including employee discipline.**

- Paragraphs 35-37: Plaintiff, Class, and Collective members **performed their jobs under Defendants' supervision** and using materials and technology approved and supplied by Defendants. Plaintiff, Class, and Collective members were required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures. Plaintiff, Class, and Collective members **received wages from Defendants that were determined by common systems and methods under Defendants' selection and control.**

Indeed, while inappropriate to consider on a Rule 12 motion, the deposition testimony uniformly demonstrated People are staffing companies who, for a period of time starting around August 2021, "owned" the Staffers employees, including putative class and collective members.[2]

---

[2] Staffers Dep., ECF No. 136-1, 26:18-27:5.

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Plaintiff's FAC thus sufficiently alleges facts showing that all Defendants, including People, jointly own, operate, manage, and/or staff a network of healthcare facilities, of which Plaintiff was employed. It alleges facts showing that Defendants controlled the terms and conditions of Plaintiff's employment, or that Defendants' ownership structure operated under a principal-agent relationship, where some parties exercised operational or managerial control over others. *See Covelli v. Avamere Home Health Care LLC*, 2019 WL 5839301 (D. Or. Jul. 23, 2019) (citing *Mavrix Photographs, LLC v. Livejournal, Inc*., 873 F.3d 1045, 1055 (9th Cir. 2017)) (discussing how a plaintiff can show joint employment by showing the degree of control the employer has over the employee, or the degree of control a principal has over the agent under agency theory). It alleges facts sufficient to show that Defendants shared common policies regarding work, time, pay, meal breaks, and overtime. The FAC contains sufficient factual content to allow the Court to draw a reasonable inference that each Defendant, as joint employers and/or part of a common enterprise, is liable for the misconduct alleged. *See Twombly*, 550 U.S. at 556. As such, People's joint employer and standing arguments are meritless. Plaintiff stated claims upon which relief can be granted.

## B. Plaintiff's FAC Alleges Sufficient Facts and Legal Theories to Support Her Claims Against People for Purposes of Fed. R. Civ. P. 12(B)(6).

Plaintiff has sufficiently stated her claims against People for purposes of Fed. R. Civ. P. 12(B)(1). When considering a Rule 12(b)(6) motion, the Ninth Circuit has explained that the trial court proceeds "accepting as true all facts alleged in the complaint, and drawing all reasonable inferences in favor of the plaintiff." *al-Kidd v. Ashcroft*, 580 F.3d 949, 975 (9th Cir. 2009) (*rev'd on other grounds,* 563 U.S. 731). Dismissal is appropriate "only where the complaint lacks a

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

> ### i.    *Plaintiff's FAC Provides People with Fair and Adequate Notice of the Claims Against Them.*

The purpose of Fed. R. Civ. P. 8 is to "give the defendant fair notice of what the claim is . . . and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007). That purpose has been served in in this case because Plaintiff clearly asserted her claims against all Defendants equally and set forth specific facts supporting each cause of action. She set forth specific facts showing that all Defendants are joint employers and/or an integrated enterprise. (FAC, ECF No. 127-1, ¶¶ 16-25, 35-37). She set forth specific facts showing that People had control over employee discipline, the work schedule and conditions of employment, and rates and methods of pay. (*Id.*, ¶¶ 25, 35, 37).

People cites *Nissen v. Lindquist*, No. C-16-5093 BHS, 2017 U.S Dist. LEXIS 480 (W.D. Wash. Jan. 3, 2017) for the proposition that a plaintiff must specify which defendant is responsible for which acts/omissions, or which defendant the claim is brought against. (People's MTD, ECF No. 192, p. 8). Plaintiff meets that burden here because she clearly asserts all causes of action against all Defendants equally. (*See e.g.,* FAC, ECF No. 127-1, ¶ 1) ("This case implicates Defendants' longstanding policies and practices which fail to properly compensate non-exempt patient care workers for work during unpaid meal periods and for work performed while 'off-the-clock.'").

People also cites *Covelli v. Avamere Home Health Care LLC*, No. 3:19-CV-0486-JR, 2019 WL 5839301 (D. Or. Nov. 7, 2019) as supposed authority that a plaintiff must show how each defendant personally controlled the terms and conditions of her employment. (People's MTD, ECF No. 192, p. 9). However, *Covelli* is inapplicable here. *Covelli* was a Family Medical Leave Act

case involving "75 Doe defendants." The *Covelli* Plaintiff's FAC "identifie[d] about 50 of them by name" meaning "most of the Doe defendants are not 'unknown,' and Doe pleading is therefore inappropriate." *Id.* at *1-2. That is a drastically different set of circumstances than applicable here, where Plaintiff's FAC specifically identifies each joint employer by name and alleges that each is equally culpable for wage and hour violations.

People also cites *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) for the proposition that the FAC consists of "everyone did everything" allegations. (MTD, ECF No. 192, p. 10). However, People's reliance on *Destfino* is misplaced because *Destfino*'s holding is that Fed. R. Civ. P. 9(b), which requires fraud to be plead with particularity, requires plaintiffs to differentiate allegations when suing multiple defendants. Fed. R. Civ. P. 9(b) is inapplicable here because the FAC does not plead fraud.

## C. **Plaintiff's Unpaid Wage Claims State Claims on Which Relief Can Be Granted.**

In *Landers v. Quality Communications, Inc.,* the Ninth Circuit set forth the standard for pleading wage and hour claims under federal and state law, post *Twombly* and *Iqbal*. 771 F.3d 638 (9th Cir. 2014). The plaintiff in *Landers* presented "generalized allegations" of overtime wage violations, including assertions that the defendants "implemented a 'de facto piecework no overtime' system" and "falsified payroll records to conceal their failure to pay required wages." *Id*. at 646. "Notably absent" from his complaint was "any detail regarding a given workweek when [plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id*. at 646. The Ninth Circuit held that, in order to plead sufficient facts to state a plausible claim, all a plaintiff must do is "allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek,

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

or was not paid minimum wages." *Id.*   However, **"'*Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime,' but the plaintiff must supply allegations that 'give rise to a plausible inference that there was such an instance.'"** *Guerrero v. Halliburton Energy Services, Inc.,* 2016 WL 6494296, at \*4  (E.D. Cal. Nov. 2, 2016) (emphasis added) (quoting *Tan v. GrubHub Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016)); *see also, Varsam v. Lab. Corp. of Am.,* 120 F. Supp. 3d 1173, 11788 (S.D. Cal. 2015) ("Contrary to Defendant's claim, *Landers* does not require that a 'particular instance' be pled."). This minimal threshold is satisfied by something as simple as "'allegations about Plaintiff's schedules to substantiate that they worked double/overtime shifts that would trigger overtime pay[.]'" *Tan*, 171 F. Supp. 3d at 1008 (citing *Sanchez v. Ritz Carlton,* No. CV 15-3484 PSG (PJWx), 2015 WL 5009659, at \*3 (C.D. Cal. Aug. 17, 2015); *see also, Guerrero,* 2016 WL 6494296, at \*4 (same).

People also cite to *Gessele v. Jack in the Box, Inc*., No. CV-10-960-ST, 2011 WL 1357437 (D. Or., Jan. 31, 2011) for the proposition that Plaintiffs must allege, at a minimum, the time period of their employment and their hourly and overtime rates, and explain how their hours varied from week to week and how the alleged practices resulted in the FLSA and Oregon wage and hour violations. (People's MTD, ECF 192, p. 11). In *Gessele*, the named plaintiffs alleged only that they were "hourly employees," but did not "further specify when their employment began, how long it lasted, what hourly wage they were paid, or estimate how many hours they worked for which they were not compensated." *Gessele*, 2011 WL 1357437 at \*9.

Here, Plaintiff goes far beyond the minimally required showing that was lacking in *Landers* and *Gessele*. She specifies that she was employed from approximately September 2020 to approximately December 2020 at hourly rates of $21/hour (or $30/hour when working on COVID-

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105

19 care floors). (FAC, ECF No. 127-1, ¶¶ 11, 28-29). Plaintiff alleged that she typically worked 45 to 60 hours per week and did so throughout her tenure. (*Id.*, ¶ 30). She alleged that putative Class and Collective Members work(ed) schedules materially similar to Plaintiff such that any time they spent working through unpaid meal/rest periods and off-the-clock typically resulted in unpaid working time in excess of 40 hours per week. (*Id.*, ¶ 34). She alleged that Defendants require Plaintiff, Class, and Collective Members to be available to work during their entire shifts, even during meal breaks, and fail to pay them the required pay. (*Id.*, ¶¶ 2, 5, 39-42). She alleged that Defendants have a systematic policy of requiring, suffering, and/or permitting employees to work during unpaid, 30-minute meal breaks. (*Id.*)

 *Landers* does not require Plaintiff to identify an exact calendar week or particular instance of denied overtime. Because Plaintiff alleged that she and Class and Collective Members typically worked five to 20 hours overtime per week, among other details, Plaintiff has alleged specific facts to give rise to a plausible inference of specific instances of unpaid wages.

  **D.** <u>**Plaintiff's Wrongful Deduction Claim States a Claim on Which Relief Can Be Granted.**</u>

 Plaintiff's Fourth Claim for Relief alleges that Defendants deducted wages in violation of ORS § 652.610 by failing to compensate Plaintiff and Oregon Class members for off-the-clock work performed during unpaid meal periods. (FAC, ECF No. 127-1, ¶ 89). Plaintiff alleged sufficient facts showing that Defendants failed to pay (i.e. withheld or deducted) wages for 30-minute meal breaks.

 Specifically, Plaintiff alleged "Defendants have a systematic policy of requiring, suffering, and/or permitting Plaintiff and Class/Collective members to work during unpaid, 30-minute meal breaks." (FAC, ECF No. 127-1, ¶ 2). Under Defendants' policies and practices, patient care

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

workers were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. (*Id.*, ¶ 3). "At the end of each pay period, Plaintiff, Class, and Collective members receive(d) wages from Defendants that are/were determined by common systems and methods under Defendants' selection and control." (*Id.*, ¶ 37). Defendants pay/paid Plaintiff, Class, and Collective members on an hourly rate basis. (*Id.*, ¶ 38). "When Plaintiff and the putative Collective and Class members experience(d) untimely or interrupted meal breaks, or do/did not receive these breaks at all, Defendants fail(ed) to pay them the required pay." (*Id.*, ¶ 41).

People cites *Sears v. Blackwell's N.A., Inc*., 2005 WL 2663504 at *1 (D. Or. Oct. 18, 2005) for the proposition that unpaid overtime wages cannot support a claim for unlawfully deducted wages under ORS § 652.610. However, in *Nash v. Resources Inc*., 982 F.Supp. 1427, 1439 (D. Or. 1997), this Court discussed how, "[t]he same analysis used for the overtime claims under the FLSA applies here" when analyzing a claim under ORS § 652.610. The Court discussed how an "[employer] had a statutory duty to disclose to [the employee] the amount and purpose of any deductions." *Id.* Further, if "[the employer's] records are inaccurate or nonexistent, [the employee] should not be penalized by denying him any recovery. Instead, he should be required to show that deductions were in fact taken from his paychecks in violation of the statute." *Id.*

ORS § 652.610(3) not only prohibits improper "deductions" from wages, but also improper "withholdings" from wages, such as wages for unpaid overtime. ORS § 652.610(1)(b)(L) requires that an employee's itemized wage statement show the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked and pay for those hours, and the number of overtime hours worked and pay for those hours. Therefore, the Court should find that an employer's failure to disclose overtime wages owed and the amount of those overtime wages withheld on an itemized wage statement violates ORS § 652.610.

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## E. **Plaintiff's Final Pay Claim States a Claim on Which Relief Can Be Granted.**

People argues that Plaintiff failed to properly state her final wages claim under ORS § 652.140 because she does not allege when she quit working for, or was terminated by, People. (MTD, ECF No. 192, p. 14). However, Plaintiff alleges that she was employed at Hearthstone and Royale facilities **from approximately September 2020 to approximately December 2020.** (FAC, ECF No. 127-1, ¶¶ 11, 28-29). By its plain language, this implies that her employment ceased in December 2020, and this Court should find that Plaintiff has stated a final pay claim upon which relief can be granted.

> i. Plaintiff is Entitled to Attorneys' Fees Related to Her Unpaid Wage, Unlawful Deduction, and Final Pay Claims Under ORS § 652.200.

People argue that Plaintiff is not entitled to attorneys' fees for her unpaid wage, unlawful deduction, and final pay claims under ORS § 652.200 because she failed to provide People with prelitigation notice of wage-related deficiencies. (MTD, ECF No. 192, pp. 12, 14, 15). However, on May 5, 2023, Plaintiff's attorney sent written notice of the unpaid wage, unlawful deduction, and final pay claims in the form of the Fourth Amended Complaint to People, by and through their known counsel of record, in the form of a Summons and service of the FAC. (*See* Summons to People 2.0 Global, LLC, ECF No. 169; Summons to People 2.0 North America, LLC, ECF No. 170).

Alternatively, ORS § 652.200(b) provides that the right to fees will be extinguished only if "the court finds that the plaintiff's attorney **unreasonably** failed to give written notice of the wage claim to the employer **before filing** the action." Here, this action was filed long before People was named a party. It was therefore **impossible** to give "written notice of the wage claim to the employer **before filing** the action." **The same is also true of the Avalon and Staffers**

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**Defendants**. The unlawful deductions and final pay claims were not asserted in the original Complaint. (Compl., ECF No. 1 at 11-15). They were added in subsequent amendments. As such, even if the Court were to find Plaintiff did not give written notice of these claims, the Court should find that Plaintiff did so reasonably as the action was already filed. It would be futile to send a demand for unpaid wages to the Defendants that are actively defending against claims for unpaid wages.

Therefore, the Court should find that People did have notice of these claims.

## V.     CONCLUSION

Based on the foregoing, the Court should deny People's Motion to Dismiss. Alternatively, if the Court dismisses any part of Plaintiff's Fourth Amended Complaint, Plaintiff requests leave to amend. *See Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal.)

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Date: June 30, 2023                    Respectfully submitted,

                                       */s/ Robert E. Morelli, III*
                                       Dana L. Sullivan (Oregon SBN 944834)
                                       **BUCHANAN ANGELI**
                                       **ALTSCHUL & SULLIVAN LLP**
                                       921 SW Washington Street, Suite 516
                                       Portland, Oregon 97205
                                       Phone: (503) 974-5023
                                       Fax: (971) 230-0337
                                       dana@baaslaw.com
                                       *Local Counsel for Plaintiff, Class, and*
                                       *Collective Members*

                                       Carolyn H. Cottrell (*pro hac vice*)
                                       David C. Leimbach (*pro hac vice*)
                                       Robert E. Morelli, III (*pro hac vice*)
                                       **SCHNEIDER WALLACE**
                                       **COTTRELL KONECKY LLP**
                                       2000 Powell Street, Suite 1400
                                       Emeryville, California 94608
                                       Phone: (415) 421-7100
                                       Fax: (415) 421-7105
                                       ccottrell@schneiderwallace.com
                                       dleimbach@schneiderwallace.com
                                       rmorelli@schneiderwallace.com
                                       *Counsel for Plaintiff, Class, and Collective*
                                       *Members*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b),

54-1(c), or 54-3(e) because it contains 5,128 words, including headings, footnotes, and quotations,

but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits,

and any certificates of counsel.

                                       */s/ Robert E. Morelli, III*
                                       Robert E. Morelli, III

Plaintiff's Opposition to People's Motion to Dismiss
Page- 23
Case No. 1:21-cv-688-CL

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 30, 2023I filed and served the foregoing upon all parties and/or their counsel of record via the Court's CM/ECF system.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III

Plaintiff's Opposition to People's Motion to Dismiss
Page- 24
Case No. 1:21-cv-688-CL

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105