IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE, LLC; AVALON HEALTH CARE ROYALE GARDENS, LLC; STAFFERS, LLC; AVALON HEALTH CARE, INC., dba AVALON HEALTH CARE GROUP; AVALON HEALTH CARE MANAGEMENT, INC.; AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC; PEOPLE 2.0 GLOBAL, LLC; PEOPLE 2.0 NORTH AMERICA, LLC,

    Defendants.
_____

No. 1:21-cv-00688-CL

**ORDER**

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Mark Clarke. ECF No. 211. Judge Clarke recommends that (1) People Defendants' Motion to Dismiss, ECF No. 192, be granted; (2) Avalon Defendants' Motion to Dismiss, ECF No. 171, should be granted as to Plaintiff's fourth claim for relief, but otherwise denied; (3) Avalon Defendants' First Motion for Partial Summary Judgment, ECF Nos. 86, 187, should be held in abeyance pending further discovery; (4) Avalon Defendants' Second Motion for Partial Summary Judgment, ECF Nos. 101, 191, should be granted in part and denied in part; (5) Avalon Defendants' Motion to Strike, ECF No. 175, should be denied; and (6) Plaintiff's Motion for FLSA Conditional Certification, ECF No. 135, should be granted.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the

absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, there are no objections to the F&R as to the People Defendants' Motion to Dismiss and so the F&R is ADOPTED as to the motion. The People Defendants' Motion to Dismiss, ECF No. 192, is GRANTED.

## I. Sham Affidavit and Defendants' Motion to Strike

The Court must address the Motion to Strike and the Avalon Defendants' assertion that Plaintiff has submitted a sham affidavit, as that issue is connected to several of the other motions in the F&R. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). This "sham affidavit rule prevents a party who has been examined at length in deposition from raising an issue of fact simply by submitting an affidavit contradicting his own prior testimony, which would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (internal quotation marks and citations omitted, alterations normalized). District courts properly exclude a sham affidavit where "no juror would believe [the declarants] weak explanation for his sudden ability to remember the answers to important questions about the critical issues of

his lawsuit." *Id.* at 1081. "But the sham affidavit rule should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." *Id.* at 1080 (internal quotation marks and citation omitted). To exclude a declaration under this rule, the district court "must make a factual determination that the contradiction is a sham, and the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous." *Id.* (quotation marks omitted). The rule does not apply where "a deponent's memory could credibly have been refreshed by subsequent events, including discussions with others or his review of documents, record, or papers." *Id.* at 1081.

Here, Defendants' Motion to Strike seeks to strike Plaintiff's declaration with respect to Plaintiff's Motion for Conditional Certification. As Judge Clarke observed, a motion for conditional certification involves a more lenient standard than a motion for summary judgment, which makes the sham affidavit rule a poor fit for that motion. The Court finds no error in Judge Clarke's recommendation that the motion to strike be denied and the F&R is ADOPTED as to that motion and Avalon Defendants' Motion to Strike, ECF No. 175, is DENIED.

However, the challenged declaration was also cited by Plaintiff in her opposition to Defendants' motions for summary judgment, *see, e.g.,* ECF No. 142, at 13, and in Plaintiff's opposition to Defendants' motion to dismiss under Rule 12(b)(1), ECF No. 186, at 21, and so the Court will consider Defendants' sham affidavit arguments on their merits. The Court has reviewed the challenged Declaration, ECF

No. 135-2, and concludes that the challenged statements in the Declaration are not clearly and unambiguously contradicted by the deposition testimony, ECF No. 135-1. Plaintiff's testimony as to her subjective understanding of who her employer was does not control whether she was jointly employed by Avalon. And as to the scheduling question, the deposition testimony pointed to by Defendants plainly concerns Plaintiff's schedule when she was employed by an entirely different entity. The sham affidavit rule is to be applied with caution and the Court is not satisfied that the requirements of the rule have been met in the present case. The Court will not, therefore, strike the Estrada Declaration.

## II.  Avalon Defendants' Motion to Dismiss

As noted, the F&R recommends that the Avalon Defendants' Motion to Dismiss be granted as to Plaintiff's fourth claim under Federal Rule of Civil Procedure 12(b)(6) but denied as to all other claims and further recommends that the Avalon Defendants' motion to dismiss under Rule 12(b)(1) be denied.

Defendants object that Judge Clarke did not cite to specific exhibits in determining that Plaintiff had demonstrated standing, arguing that their motion is a factual, rather than a facial challenge to standing. Defendants assert in their briefing of the underlying motion that Plaintiff has relied on her "sham" declaration, but, as discussed in the preceding section, the Court has determined that the declaration is not a sham. However, a "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual

issues going to the merits of an action." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks and citations omitted, alterations normalized). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotation marks and citations omitted); *see also Thornhill Publ'g Co. v. Gen Tel. Co.*, 594 F.2d 730, 734 (9th Cir. 1979) ("[W]hen a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous.").

The Court concurs with Judge Clarke's determination and declines to dismiss the operative pleading. The F&R is ADOPTED as to this issue and the Avalon Defendants' Motion to Dismiss, ECF No. 171, is GRANTED as to Plaintiff's fourth claim for relief, but otherwise DENIED.

### III.   Avalon Defendants' First Motion for Partial Summary Judgment

Judge Clarke recommends that the Avalon Defendants' First Motion for Partial Summary Judgment, ECF Nos. 86, 187, be held in abeyance pending further discovery. Defendants object to this recommendation and urge the Court to rule on the motion now. The Court has reviewed the record and concurs with Judge Clarke's recommendation. However, rather than hold the case in abeyance, the Court will deny the motion with leave to refile at the close of discovery.

## IV. Defendants' Second Motion for Partial Summary Judgment

Judge Clarke recommends that Defendants' Second Motion for Partial Summary Judgment, ECF Nos. 101, 191, be granted in part and denied in part. Judge Clarke recommends that the motion be granted as to Plaintiff's claim for cellphone reimbursement and otherwise denied. Defendants object and urge the Court to grant the motion in its entirety.

The Court has considered Defendants' objections and has reviewed the record. The Court concurs with Judge Clarke's conclusions and ADOPTS the F&R as to this motion. Defendants' Second Motion for Partial Summary Judgment, ECF Nos. 101, 191, is GRANTED as to Plaintiff's claim for cellphone reimbursement and otherwise DENIED.

## V. Plaintiff's Motion for Conditional Certification

Judge Clarke recommends that Plaintiff's Motion for FLSA Conditional Certification, ECF No. 135, be granted the parties directed to confer on the form of the notice. Defendants do not separately object to this recommendation, but the Court has considered the entirety of Defendants' objections and concurs with Judge Clarke's recommendation. The F&R is ADOPTED and Plaintiff's Motion for FLSA Conditional Certification is GRANTED as set forth in the F&R.

## VI. Avalon Defendants' Proposed "Corrections" to the F&R's Recitation of Facts

Defendants object to certain statements in Judge Clarke's recitation of the facts in the F&R and propose six "corrections" to those statements. The Court has

reviewed the record as it relates to the disputed passages of the F&R and determines that no corrections are necessary.

## CONCLUSION

Judge Clarke's Findings and Recommendation, ECF No. 211, is ADOPTED. People Defendants' Motion to Dismiss, ECF No. 192 is GRANTED and all claims against People Defendants are DISMISSED.  Avalon Defendants' Motion to Dismiss, ECF No. 171, is GRANTED as to Plaintiff's Fourth Claim for Relief, but is otherwise DENIED.  Avalon Defendants' First Motion for Partial Summary Judgment, ECF Nos. 86, 187, is DENIED with leave to refile at the close of discovery.  Defendants' Second Motion for Partial Summary Judgment, ECF Nos. 101, 191, is GRANTED as to Plaintiff's FLSA claims arising out of failure to reimburse cell phone use and is otherwise DENIED.  Avalon Defendants' Motion to Strike, ECF No. 175, is DENIED. Plaintiff's Motion for FLSA Conditional Certification, ECF No. 135, is GRANTED on the terms set forth in the F&R and the parties are directed to confer regarding notice content and process.

It is so ORDERED and DATED this  19th  day of September 2024.

                                            /s/Ann Aiken
                                          ANN AIKEN
                                          United States District Judge