David G. Hosenpud, OSB No. 832414
hosenpudd@lanepowell.com
Healther St.Clair, OSB No. 154252
stclairh@lanepowell.com
Erin M. Wilson, *admitted pro hac vice*
wilsonem@lanepowell.com
Hannah A. Ard, *admitted pro hac vice*
ardh@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVALON HEALTH CARE HEARTHSTONE LLC, AVALON HEALTH CARE ROYALE GARDENS LLC, STAFFERS LLC, AVALON HEALTH CARE, INC. d/b/a AVALON HEALTH CARE GROUP, AVALON HEALTH CARE MANAGEMENT, INC., AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC, PEOPLE 2.0 GLOBAL, LLC AND PEOPLE 2.0 NORTH AMERICA LLC,<br><br>Defendants. | Case No. 1:21-cv-00688-CL<br><br>**ANSWER TO FOURTH AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |

COME NOW Defendants Avalon Health Care Hearthstone, LLC ("Hearthstone"), Avalon Health Care Royale Gardens, LLC ("Royal Gardens"), Staffers, LLC ("Staffers"), Avalon Health Care, Inc. d/b/a Avalon Health Care Group ("Avalon Group"), Avalon Health Care Management,

Inc. ("Avalon Management"), and Avalon Health Care Management of Oregon, LLC (collectively "Defendants")[1] and answer Plaintiff's Fourth Amended Collective and Class Action Complaint as follows:

1. Paragraph 1 contains conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1.

2. Defendants admit employers are not required to pay non-exempt employees for certain meal periods. Defendants admit that, to the extent they employ non-exempt employees, they require those employees to take a 30-minute meal break. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny that they did not provide bona fide meal periods to non-exempt employees responsible for patient care, and that patient care workers are required to remain responsible for patient care throughout their shift and perform duties while off the clock. Defendants deny any remaining allegations of Paragraph 2 not expressly admitted herein.

3. Defendants deny any and all liability for wages due under federal and Oregon law, that their policies and practices prevented non-exempt employees from receiving required or bona fide meal breaks, and they failed to compensate employees for all time spent working. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 3.

4. Defendant Staffers admits that at some times since its inception, it has permitted employees to choose to use their personal cell phones to clock in and out. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group

[1] Plaintiff's impermissible shotgun pleading lumps all Defendants together, rendering a reasonable answer nearly impossible. For instance, many alleged facts are something that only one Defendant would know about, yet Defendants are forced to answer Defendant by Defendant and paragraph by paragraph. It is Plaintiff's burden to plead allegations specific to each individual Defendant.



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants otherwise deny the allegations contained in Paragraph 4 and refer to the Order adopting the magistrate's findings and recommendations granting Defendants' Second Motion for Partial Summary Judgment in part, finding there is no basis for this claim, and the parties' stipulated motion to strike these allegations based on that order, filed herewith.

5. Paragraph 5 contains conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5.

6. Paragraph 6 contains conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 6.

7. Paragraph 7 contains conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7.

8. Defendants do not contest that Plaintiff purports to bring the action on behalf of herself, class and collective members and alleges they are owed unpaid wages, penalties, and other damages under federal and state law. Defendants deny, however, that Plaintiff and/or anyone she seeks to represent are entitled to the relief requested. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any and all liability asserted in the Complaint. Defendants deny the remaining allegations contained in Paragraph 8.

**SUBJECT MATTER JURISDICTION AND VENUE**

9. Paragraph 9 contains statements or conclusions of law for which no response is required. Defendants admit Plaintiff asserts jurisdiction under the statutes cited, but deny they engaged in any act or omission necessitating the exercise of the Court's jurisdiction. Defendants deny that the Court has subject matter jurisdiction over the Avalon Defendants that never employed the Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations contained in Paragraph 9.

10. Defendants admit that Plaintiff asserts venue in this judicial district pursuant to the statute cited, but deny they engaged in any act or omission necessitating the exercise of the Court's jurisdiction. Defendants further admit that Plaintiff was employed by Defendant Staffers, and that she provided patient care at Defendant Hearthstone on some dates and at Defendant Royal Gardens on other dates, which were both located in the judicial district. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations in Paragraph 10.

**PARTIES & COVERAGE**

11. Defendants admit that Plaintiff is over the age of 18 and, upon information and belief, is a resident of Oregon. Defendants further admit that Plaintiff was employed by Defendant Staffers as a Certified Nursing Assistant-CNA, and that Staffers provides staffing services and temporary staff to medical and health care providers. Defendants further admit that on some dates, Plaintiff provided patient care at Hearthstone, which was located in Medford, Oregon, and Royal Gardens, which was located in Grants Pass, Oregon. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations in Paragraph 11.

12. Defendants admit that Plaintiff purports to bring this action on behalf of a class and collective of other hourly non-exempt employees of Defendants. Defendants deny that they employed the individuals Plaintiff describes. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants further deny any and all liability, that there are other employees



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

similarly situated to Plaintiff, and that the action is appropriate for class or collective treatment. Defendants deny any remaining allegations in Paragraph 12.

13. Defendant Hearthstone denies that it is a Utah limited liability company that does business in Oregon and asserts that it is an inactive foreign corporation. Defendant Hearthstone admits that it has appeared in the action and is represented by counsel. Defendants deny any remaining allegations contained in Paragraph 13.

14. Defendant Royale Gardens denies that it is a Utah limited liability company that does business in Oregon and asserts that it is an inactive foreign corporation. Defendant Royale Gardens admits it has appeared in the action and is represented by counsel. Defendants deny any remaining allegations contained in Paragraph 14.

15. Defendant Staffers admits that it is a Utah limited liability company that does business in Oregon, it has appeared in the action and is represented by counsel. Defendants deny any remaining allegations contained in Paragraph 15.

16. Defendants deny that Defendants Royale Gardens and Hearthstone operate skilled nursing and rehabilitation facilities. Defendants admit that, while operational, Royale Gardens was located in Grants Pass, Oregon, and Hearthstone was located in Medford, Oregon. Defendants further admit that Staffers provides staffing services and temporary staff to medical and health care providers, including providers in Oregon. Defendants admit Staffers employs non-exempt hourly employees. Defendants deny the remaining allegations contained in Paragraph 16.

17. Defendant Avalon Health Care, Inc. ("Avalon Group") admits that it is a Utah corporation and that it has appeared in the action and is represented by counsel. Defendant Avalon Group further asserts that it is a non-operational holding company and does not employ any employees. Defendants deny any remaining allegations contained in Paragraph 17.

18. Defendant Avalon Health Care Management, Inc. ("Avalon Management") admits that it is a Utah corporation with a principal place of business in Utah and that it does business in Oregon. Defendant Avalon Management denies that it is subject to jurisdiction in this matter.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants deny any remaining allegations contained in Paragraph 18.

19. Defendant Avalon Health Care Management of Oregon, LLC is an inactive foreign corporation. During its operation, Defendant Avalon Health Care Management of Oregon, LLC was a non-operational holding company, and as such, denies that it ever transacted business, managed operations, or employed anyone. Defendants deny any remaining allegations contained in Paragraph 19.

20. Defendants admit that Defendant Hearthstone and Defendant Royale Gardens have obtained staffing of patient care personnel from many different agencies in the past, including some referred to as People 2.0. Defendants are without knowledge as to the allegations related to People 2.0 contained in Paragraph 20 and therefore Defendants otherwise deny the allegations contained in Paragraph 20 and refer to the Order adopting the magistrate's findings and recommendations granting People 2.0's Motion to Dismiss, and the parties' stipulated motion to strike these parties based on that order, filed herewith.

21. Defendants are without knowledge as to the allegations related to People 2.0 North America LLC contained in Paragraph 21 and therefore Defendants otherwise deny the allegations contained in Paragraph 21 and refer to the Order adopting the magistrate's findings and recommendations granting People 2.0's Motion to Dismiss, and the parties' stipulated motion to strike these parties based on that order, filed herewith.

22. Defendants deny that a Class or Collective exists. Defendants deny that any Defendant aside from Staffers LLC ever employed the Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit that some of them have websites that provide general information about their operations. Defendants further admit that Avalon Management operates, or manages



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

in some capacity, different skilled nursing, senior living, assisted living, or other medical service facilities throughout the Western United States. Defendants further admit that Staffers provides staffing services and temporary staff to medical and health care providers, including providers in Oregon. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny that a Class or Collective exists and deny any remaining allegations in Paragraph 24.

25. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations in Paragraph 25.

**FACTS**

26. Defendant Avalon Management admits that it operates facilities in states, including California, Hawaii, Utah, Oregon, and Washington. Defendant Staffers admits that it provides patient care staff to contracted facilities in Oregon, Utah, Washington, and California. Defendants deny any remaining allegations in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants admit that Plaintiff was employed by Staffers as a Certified Nursing Assistant-CNA, and that she worked in that position at the facilities operated by Hearthstone and Royale Gardens for a few months in 2020. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations contained in Paragraph 28.

29. Defendants admit that Plaintiff was employed by Staffers as a Certified Nursing Assistant-CNA and that she was hired by Staffers in approximately September 2020. Defendants further admit that her regular pay rate as a Staffers employee, from September to December 2020,



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

ranged from $20.00 to $21.00 an hour, and that she was also paid shift differentials ranging from $1.00 to $8.00 an hour, overtime, and overtime premium pay. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations contained in Paragraph 29.

30. Defendants admit that, upon information and belief, Plaintiff recorded her time worked through Staffers timekeeping system and from September to December 2020, that time reflects a typical work shift average of approximately 10.8 hours and a typical work week average of approximately 32 hours. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations in Paragraph 30.

31. Defendants admit that in the role of a Staffers' CNA, Plaintiff was expected to work as and when required in support of the nursing team she was assigned, including direct resident care duties under the supervision of licensed nursing personnel, such as assisting residents with daily living, providing basic nursing care, and maintenance of a safe and clean environment. Defendants further admit that Plaintiff was subject to Staffers' timekeeping, pay, break, and overtime policies and practices. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations in Paragraph 31.

32. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants admit that Plaintiff performed her job under Staffers' supervision and using materials and technology approved for and supplied by Staffers or the facility in which she performed her shifts, pursuant to staffing agreements. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations contained in Paragraph 35.

36. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny any remaining allegations contained in Paragraph 36.

37. Defendants admit Plaintiff received wages from Staffers at the end of each weekly pay period she worked and deny the remaining allegations contained in Paragraph 37. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees.

38. Defendants admit that Plaintiff was paid on an hourly rate basis by Staffers, but deny any remaining allegations contained in Paragraph 38. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees.

39. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the allegations contained in Paragraph 39.

40. Defendants admit that employees can and need to take meal and rest breaks. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 40.

41. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 41.

42. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 42.

43. Defendant Staffers admits that at some times since its inception it has permitted employees to choose to use their personal cell phones to clock in and out. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants otherwise deny the allegations contained in Paragraph 43 and refer to the Order adopting the magistrate's findings and recommendations granting Defendant's Second Motion for Partial Summary Judgment in part, which finds that there is no basis for a cell phone reimbursement claim in this matter and the parties' stipulated motion to strike these allegations based on that order, filed herewith.

44. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Paragraph 44 contains conclusions of law for which no response is required. Defendants otherwise deny the allegations contained in Paragraph 44 and refer to the Order adopting the magistrate's findings and recommendations granting Defendant's Second Motion for Partial Summary Judgment in part, which finds that there is no basis for a cell phone reimbursement claim in this matter and the parties' stipulated motion to strike these allegations based on that order, filed herewith.

45. Paragraph 45 contains conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 45.

46. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 46.

47. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Paragraph 47 contains conclusions of law for which no response is required. To the extent a response is required,



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Defendants deny the allegations contained in Paragraph 47. Defendants deny the remaining allegations contained in Paragraph 47.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

48. Defendants admit that Plaintiff purports to seek a collective action under 29 U.S.C. § 216(b) of the individuals described in Paragraph 48. Defendants deny the validity of Plaintiff's claims or of the claims of any putative Collective members. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action, or that a collective as alleged can be certified. Defendants deny that any purported Collective members are similarly situated to Plaintiff. Defendants Hearthstone and Royale Gardens admit that some of their employees during the time period described in Paragraph 48 were subject to a collective bargaining agreement and arbitration agreement. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff and deny that they employed anyone similarly situated to Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 48.

49. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny that any purported Collective members are similarly situated to Plaintiff. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 49.

50. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Paragraph 50 contains conclusions of law for which no response is required. Defendants deny the remaining allegations contained in Paragraph 50.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

51. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny that any purported Collective members are similarly situated to Plaintiff. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny the remaining allegations contained in Paragraph 52.

53. Defendants admit that Plaintiff has retained counsel and is without sufficient information and knowledge at this time to form a belief as to her counsel's competency and experience. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny that Plaintiff is an adequate representative of any employee because she lacks the credibility necessary to represent a class or collective and has engaged in misconduct. Defendants deny the remaining allegations contained in Paragraph 53.

54. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny that any purported Collective members are similarly situated to Plaintiff. Paragraph 54 contains conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny the remaining allegations contained in Paragraph 55.

## RULE 23 CLASS ACTION ALLEGATIONS

56. Defendants admit that Plaintiff purports to seek a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) of the individuals described in Paragraph 56. Defendants deny the validity of Plaintiff's claims or of any putative Oregon Class members. Defendants deny that any purported Class members are similarly situated to Plaintiff. Defendants Hearthstone and



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Royale Gardens admit that some of their employees during the time period described in Paragraph 56 were subject to a collective bargaining agreement and arbitration agreement. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff and deny that they employed anyone similarly situated to Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the allegations contained in Paragraph 58.

59. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the allegations contained in Paragraph 52, including subparts (i.) through (xv.)

60. Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 60.

61. Defendants admit that Plaintiff has retained counsel and is without sufficient information and knowledge at this time to form a belief as to her counsel's competency and experience. Defendants deny that Plaintiff is an adequate representative of any employee as she has engaged in theft, fraud, and blackmail at relevant times, and therefore has unclean hands and lacks the credibility necessary to represent a class or collective. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 61.

62. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 64.

65. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations contained in Paragraph 65.

## FIRST CLAIM FOR RELIEF

### ALLEGED VIOLATION OF THE FAIR LABOR STANDARDS ACT FAILURE TO PAY OVERTIME

66. Defendants incorporate the responses to Paragraphs 1-65 as if fully set forth herein; and otherwise state that the allegations of Paragraph 66 are not factual allegations and no response is required.



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

67. The allegations contained in Paragraph 67 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 67.

68. The allegations contained in Paragraph 68 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 68.

69. Defendant Avalon Management denies that it employs hourly non-exempt employees; Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees; these Defendants therefore deny that they are covered employers under the FLSA. The allegations contained in Paragraph 69 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 69.

70. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny the remaining allegations in Paragraph 70.

71. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny the remaining allegations in Paragraph 71.

72. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny the remaining allegations in Paragraph 72.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

73. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny the remaining allegations in Paragraph 73.

74. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny that a Collective exists, that Plaintiff can maintain a collective action or that a collective as alleged can be certified. Defendants deny the remaining allegations in Paragraph 74.

75. This is a request for relief to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 75.

## SECOND CLAIM FOR RELIEF

### ALLEGED VIOLATION OF ORS 653.261 AND OAR 839-020-0030
### FAILURE TO PAY OVERTIME

76. Defendants incorporate the responses to Paragraphs 1-75 as if fully set forth herein; and otherwise state that the allegations of Paragraph 76 are not factual allegations and no response is required.

77. The allegations contained in Paragraph 77 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 77.

78. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 78.

79. The allegations contained in Paragraph 79 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 79.

80. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 80.

81. The allegations contained in Paragraph 81 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 81.

## THIRD CLAIM FOR RELIEF

### ALLEGED VIOLATION OF ORS 652.120 AND OAR 839-020-0030
### FAILURE TO PAY ALL REGULAR WAGES OWED

82. Defendants incorporate the responses to Paragraphs 1-81 as if fully set forth herein; and otherwise state that the allegations of Paragraph 82 are not factual allegations and no response is required.

83. The allegations contained in Paragraph 83 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 83.

84. The allegations contained in Paragraph 84 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 84.



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

85. The allegations contained in Paragraph 85 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

**FOURTH CLAIM FOR RELIEF**

**ALLEGED VIOLATION OF ORS 652.610**
**UNLAWFUL DEDUCTION FROM WAGES**

88. Defendants incorporate the responses to Paragraphs 1-87 as if fully set forth herein; and otherwise state that the allegations of Paragraph 88 are not factual allegations and no response is required. Defendants further refer to the Order adopting the magistrate's findings and recommendations dismissing this claim on Defendant's Motion to Dismiss and the parties' stipulated motion to strike this claim for relief based on that order, filed herewith.

89. Defendants deny the allegations in Paragraph 89 and further refer to the Order adopting the magistrate's findings and recommendations dismissing this claim on Defendant's Motion to Dismiss and the parties' stipulated motion to strike this claim for relief based on that order, filed herewith.

90. Defendants deny the allegations in Paragraph 90 and further refer to the Order adopting the magistrate's findings and recommendations dismissing this claim on Defendant's Motion to Dismiss and the parties' stipulated motion to strike this claim for relief based on that order, filed herewith.

91. Defendants deny the allegations in Paragraph 91 and further refer to the Order adopting the magistrate's findings and recommendations dismissing this claim on Defendant's Motion to Dismiss and the parties' stipulated motion to strike this claim for relief based on that order, filed herewith.

92. Defendants deny the allegations in Paragraph 92 and further refer to the Order adopting the magistrate's findings and recommendations dismissing this claim on Defendant's



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Motion to Dismiss and the parties' stipulated motion to strike this claim for relief based on that order, filed herewith.

**FIFTH CLAIM FOR RELIEF**

**ALLEGED VIOLATION OF ORS 652.140**
**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

93. Defendants incorporate the responses to Paragraphs 1-92 as if fully set forth herein; and otherwise state that the allegations of Paragraph 93 are not factual allegations and no response is required.

94. The allegations contained in Paragraph 94 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 94.

95. The allegations contained in Paragraph 95 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 95.

96. The allegations contained in Paragraph 96 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 96.

97. The allegations contained in Paragraph 97 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 97.

98. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 98.

99. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees.



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 99.

100. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 100.

101. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny that a pleading is the kind of pre-litigation notice required to preserve a penalty and attorney fee claim under Oregon law. Defendants deny the remaining allegations in Paragraph 101.

102. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 102, including at footnote 3.

103. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

## SIXTH CLAIM FOR RELIEF

### ALLEGED VIOLATION OF OAR 839-020-0050
### MEAL BREAK VIOLATIONS

105. Defendants incorporate the responses to Paragraphs 1-104 as if fully set forth herein; and otherwise state that the allegations of Paragraph 105 are not factual allegations and no response is required.

106. The allegations contained in Paragraph 106 contain conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 106.

107. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 107.

108. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 108.

109. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 109.

110. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 110.

111. Defendants Hearthstone and Royale Gardens deny that they ever employed Plaintiff. Defendant Avalon Management denies that it employs hourly non-exempt employees. Defendants Avalon Group and Avalon Health Care Management of Oregon, LLC are non-operational holding companies and deny that they employ any employees. Defendants deny the remaining allegations in Paragraph 111.

## ALLEGED RELIEF SOUGHT

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115 and move to strike them based on the court's order dismissing this claim on summary judgment.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

## PRAYER

118. Paragraph 118 is a prayer for relief directed at the Court and as such no response is required. To the extent a response is required, Defendants deny any and all liability and any remaining allegations in Paragraph 118, including all subparts.

## AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER AND AS AFFIRMATIVE DEFENSES, Defendants, without admitting any matters previously denied and without waiving any claims, counterclaims, third-party claims, defenses or remedies, allege as follows as to some or all of Plaintiff's claims:

119. Plaintiff, on behalf of herself and any putative class or collective member, has failed to state a claim upon which relief may be granted, including because Plaintiff's shotgun pleading impermissibly lumps all Defendants together in alleging her claims and causes of action, and does not indicate with requisite specificity which Defendant did what.



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

120. Some or all of the claims asserted by Plaintiff on behalf of herself or any putative class and collective member are barred by an applicable statute of limitations.

121. Plaintiff lacks standing to raise some or all of the claims of the purported collective or class members.

122. This Court lacks subject matter jurisdiction over some or all of the parties or claims alleged in the Fourth Amended Complaint.

123. Plaintiff and some or all of the putative class or collective members she seeks to represent were not employed by all Defendants and some are included here as improper parties.

124. Plaintiff and putative class and collective members had actual or constructive knowledge of the workplace policies that required them to take meal breaks, and the numerous reporting mechanisms for informing their employer in the event they encountered any difficulties in doing so.

125. The claims asserted by Plaintiff on behalf of herself and any putative class and collective member are barred, in whole or in part, by their own actions, omissions, and/or negligence.

126. Some or all of the claims asserted by Plaintiff on behalf of herself or any putative class or collective member are barred because no private right of action exists to pursue those claims.

127. Plaintiff was paid for all hours worked. To the extent Plaintiff and/or any putative class or collective member was not paid in full for all hours worked, their failure to give their employer written notice of any earned and unpaid wages bars their claims in whole or in part.

128. At all material times, an individual Defendant or Defendants implemented reasonable policies and practices that comply with all applicable legal requirements, and acted with good faith in compensating employees. To the extent Plaintiff and/or any putative class or collective member was prevented from taking meal breaks or worked off the clock, it occurred without the authorization, approval, or ratification of their respective employer.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

129. Plaintiff, on behalf of herself and the putative Class and Collective, failed to give proper written notice adequate to fulfill statutory requirements for penalty wages and/or attorneys' fees.

130. Plaintiff's claims are barred in whole or in part by the defenses of waiver, estoppel, ratification, laches, acquiescence, bad faith, consent, agreement, offset, payment, ratification, unclean hands, and other equitable defenses.

131. The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff and/or any putative class or collective members have waived their right to recovery and/or released their claims against Defendants, whether in whole or in part, and whether individually or in a class action settlement and/or release agreement.

132. The claims asserted in the Fourth Amended Complaint are barred in whole or in part by the arbitration agreements signed by putative class and collective members.

133. The remedies sought by Plaintiff on behalf of herself and the putative class and collective, including excessive penalties, would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution.

134. The putative class and or collective cannot be certified under Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b) given the necessarily individualized nature of the claims, which predominate over common questions of law and fact.

135. Plaintiff is an inadequate representative of the purported class and lacks credibility due to her participation at material times in misconduct.

136. The claims alleged by Plaintiff are neither common nor typical of those, if any, of the members of the purported class.

137. Plaintiff is not similarly situated to the members of the putative collective she seeks to represent and Plaintiff cannot meet the requirements of 29 U.S.C. § 216(b).

138. Plaintiff has failed to identify a pattern or practice of unlawful conduct.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

139. Defendants, individually or collectively, acted in good faith and had reasonable grounds for believing that any alleged acts or omissions were not in violation of the FLSA or Oregon law.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses or defenses as may become available during the course of discovery in this action and reserve the right to amend their answer to assert any such defenses.

## DEFENDANTS' COUNTERCLAIMS

COME NOW Defendant Staffers, LLC ("Staffers"), a Utah limited liability company, and submits these counterclaims against Plaintiff Tina Alonzo Estrada, aka Tina Marie Alonso-Estrada, aka Tina Alonso, aka Tina Estrada, aka Tina Marie Shobe, aka Tina Shobe, aka Tina Shove, aka Tina Marie Shove, aka Tina Shope, aka Tina Marie Shope, aka Tina Bautista-Limon, aka Tina Marie Bautista, aka Tina Marie Limon, aka Tina Bautista, aka Tina Limon, aka Tina Marie Vogelsang, aka Tina Vogelsang.

## I. PARTIES AND JURISDICTION

1. Defendant and counterclaim-Plaintiff Staffers, LLC ("Staffers") is a Utah limited liability company registered to do business in Oregon.

2. Plaintiff and counterclaim-Defendant, Tina Alonzo Estrada ("Estrada"), is an individual who at all times relevant to these counterclaims was a resident of the state of Oregon.

3. This Court has supplemental jurisdiction over this matter under 28 U.S.C. § 1367.

## II. FACTUAL ALLEGATIONS

4. Estrada was employed by Staffers in Oregon from September 2020 through December 2020. Estrada was hired as a CNA.

5. Estrada often took prolonged breaks to smoke, and took meal breaks without clocking out for that time. Other CNAs that worked with Estrada and could not take their meal breaks until she returned from hers, and needed to relieve her so that she could take her meal breaks.



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

6. Estrada regularly took her meal breaks, was rarely on her floor, and was often outside smoking or hiding in a broom closet on her personal phone.

7. Upon information and belief, night shift personnel often complained that Estrada had neglected the residents entrusted to her care, including by failing to ensure they had access to restrooms or had their diapers changed frequently enough.

8. As a Staffers employee, Estrada had access to her time clock on her personal cell phone, so that she could clock in and out for her shift and meal break from anywhere on the facility premises. On at least the following dates, Estrada clocked in and claimed she was on the clock working, when in fact, she was not:

a. December 5, 2020 – Estrada did not punch out until 2:53, but informed the facility she was leaving and signed out of the facility at 2:30;

b. December 13, 2020 – Estrada took a meal break that she did not punch out for and she was paid as though she worked through that meal break; and

c. December 15, 2020 – Estrada took a meal break that she did not punch out for and she was paid as though she worked through that meal break.

9. On approximately 10 of her 44 shifts, Estrada submitted time card corrections to Staffers, all of which Staffers accepted, and all of which resulted in Plaintiff getting paid more. Staffers paid Estrada for all the time she claimed she was working, including every meal break she did not clock out for.

10. On or about December 20, 2020, Estrada informed Staffers she had contracted COVID and could no longer perform her job. Plaintiff filed a worker's compensation disability claim on Staffers' insurance on January 1, 2021. Plaintiff was paid disability worker's compensation benefits from January 2, 2021 through October 18, 2021, and from November 13, 2021 through March 5, 2022. Plaintiff confirmed these facts under oath at her deposition.

11. On March 1, 2021, Plaintiff also filed a claim for unemployment benefits with the state of Oregon, listing Staffers as her employer. Plaintiff backdated her claim for unemployment benefits to March 21, 2020, and included claims for every week within that year, except the weeks



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

she was actively employed by Staffers between September and December 2020. Plaintiff collected unemployment benefits until September 4, 2021, then filed another claim and collected benefits from September 18, 2021 until March 5, 2022. Plaintiff confirmed the accuracy of documents proving these allegations under oath at her deposition.

12. Plaintiff began working for Cross Country Staffing at a Providence hospital in March 2020 and continued in that position until at least August 3, 2022. Plaintiff attended an orientation on October 7, 2020 at Providence.

13. On October 15, 2021, while representing that her ongoing workplace injury at Staffers prevented her from returning to work for Staffers, Plaintiff began working as a CNA for Elite Staffing. Plaintiff worked full time at Elite until January 2022 and was paid full-time wages for that work. Plaintiff confirmed these allegations under oath at her deposition.

## III. FIRST CAUSE OF ACTION – FRAUD AND MISREPRESENTATION

14. Defendant realleges and incorporates Paragraphs 1-13 as if fully set forth herein.

15. Plaintiff made material misrepresentations to Staffers about the hours that she claimed she was working and about her ability to return to work following an injury. Plaintiff made material misrepresentations to the state of Oregon in her application materials for both worker's compensation disability benefits and unemployment benefits, both of which were drawn against the accounts of her employer Staffers.

16. It is unlawful under Oregon law to collect worker's compensation disability benefits and unemployment benefits at the same time. It is unlawful to collect unemployment benefits while working full time. One must certify the truthfulness of certain representations, including that these benefits are not being collected simultaneously and that unemployment benefits are not being collected by a person working full time, in order to qualify for those benefits. Presenting false certifications in order to obtain multiple benefits simultaneously is benefits fraud.

17. Plaintiff misrepresented to Staffers that she was working through meal breaks when she was not. Plaintiff misrepresented to Staffers that she was unable to return to work due to medical conditions and continued to collect worker's compensation disability benefits while in



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

fact working for other staffing agencies. Plaintiff misrepresented to the state of Oregon that she was disabled during time periods that she was working for other staffing agencies. Plaintiff misrepresented to the state of Oregon that she was unemployed during periods of time that she was working full time. Plaintiff misrepresented to the state of Oregon that she was eligible for collecting worker's compensation disability benefits, during periods of time that she was collecting unemployment insurance benefits. Plaintiff knew her representations to Staffers and to the state of Oregon were false.

18. Plaintiff intended for Staffers to rely on her misrepresentations of hours worked so that Staffers would pay her wages in excess of what she was due. Plaintiff intended for Staffers to rely on her misrepresentations of ability to work while she worked elsewhere and collected benefits so that Staffers could not report her fraudulent collection of benefits to the state. Plaintiff intended the state of Oregon to rely on her misrepresentations so that it would pay her worker's compensation disability benefits and unemployment insurance benefits that she was not eligible to collect.

19. Staffers justifiably relied on Plaintiff's misrepresentations of her hours because employers are subject to punitive sanctions for failing to record all employee hours worked and/or failing to pay employees for all such hours and the employee often occupies a position of superior knowledge with respect to actual time worked. Staffers justifiably relied on Plaintiff's misrepresentations about her medical status because she submitted doctor's notes stating she was unable to return to work throughout 2021. The state of Oregon, in administering the worker's compensation program and the unemployment insurance program that Staffers paid into on behalf of Plaintiff and other employees, justifiably relied on Plaintiff's certifications of honesty and her misrepresentations of her eligibility for those programs because the state's social support systems are underfunded and overloaded (and were especially so during COVID), and lack the resources to investigate and confirm eligibility across programs and other private employers.

20. Staffers was damaged as a result of Plaintiff's misrepresentations. Staffers overpaid its employee based on her misrepresentations of hours worked and had claims for both



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

worker's compensation and unemployment insurance drawn against its state-administered accounts by an employee who was not eligible to collect benefits from both programs simultaneously and was not eligible to draw unemployment compensation during the period of time when she was engaged in full-time work for other staffing agencies.

## IV. SECOND CAUSE OF ACTION – THEFT

21. Defendant realleges and incorporates Paragraphs 1-20 as if fully set forth herein.

22. Under ORS 164.015, theft occurs in relevant part when:

a. a person, with intent to deprive another of property or to appropriate property, takes, obtains, or withholds such property from an owner; or

b. commits theft by deception.

Plaintiff intended to deprive Staffers and the state of Oregon of money and obtained the money she intended to take through her misrepresentations, as described above.

23. Under ORS 164.085, theft by deception occurs when a person obtains the property of another with the intent to defraud by creating or confirming the other's false impression, fails to correct a false impression that the person previously created or confirmed, prevents the acquisition of information pertinent to the disposition of the property or promises performance that the person does not intend to perform or know will not be performed. Plaintiff committed theft by deception in several particulars:

a. Plaintiff committed theft by deception when she created the false impression at Staffers that she was working during hours that she was not, when she failed to correct that false impression, when she prevented Staffers from learning that she was not working during those meal breaks she clocked in for, and when she promised to work during the hours she was clocked in without the intention of doing that.

b. Plaintiff committed theft by deception when she created the false impression at Staffers that she could not return to work, and needed to continue collecting worker's compensation disability benefits against Staffers while she was in fact working at other agencies, when she failed to correct that false impression, when she prevented Staffers from learning she



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

was working by submitting doctor's notes claiming she could not work, and when she promised to let her supervisor know when she could return to work with no intention of doing so.

## V. THIRD CAUSE OF ACTION – CONVERSION

24. Defendant realleges and incorporates Paragraphs 1-23 as if fully set forth herein.

25. Oregon recognizes a common law cause of action for conversion where a person intentionally exercises control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

26. Plaintiff intentionally exercised control over Staffer's money, the chattel, by ensuring she was paid for hours she did not work and accepting and spending that money such that Staffers' right to control its own money was so seriously interfered with that Plaintiff should be required to pay the full value of those unearned wages.

27. Plaintiff intentionally exercised control over money paid by Staffers or Staffers' insurance policies to the state of Oregon (the chattel) for the protection of employees injured on the job or unemployed, by ensuring she was paid benefits that she was not eligible for at all times she collected them and accepting and spending that money such that the state's right to control the money in those injured and unemployed worker funds was so seriously interfered with that Plaintiff should be required to pay the full value of those improperly collected benefits.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, and having asserted affirmative defenses and counterclaims, Defendants pray for judgment as follows:

1. That Plaintiff be adjudicated an inadequate representative for a class or collective;

2. That Plaintiff take nothing by reason of the Complaint;

3. That Plaintiff pay back her wage overpayments to Staffers, including prejudgment interest at the statutory rate;

4. That the Complaint be dismissed with prejudice;

5. That judgment be entered in favor of Defendants;

6. That Defendants recover their costs of suit herein;



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

7. That Defendants recover their attorneys' fees; and

8. That Defendants be granted such further relief as the Court deems just and proper.

DATED: October 3, 2024

LANE POWELL PC

By: Heather St.Clair

David G. Hosenpud, OSB No. 832414
Healther St.Clair, OSB No. 154252
Erin M. Wilson, *admitted pro hac vice*
Hannah A. Ard, *admitted pro hac vice*
Telephone: 503.778.2100
Attorneys for Defendants



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200