Dana L. Sullivan (dana@baaslaw.com)
Oregon Bar No. 944834
**BUCHANAN ANGELI**
**ALTSCHUL & SULLIVAN LLP**
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell* (ccottrell@schneiderwallace.com)
Robert E. Morelli, III (rmorelli@ schneiderwallace.com)
Oregon Bar No. 242740
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100; Fax: (415) 421-7105

** Admitted pro hac vice*
*Attorneys for Plaintiff and the*
*Putative Class & Collective Members*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**MEDFORD DIVISION**

| | |
|---|---|
| **TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br>**v.**<br><br>**AVALON HEALTH CARE HEARTHSTONE LLC, AVALON HEALTH CARE ROYALE GARDENS LLC, STAFFERS LLC, AVALON HEALTH CARE, INC. d/b/a AVALON HEALTH CARE GROUP, AVALON HEALTH CARE MANAGEMENT, INC; AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC**<br><br>**Defendants.** | **Case No. 1:21-cv-688-CL**<br><br>**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM** |



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## TABLE OF CONTENTS


I. LR 7-1 CERTIFICATION ....................7

II. INTRODUCTION ....................7

III. BACKGROUND ....................7

IV. STANDARD OF REVIEW ....................8

V. ARGUMENT ....................9

a. The Court Lacks Subject Matter Jurisdiction Over Defendants' Non-Compulsory State Law Counterclaim ....................9

i. There is no original federal jurisdiction ....................9

ii. The counterclaims are not "compulsory" under Fed. R. Civ. P. 13(a)(1). ....................10

iii. The counterclaim is not subject to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because it does not derive from a common nucleus of operative facts. ....................15

iv. Public policy weighs against allowing the retaliatory counterclaim. ....................17

b. The Counterclaim Fails to State a Claim Upon Which Relief May be Granted. ....................18

c. There is no private right of action for the theft counterclaim. ....................18

d. The conversion claim fails because there is no chattel at issue. ....................19

e. The fraud and misrepresentation claim is barred by the statute of limitations. ....................20

VI. CONCLUSION ....................21




**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. P.F. Chang's China Bistro, Inc.*,
No. 16-14182, 2017 U.S. Dist. LEXIS 134523 (E.D. Mich. Aug. 23, 2017).............. 11, 13, 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................8, 18

*Baker v. Gold Seal Liquors, Inc.*,
417 U.S. 467 (1974)..........................................................................................10

*Beckwith v. O'Donnell*,
No. 3:23-cv-353-SI, 2024 U.S. Dist. LEXIS 43090 (D. Or. Mar. 12, 2024)..............................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................8, 18

*Brennan v. Heard*,
491 F.2d 1 (5th Cir. 1974)..................................................................................17

*Bruce v. Sana Health, Inc.*,
504 F. Supp. 3d 653 (E.D. Mich. 2020) .................................................................16

*Casas v. Brightwater Int'l, Inc.*,
2011 U.S. Dist. LEXIS 15287, 2011 WL 486564 (C.D. Cal. 2011).......................................16

*Cassone v. Austin Chron. Corp.*,
No. 1:23-CV-1197-RP, 2024 U.S. Dist. LEXIS 82778 (W.D. Tex. May 7, 2024)....................11

*Coronado v. D. N.W. Houston, Inc.*,
2014 WL 2779548 (S.D. Tex. June 19, 2014) .................................................... 11, 14, 16, 17

*Cty. Communs. Corp. v. McLeodUSA Telcoms. Servs.*,
No. CV-09-2063-PHX-GMS, 2010 U.S. Dist. LEXIS 42892 (D. Ariz. Apr. 30, 2010) ...........10

*Great Am. Ins. Co. v. Linderman*,
116 F. Supp. 3d 1183 (D. Or. 2015) ......................................................................18

*Hayes v. Johnson*,
No. 3:24-cv-00954-HZ, 2024 U.S. Dist. LEXIS 121431 (D. Or. July 5, 2024).........................8

*Humes v. Haskell*,
No. EDCV 18-0379-SJO (JEM), 2019 U.S. Dist. LEXIS 45222 (C.D. Cal. Feb. 14, 2019)......9



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Hyman v. WM Fin. Servs., Inc.*,
2007 WL 1657392 (D.N.J. June 7, 2007)....................17

*In re Pegasus Gold Corp.*,
394 F.3d 1189 (9th Cir. 2005)....................11

*Jones v. Ford Motor Credit Co.*,
358 F.3d 205 (2nd Cir. 2004)....................15

*Keith v. United States*,
974 F.2d 113, 115 (9th Cir. 1992)....................10

*Lou v. Ma Labs., Inc.*,
No. C 12-05409 WHA, 2013 U.S. Dist. LEXIS 109135 (N.D. Cal. Aug. 2, 2013)..... 11, 14, 16

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................10

*Lyon v. Whisman*,
45 F.3d 758 (3rd Cir. 1995)....................17

*Martinez v. PM&M Elec., Inc.*,
2019 U.S. Dist. LEXIS 18393 (D. Ariz. 2019)....................11, 15

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988)....................17

*Moir v. Greater Cleveland Reg'l Transit Auth.*,
895 F.2d 266 (6th Cir. 1990)....................9

*Morris v. Blue Sky Mgmt., LLC*,
4:11-cv-00979-BP, 2012 WL 527936 (W.D. Mo. Feb. 16, 2012)....................11, 14

*Okanogan Highlands All. v. Crown Res. Corp.*,
526 F. Supp. 3d 872 (E.D. Wash. 2021)....................11

*Ozawa v. Orsini Design Assocs., Inc.*,
2015 WL 1055902 (S.D.N.Y. Mar. 11, 2015)....................16

*Pablo v. Buell*,
No. 3:24-cv-01798-AN, 2025 U.S. Dist. LEXIS 9563 (D. Or. Jan. 17, 2025)....................12, 14

*Pochiro v. Prudential Ins. Co. of America*,
827 F.2d 1246 (9th Cir. 1987)....................10

*Poehler v. Fenwick*,
2015 U.S. Dist. LEXIS 156770, 2015 WL 7299804 (D. Ariz. 2015)....................16



**SCHNEIDER WALLACE
COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Ripley v. PMD Dev. LLC*,
2018 U.S. Dist. LEXIS 174968, 2018 WL 4931750 (D. Ariz. 2018) ....................................15

*Rivera v. Ndola Pharmacy Corp.*,
497 F. Supp. 2d 381 (E.D.N.Y. 2007) .........................................................................15

*Shinotsuka v. Fed. Corr. Inst. Terminal Island*,
No. CV 22-03275-MWF (KSx), 2023 U.S. Dist. LEXIS 234076 (C.D. Cal. Dec. 14, 2023) ...9, 15

*Sneed v. Wireless PCS Ohio #1, LLC*,
No. 1:16CV1875, 2017 U.S. Dist. LEXIS 31279, 2017 WL 879591 (N.D. Ohio Mar. 6, 2017) ..........................................................................................................14

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001)..........................................................................................9

*Torres v. Gristede's Operating Corp.*,
628 F. Supp. 2d 447 (S.D.N.Y. 2008).............................................................................11

*Trustees of The Sheet Metal Workers' Local Union No. 80 Pension Trust Fund v. W.G. Heating & Cooling*,
555 F. Supp. 2d 838 (E.D. Mich. 2008) ..........................................................................8

*Wilhelm v. TLC Lawn Care, Inc.*,
2008 WL 640733 (D. Kan. Mar. 6, 2008) ......................................................................11

*Williams v. Long*,
558 F.Supp. 2d 601 (D. Md. 2008) ........................................................................11, 15

*Willms v. Ameritītle, Inc.*,
314 Or. App. 687 (2021)..............................................................................................20

**Statutes**

28 U.S.C. § 1331..........................................................................................................9

28 U.S.C. § 1332..........................................................................................................10

28 U.S.C. § 1367.................................................................................... 9, 15, 17, 21

29 U.S.C. § 203............................................................................................................14

29 U.S.C. § 207............................................................................................................14

29 U.S.C. § 215.....................................................................................................14, 18



**SCHNEIDER WALLACE
COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

ORS § 164.015 ........ 18, 19

ORS § 164.085 ........ 18, 19

**Rules**

Fed. R. Civ. P.  13 ........ 10

Fed. R. Civ. P. 12 ........ 7

Fed. R. Civ. P. 13 ........ 9

Fed. R. Civ. P. 23 ........ 7



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## I. LR 7-1 CERTIFICATION

In compliance with LR 7-1(a)(1)(A), and (a)(2), the undersigned made a good faith effort to resolve the matters presented by this Motion on August 19, 2025. Defendants' counsel also noted they opposed this relief.

## II. INTRODUCTION

Plaintiff Tina Estrada, individually, and on behalf of herself and all similarly situated, hereby moves the Court pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6) to dismiss Defendant Staffers' counterclaim. The purported counterclaim does not share a common nucleus of operative facts with the Plaintiffs' Fair Labor Standards Act ("FLSA") claim. The Court, therefore, does not have jurisdiction over this non-compulsory state law counterclaim. Moreover, public policy concerns require the counterclaim be dismissed.

Staffers also failed to sufficiently plead a claim for relief under the principles of *Twomb*ly and *Iqbal* because there is no private right of action for the alleged theft claim, there is no chattel is at issue here for a conversion claim to succeed, and the fraud and misrepresentation claim is barred by the statute of limitations. For these reasons, discussed below, the counterclaim must be dismissed.

## III. BACKGROUND

This case involves collective action claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and Fed. R. Civ. P. 23 class claims under Oregon law for unpaid wages. Plaintiff and the putative classes worked as hourly-paid patient care employees for Defendants



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

during the respective federal and state statutory periods.[1] Plaintiff claims that Avalon required herself and failed to properly compensate non-exempt patient care workers for work during unpaid meal periods and for work performed while "off-the-clock.[2]

Defendant Staffers LLC filed a counterclaim against Ms. Estrada, asserting fraud and misrepresentation, conversion, and theft theories of liability. The counterclaim primarily centers around conduct that allegedly occurred after she ceased working for Staffers. Specifically, the counterclaim centers around worker's compensation and unemployment insurance payments.

## IV. STANDARD OF REVIEW

Rule 12(b)(1) authorizes dismissal when there is no subject matter jurisdiction. Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or a motion. Fed. R. Civ. P. 12(b)(1); *Beckwith v. O'Donnell*, No. 3:23-cv-353-SI, 2024 U.S. Dist. LEXIS 43090, at *2 (D. Or. Mar. 12, 2024). When subject matter jurisdiction is challenged, the defendant asserting a counterclaim has the burden of proving jurisdiction to survive the motion. *See Hayes v. Johnson*, No. 3:24-cv-00954-HZ, 2024 U.S. Dist. LEXIS 121431, at *2 (D. Or. July 5, 2024); *Trustees of The Sheet Metal Workers' Local Union No. 80 Pension Trust Fund v. W.G. Heating & Cooling*, 555 F. Supp. 2d 838, 844 (E.D. Mich. 2008).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true," that states a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)); However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Iqbal*, 556 U.S. at 679

---

[1] *See generally* Fourth Am. Compl. (ECF No. 156).

[2] *Id.* at ¶ 1.



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

(legal conclusions themselves are not entitled to a presumption of truth but must be accompanied by well-pleaded factual assertions in a complaint); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The factual allegations must be enough to raise a right to relief above the speculative level; they must state a claim to relief that is facially plausible. *Humes v. Haskell*, No. EDCV 18-0379-SJO (JEM), 2019 U.S. Dist. LEXIS 45222, at *6 (C.D. Cal. Feb. 14, 2019). Thus, a motion to dismiss under Rule 12(b)(6) will be granted if there are not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Court must first consider Plaintiffs' Motion under Rule 12(b)(1) to decide whether it has jurisdiction before proceeding under Rule 12(b)(6). *See Shinotsuka v. Fed. Corr. Inst. Terminal Island*, No. CV 22-03275-MWF (KSx), 2023 U.S. Dist. LEXIS 234076, at *9 (C.D. Cal. Dec. 14, 2023). *See also Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

## V. ARGUMENT

### a. <u>The Court Lacks Subject Matter Jurisdiction Over Defendants' Non-Compulsory State Law Counterclaim</u>

This Court lacks subject matter jurisdiction over Defendants' state law counterclaim because (1) there is no original federal jurisdiction; (2) Defendants' counterclaim is not "compulsory" under Fed. R. Civ. P. 13(a)(1); (3) Defendants' claim does not derive from the common nucleus of operative facts as Plaintiff's FLSA claims and therefore is not subject to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a); and (4) public policy weighs against allowing Defendants' retaliatory counterclaim in.

#### *i. There is no original federal jurisdiction.*

There are only two (2) scenarios where federal district courts have original jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity of citizenship jurisdiction



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

under 28 U.S.C. § 1332. Here, Defendants bring a state-law claim. This does not raise a federal question. Staffers also fails to show its claim meets the $75,00.01 jurisdictional minimum for diversity jurisdiction. 28 U.S.C. § 1332(a). *See also Cty. Communs. Corp. v. McLeodUSA Telcoms. Servs.*, No. CV-09-2063-PHX-GMS, 2010 U.S. Dist. LEXIS 42892, at *14 (D. Ariz. Apr. 30, 2010) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). (party invoking federal jurisdiction bears jurisdictional burden, including amount in controversy). There is no original federal jurisdiction.

*ii. The counterclaims are not "compulsory" under Fed. R. Civ. P. 13(a)(1).*

Staffer's state law counterclaims are not "compulsory" counterclaims; foregoing them here does not bar Defendants from otherwise pursuing them. If a counterclaim is compulsory, then no independent jurisdictional basis for the counterclaim need be shown. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974). Any counterclaim that is not compulsory is considered "permissive" and is subject to independent subject matter jurisdiction scrutiny. Fed. R. Civ. P. 13(b).

A counterclaim is compulsory if the claim exists at the time of its service and "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P 13(a)(1). A claim arises out of the same transaction if there is a "logical relationship" between the counterclaim and the main claim. *Keith v. United States (In re Keith)*, 974 F.2d 113, 115 (9th Cir. 1992) (citing *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987)). In other words, the Court must determine if "the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional



**SCHNEIDER WALLACE
COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

legal rights otherwise dormant in the defendant." *Okanogan Highlands All. v. Crown Res. Corp.*, 526 F. Supp. 3d 872, 876 (E.D. Wash. 2021) (citing *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005)). If the answer to this question is no, then the counterclaim is **not** compulsory.

Courts generally hold that state law counterclaims are not compulsory to FLSA claims. *See, e.g.*, *Lou v. Ma Labs., Inc.*, No. C 12-05409 WHA, 2013 U.S. Dist. LEXIS 109135 (N.D. Cal. Aug. 2, 2013); *Coronado v. D. N.W. Houston, Inc.*, 2014 WL 2779548, at *3 (S.D. Tex. June 19, 2014); *Anderson v. P.F. Chang's China Bistro, Inc.*, No. 16-14182, 2017 U.S. Dist. LEXIS 134523, at *13-14 (E.D. Mich. Aug. 23, 2017); *Morris v. Blue Sky Mgmt., LLC*, 4:11-cv-00979-BP, 2012 WL 527936, at *3 (W.D. Mo. Feb. 16, 2012); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467-68 (S.D.N.Y. 2008); *Williams v. Long*, 558 F.Supp. 2d 601, 604 (D. Md. 2008); *Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 640733, at *1 n.1 (D. Kan. Mar. 6, 2008). *See also Cassone v. Austin Chron. Corp.*, No. 1:23-CV-1197-RP, 2024 U.S. Dist. LEXIS 82778, at *16 (W.D. Tex. May 7, 2024).

For example, in *Martinez v. PM&M Elec., Inc.* the plaintiff asserted FLSA claims for unpaid overtime wages. 2019 U.S. Dist. LEXIS 18393 (D. Ariz. 2019). The employer filed a counterclaim, asserting (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) negligence. *Id.* at *3. The counterclaim was based on a contract between the parties for the tools, withholding in reimbursement of the contract, and the plaintiff's alleged negligent refueling of a company vehicle and the resulting damages. *Id.* at *13. The court held that the counterclaim was not compulsory or permissive:

> Evidence required to resolve these allegations will pertain to [p]laintiff's work hours and the compensation he received. . . . In contrast, [defendant's] counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and negligence will require proof of the parties' contract



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

> for the tools, withholding in reimbursement of the contract, and [p]laintiff's alleged negligent refueling of a company vehicle and the resulting damages. The two sets of claims overlap only insofar as each arises from the circumstance that [p]laintiff was employed by [defendant]. The simple fact of employment is insufficient to establish supplemental jurisdiction over [defendant's] counterclaims. Plaintiff's claims are not so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. . . . For the same reasons the Court concluded that the counterclaims were not logically connected, the Court concludes that [defendant's] counterclaims do not meet the broader standard of sharing a common nucleus of operative facts: . . . Finally, even if the Court had supplemental jurisdiction over [defendant's] counterclaims, it would decline to exercise jurisdiction on the circumstances presented in this case. Allowing the non-wage disputes to color [p]laintiff's wage-related claims would undercut the underlying purposes of the causes of action.

*Id.* at *12-14.

Judge Nelson also recently issued a similar a decision in *Pablo v. Buell*, No. 3:24-cv-01798-AN, 2025 U.S. Dist. LEXIS 9563, at *9 (D. Or. Jan. 17, 2025). The defendant there, just like Staffers here, asserted a counterclaim, claiming fraud/embezzlement, conversion, and other theories of liability. *Id.* at *5. Specifically, the employer claimed that plaintiffs forged signatures on various business checks, including checks made out as "bonuses." *Id.* Judge Nelson found that the counterclaim was not compulsory or permissive, and declined to exercise supplemental jurisdiction:

> There is no common nucleus of operative fact between the facts necessary to prove plaintiffs' FLSA claim and those needed to prove the Pepita defendants' counterclaims. To prove their FLSA claim, plaintiffs will need to show that defendants violated the FLSA by failing to adequately compensate plaintiffs for certain hours and overtime worked. . . . In contrast, the Pepita defendants' counterclaims derive from plaintiffs' alleged forging of checks and failure to repay loans. . . . Because plaintiffs' federal claim and the Pepita defendants' counterclaims do not arise from a common nucleus of operative fact, the Court lacks jurisdiction and must



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

> dismiss the Pepita defendants' counterclaims. . . . The facts from which the counterclaims and plaintiffs' FLSA claim arise have minimal overlap, and the amount of evidence that would be needed to prove the Pepita defendants' counterclaims that is irrelevant to plaintiffs' FLSA claim is extensive. . . . As such, the counterclaims would likely overwhelm plaintiffs' claim and impede plaintiffs' ability to expeditiously pursue their claim. . . . Accordingly, even assuming that the Pepita defendants' state law counterclaims did arise out of the same case or controversy as plaintiffs' FLSA claim, there are compelling reasons to decline to exercise supplemental jurisdiction.

*Id.* at *9-16.

The employer in *Anderson v. P.F. Chang's China Bistro, Inc.* also tried to assert a state-law counterclaim in an FLSA action. There, a group of kitchen employees who claimed they were not paid minimum wage for hours worked and/or were not paid overtime for hours worked over 40 hours in a work. 2017 U.S. Dist. LEXIS 134523, at *2. The defendant-employer asserted state-law counterclaims, alleging accounting and offset/recoupment, breach of contract, breach of good faith and fair dealing, unjust enrichment and restitution, and faithless servant. *Id.* The court dismissed these claims for want of jurisdiction, explaining that the parties' claims involve different laws and evidence.

> [Plaintiff's] claims focus on how many hours he worked, how much he was paid, and whether, as a Sous Chef, he was an exempt or non-exempt employee under the FLSA. P.F. Chang's' Counterclaims, on the other hand, involve questions of whether the parties had a contract . . . what any contract required, whether Anderson breached any contract, whether Anderson was unjustly overpaid for work he performed, whether Anderson engaged in misconduct or grossly mismanaged P.F. Chang's' affairs, and to what extent, if any, P.F. Chang's was damaged. The Court finds that P.F. Chang's' Counterclaims are not compulsory because they do not arise from the same transaction or occurrence as Anderson's claims.



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Id.* at *13-14 (citing *Sneed v. Wireless PCS Ohio #1, LLC*, No. 1:16CV1875, 2017 U.S. Dist. LEXIS 31279, 2017 WL 879591, at *2 (N.D. Ohio Mar. 6, 2017).

Likewise, in *Morris v. Blue Sky Mgmt., LLC*, another FLSA collective action, the employer counterclaimed for breach of contract, breach of fiduciary duty, breach of duty of loyalty, and unjust enrichment. 2012 WL 527936 at *3. The court found that the counterclaims were not compulsory because the "only overlap . . . [was] a determination of whether Plaintiff was an exempt or non-exempt employee." *See id.* at *3-4 (listing cases).

Here, as in *Martinez*, *Pablo*, *Anderson*, and *Morris*, the facts underlying the counterclaim are largely unrelated to Plaintiff's FLSA claims. Plaintiffs' unpaid wage claims involve determining (1) whether Plaintiff was employee or and independent contractor of Staffers; (2) the hours Plaintiff worked,[3] *see* 29 U.S.C. §§ 203(m), 207(a)(1), 215(a)(2); and (3) whether the Avalon Defendants employed Plaintiff. Meanwhile, the counterclaim centers on (a) if Plaintiff was fit to work while she was on disability; and (b) whether Plaintiff deceived Staffers with respect to her ability to work. This has nothing to do with the hours Plaintiff worked and was not paid for – the subject of this litigation.

Any minimal cross-over of facts does not support a finding that the counterclaim compulsory. *See, e.g., Morris*, 2012 WL 527936, at *3-4; *Coronado*, 2014 WL 2779548, at *2; *Lou*, 2013 WL 3989425, at *2 ("Applying the logical relationship test, defendants' breach-of-contract and conversion counterclaims plainly do not rest on the same operative facts as plaintiff

---

[3] Staffers will likely claim that the counterclaim will require proof of the hours Ms. Estrada worked, including "how many hours plaintiff[] worked during the specified time periods and whether she was] adequately compensated for that time. [However] [t]he two sets of claims overlap only insofar as each arises from plaintiff['s] employment relationship with the [] defendants. 'Such a relationship is insufficient to establish supplemental jurisdiction[.]'" *Pablo*, No. 2025 U.S. Dist. LEXIS 9563, at *12 (J. Nelson).



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Lou's wage-and-hour claim."); *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007) (an employment relationship is insufficient to create common nucleus of operative fact where it is the sole fact connecting the FLSA claim to state law claims.); *Williams*, 558 F. Supp. 2d at 604 ("The legal issues raised by a minimum wage and overtime laws are clearly distinct from those raised by the laws of breach of contract, breach of fiduciary duty, and invasion of privacy."). In fact, much of the counterclaim centers on purported conduct that occurred **after** Ms. Estrada stopped working for Staffers.

Accordingly, the essential facts for proving the wage claims and the counterclaim "are not so closely related that resolving both sets of issues in one lawsuit would yield judicial efficiency." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 210 (2nd Cir. 2004) (finding counterclaims permissive, not compulsory). The counterclaim is thus permissive, not compulsory, and subject to an independent review of whether supplemental jurisdiction exists, i.e., whether they arise out of same case or controversy. *See Shinotsuka*, 2023 U.S. Dist. LEXIS 234076 at *9.

*iii. The counterclaim is not subject to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because it does not derive from a common nucleus of operative facts.*

Supplemental jurisdiction does not exist here. Supplemental jurisdiction is appropriate over claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Courts generally decline to exercise supplemental jurisdiction over state law claims in FLSA matters, even when the counterclaims generally relate to the parties' employment relationship. *See, e.g., Martinez*, 2019 U.S. Dist. LEXIS 18393; *Ripley v. PMD Dev. LLC*, 2018 U.S. Dist. LEXIS 174968, 2018 WL 4931750, *2 (D. Ariz. 2018) (citation omitted) ("[A]n employment relationship alone does not generate supplemental jurisdiction over state law counterclaims. . . . The



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

counterclaims overlap with Ripley's FLSA claim only insofar as each arises from the contract and employment relationship between Defendants and Ripley, which is insufficient to serve as the 'common nucleus of operative facts"); *Poehler v. Fenwick*, 2015 U.S. Dist. LEXIS 156770, 2015 WL 7299804, *2 (D. Ariz. 2015) ("The only connection between Defendants' contract [counter]claims and [p]laintiff's FLSA claims is the existence of an employment relationship. Indeed, other federal courts considering the issue have concluded that the mere existence of an employment relationship between plaintiffs and defendants were insufficient to establish supplemental jurisdiction over Defendants' counterclaims that have nothing to do with the underlying wage claims"); *Casas v. Brightwater Int'l, Inc.*, 2011 U.S. Dist. LEXIS 15287, 2011 WL 486564, *3 (C.D. Cal. 2011) ("[D]efendant's counterclaims should be dismissed for lack of subject matter jurisdiction. . . . The only tenuous connection between the two claims is the existence of an employment relationship between plaintiffs and defendants, which is insufficient to establish supplemental jurisdiction . . . .") (citation omitted). *See also Bruce v. Sana Health, Inc.*, 504 F. Supp. 3d 653, 659 (E.D. Mich. 2020) ("[T]he Court finds [d]efendants' state law conversion Counterclaim is insufficiently related to [p]laintiff's FLSA claim and GRANTS Plaintiff's Motion to Dismiss."); *Ozawa v. Orsini Design Assocs., Inc.*, 2015 WL 1055902, at *12 (S.D.N.Y. Mar. 11, 2015) ("Because there is little beyond the employment relationship that joins the state law counterclaim with Ozawa's overtime claims, the Court concludes that it lacks jurisdiction over [d]efendants' state law counterclaim"); *Coronado*, 2014 WL 2779548, at *4; *Lou*, 2013 WL 3989425, at*3 ("[D]efendants' counterclaims do not form part of the same case or controversy . . . . The mere fact that the parties were once linked by an employer-employee relationship is insufficient . . . .")



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Here, as explained above, there is not a sufficient connection between the facts underlying Plaintiff's FLSA claims and the counterclaim to find that supplemental jurisdiction exists. The counterclaim is, at best, merely tangential to Plaintiffs' FLSA claims. Accordingly, the Court should find that no supplemental jurisdiction exists. The counterclaim should therefore be dismissed for lack of subject matter jurisdiction.

*iv. Public policy weighs against allowing the retaliatory counterclaim.*

Finally, even if the Court finds it may exercise supplemental jurisdiction over the counterclaim, public policy should prevent it from doing so. A court can decline to exercise supplemental jurisdiction if "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Congress enacted the FLSA to provide employees a narrow means to enforce their employment rights, and courts exercise their discretion to decline hearing counterclaims in FLSA actions. *See Lyon v. Whisman*, 45 F.3d 758 at 764 (3rd Cir. 1995) ("[W]e find no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships."); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) (noting that the sole function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages," and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]"); Coronado, 2014 WL 2779548, at *4 (listing cases and stating: "In FLSA cases, the Fifth Circuit has 'been hesitant to permit an employer to file counterclaims'"); *Hyman v. WM Fin. Servs., Inc.*, 2007 WL 1657392, at *5 (D.N.J. June 7, 2007) (declining to exercise jurisdiction, pursuant to 28 U.S.C. §



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1367(c), where hearing state law claims "would require the Court to engage in a journey of law and fact far afield from the issue raised in their FLSA action").[4]

Here, Plaintiffs seek a narrow adjudication of her and other employees' FLSA claims, which Defendants seek to bloat and discourage with an unrelated state law counterclaim. The Court should decline the invitation.

b. The Counterclaim Fails to State a Claim Upon Which Relief May be Granted.

The Court should also dismiss the counterclaim, with prejudice, because Staffers is simply not entitled to relief under the law. It asserts three causes of action: (1) fraud and misrepresentation; (2) theft; and (3) conversion. There is no private right of action for the alleged theft claim, there is no chattel is at issue here for a conversion claim to succeed, and the fraud and misrepresentation claim is barred by the statute of limitations. As such, the counterclaim does not contain "factual matter, accepted as true," that states a facially plausible claim to relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). It must therefore be dismissed with prejudice.

c. There is no private right of action for the theft counterclaim.

Regardless of whether the Court has jurisdiction over the counterclaim, it still must be dismissed because Staffers is simply not entitled to relief; there is no private right of action for the theft counterclaim. Judge Mosman's decision in *Great Am. Ins. Co. v. Linderman*, 116 F. Supp. 3d 1183 (D. Or. 2015) is instructive on this issue.

The plaintiff in *Linderman* asserted several claims that Staffers here asserts, including theft pursuant to ORS § 164.015; theft by deception pursuant to ORS § 164.085; common-law civil fraud; and fraudulent and illegal conduct. *Id.* at 1185. The plaintiff alleged that defendants engaged

[4] Plaintiff also considers this counterclaim as retaliation for asserting her rights under the FLSA. If Plaintiff's Motion is denied, she plans to amend the instant Complaint to assert a claim under 29 U.S.C. § 215(a)(3).



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

in fraudulent billing activities resulted in the plaintiff overpaying defendants for their services by at least $822,562.00. *Id.* at 1186. Judge Mosman dismissed the theft claim, with prejudice. *Id.* at 1191. He explained that ORS § 164.015 and ORS § 164.085 are criminal statutes, that the plaintiff could not enforce. *Linderman*, 116 F. Supp. 3d at 1191 ("Great American pleaded a claim that is not legally cognizable as a private claim . . . The referenced claims are DISMISSED WITH PREJUDICE as to all defendants.")

*Linderman* is directly on point. Like the plaintiff there, Staffers alleges ORS § 164.015 and ORS § 164.085, which are criminal statutes. These are simply "not legally cognizable as [] private claim[s]" and should therefore be dismissed with prejudice. *Id.*

d. <u>The conversion claim fails because there is no chattel at issue.</u>

*Linderman* also explains why the conversion cause of action fails to state a claim upon which relief can be granted: there is no dispute over a chattel, which is a threshold requirement for a conversion claim. The defendants there argued that "a conversion claim requires physically identifiable money, not just an identified amount of money." *Linderman*, 116 F. Supp. 3d at 1188. Judge Mosman agreed. He explained that "Great American has not pleaded that the . . . defendants exercised dominion over any **tangible** monies, specific instruments, or other chattels" and therefore "the facts that Great American pleaded are incompatible with a conversion claim." *Id.* at 1189 (emphasis added). He therefore dismissed the conversion claim, with prejudice. *Id.*[5]

As *Linderman* makes clear, Staffers' conversion cause of action must also be dismissed with prejudice. Like the plaintiff in that case, Staffers merely alleges that Ms. Estrada intentionally

---

[5] Judge Mosman rejected the plaintiff's theory that the complaint specifically identifies fraudulent billing, which it contended constituted chattels over which the defendants exercised control. *Linderman*, 116 F. Supp. 3d at 1188-89.



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

exercised control over Staffer's money.[6] Moreover, "**[b]ecause this dispute is about money, rather than specific notes, coins, or instruments**, further allegations will not establish a plausible claim for conversion." *Id.* (emphasis added). The Court should thus dismiss the conversion claim with prejudice.

e. The fraud and misrepresentation claim is barred by the statute of limitations.

Staffers' fraud and misrepresentation claim must also be dismissed with prejudice because it is unequivocally time-barred. "The 'catch-all' limitations period for actions that are neither contract actions nor actions 'especially enumerated" in ORS chapter 12 is two years." *Willms v. Amerititle, Inc.*, 314 Or. App. 687, 698-99 (2021) (citing ORS 12.110(1)). This includes "claims for fraud generally." *Id.* The six-year statute of limitations applies only when the fraud or misrepresentation involves an injury "'to any interest of another in real property.'" *Id.* at 698 (quoting ORS 12.080(3))

The alleged fraud here does not involve real property. Thus, at the default two-year statutory period applies. *See id.* However, as Staffers explained, Ms. Estrada was paid disability worker's compensation benefits from Staffers' insurance from November 13, 2021, through March 5, 2022.[7] Staffers also admits that she ceased working for it on roughly December 20, 2020.[8] It also concedes that the latest Ms. Estrada collected unemployment benefits was March 5, 2022.[9]

---

[6] (ECF No. 220) at ¶ 26.

[7] *Id.* at ¶ 10.

[8] *Id.*

[9] *Id.* at ¶ 11.



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Ms. Estrada was deposed on September 21, 2022.[10] But the counterclaim was not filed until October 3, 2024.[11] Thus, even if Staffers claims did not discover the facts supporting this claim until Ms. Estrada's deposition, it still waited longer than the two-year statutory period to file this claim. It is thus unquestionably time-barred and must be dismissed with prejudice.

## VI. CONCLUSION

The counterclaim must be dismissed for several reasons. First, there is no basis for federal question jurisdiction over the claim. Second, the counterclaim is not compulsory. Next, the claim does not derive from a common nucleus of operative facts warranting supplemental jurisdiction under 28 U.S.C. § 1367(a). Fourth, public policy concerns should prevent the purported counterclaim from proceeding here. Finally, Staffers failed to provide any facts sufficient to support its counterclaim. As such, the counterclaim should be dismissed with prejudice.

Date: August 19, 2025 August 19, 2025 Respectfully submitted,

*/s/ Robert E. Morelli, III*
Dana L. Sullivan (Oregon SBN 944834)
**BUCHANAN ANGELI**
**ALTSCHUL & SULLIVAN LLP**
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Phone: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff, Class, and Collective Members*

Carolyn H. Cottrell (*pro hac vice*)
Robert E. Morelli, III
Oregon Bar No. 242740
Ori Edelstein (*pro hac vice*)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

---

[10] Excerpt from Estrada Deposition, attached as **Exhibit A.**

[11] (ECF No. 220).

2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@ schneiderwallace.com
*Lead Attorney for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 4,394 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 19, 2025, I filed and served the foregoing upon all parties and/or their counsel of record via the Court's CM/ECF system.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III