David G. Hosenpud, OSB No. 832414
hosenpudd@ballardspahr.com
Heather St.Clair, OSB No. 154252
stclairh@ ballardspahr.com
BALLARD SPAHR, LLP
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Erin M. Wilson, admitted pro hac vice
wilsonem@ ballardspahr.com
Hannah A. Ard, admitted pro hac vice
ardh@ ballardspahr.com
BALLARD SPAHR, LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

TINA ALONZO PLAINTIFF, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE LLC, AVALON HEALTH CARE ROYALE GARDENS LLC, STAFFERS LLC, AVALON HEALTH CARE, INC. d/b/a AVALON HEALTH CARE GROUP, AVALON HEALTH CARE MANAGEMENT, INC., AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC,

Defendants.

Case No. 1:21-cv-00688-CL

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS STAFFERS' COUNTERCLAIMS**

## **INTRODUCTION**

Plaintiff's motion to dismiss is time-barred and lacks merit. Plaintiff repeatedly misrepresented that she was working while taking meal breaks. She committed fraud in claiming unemployment and workers compensation benefits from Staffers when she was working for other staffing companies at the same time. She filed the instant motion to dismiss these claims 11 months after they were filed. Nevertheless, she asks the court to dismiss the counterclaims against her, without any explanation for her misconduct or her extreme delay in responding.

On October 3, 2024, Defendants answered Plaintiff's Fourth Amended Complaint ("FAC") and Staffers asserted counterclaims arising out of her work for Staffers and her wage claims against Defendants. (Dkt. 220, Counterclaims ("CC").) Plaintiff had 21 days under Federal Rule of Civil Procedure 12(a)(1)(B) to either answer the counterclaims or move against them. She did neither. Fed. R. Civ. Proc. 12(a)(1)(B) (a "party **must** serve an answer to a counterclaim … within 21 days …") (emphasis added). Plaintiff's failure to respond to the pleading within the time permitted by the Rules renders the allegations against her deemed admissions. Fed. R. Civ. Proc. 8 (b)(6) ("An allegation … is admitted if a responsive pleading is required and the allegation is not denied.") Instead of timely responding, Plaintiff waited eleven months to acknowledge Staffers' counterclaims, and her motion to dismiss is now foreclosed by the Federal Rules of Civil Procedure.

Even if Plaintiff's untimely motion is considered, her arguments do not warrant dismissal. Contrary to Plaintiff's arguments, this Court has supplemental jurisdiction over Staffers' counterclaims, which sufficiently put Plaintiff on notice of the claims against her. Additionally, Staffers' counterclaims are sufficient to state claims for fraud and conversion, and the statute of



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

limitations was tolled by relation back to Plaintiff's original pleading. Plaintiff's motion to dismiss should be denied.

## FACTUAL BACKGROUND

Plaintiff has been on notice of Staffers' intent to bring counterclaims that offset Plaintiff's alleged damages since at least November of 2022.[1] In late 2022, Defendants sought documents and information related to Plaintiff's wage claims, including documents she claimed she kept for purposes of personally tracking her own work hours and documents related to her unemployment claims against Staffers' policy. (Dkt 63.) At that time, Staffers informed the Court and the Plaintiff that the discovery sought would provide an additional basis for its counterclaim or offset defense.

Furthermore, in November 2022, Staffers introduced evidence supporting its counterclaims in support of Defendants' motion for summary judgment that not only had Plaintiff been paid for every minute she worked but she had in fact been overpaid, including evidence that Plaintiff repeatedly took meal breaks without clocking out which resulted in her being paid for time when she was not working. (Dkts. 86, 96, 99.) Defendants also submitted evidence in support of those summary judgment motions that Plaintiff engaged in time theft and benefits fraud. Plaintiff fraudulently submitted claims and collected on Staffers' worker's compensation and unemployment insurance plans, *while she was employed by Staffers but actively working for another staffing agency*. (Dkt 99. ¶¶ 7-11, Exs. 2, 5-9, 143-1 at pp. 10-11.)

Plaintiff incorrectly asserts that the counterclaims arise from events that post-date her employment at Staffers or are somehow unrelated to her own claims. However, the events giving

[1] *See* November 7, 2022 Letter from Defendants to Court (no docket entry available) regarding discovery sought by Defendants, including information related to possible counterclaims. See *also*, Dkt. 139, FN 1: "…Defendants have submitted concrete evidence that Plaintiff at other times took meal breaks she did not record." (Citing Dkts. 86-120; Dkt. 140 at ¶ 3, Ex. 2).



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

rise to Staffers' counterclaims occurred during and/or arose out of Plaintiff's employment.[2] Principally, Plaintiff claims that she was not paid for time working off the clock, whereas Staffers' counterclaims assert that she was paid for time not worked. These dueling allegations necessarily arise out of the same time period and common nucleus of operative facts. Moreover, Plaintiff filed a worker's compensation disability claim on Staffers' plan and collected on that claim between December 20, 2020, and March 29, 2021. (Dkt. 99 ¶9, Ex. 7.) Plaintiff notified her Manager, Staffers' Oregon supervisor Trisha Ames that she was cleared to return to work from her COVID bout on April 1, 2021, but that she had other medical issues requiring attention. (Dkt. 96 ¶13, Ex. 11 at pp. 57-58.) Meanwhile, Plaintiff also claimed unemployment benefits on Staffers' plan from December 26, 2020 until March 5, 2022. (Dkt. 99.) While claiming to be unemployed, and medically disabled, and collecting benefits under Staffers' worker's compensation and unemployment insurance plans, Plaintiff worked for other staffing agencies during that period. (Dkt. 143-1 at 10-11.)

Plaintiff's argument now asserting that Staffers' counterclaims post-date her employment is inconsistent with Defendants' summary judgment evidence establishing that Plaintiff filed an FMLA request with Staffers on July 28, 2021, and identifying Staffers as her employer on that date. (Dkt. 96 at ¶ 15, Ex. 13.) It is also inconsistent with Defendants' evidence that Plaintiff also continued to maintain contact with her manager about potential work at Staffers on August 4, 2021,

[2] Staffers' counterclaims accurately state that Plaintiff "was employed by Staffers from September 2020 through December 2020." However, those dates state the active shifts Plaintiff was working for Staffers, not the entire duration of her employment. Staffers does not plead an end date for Plaintiff's employment, nor can it, as there is no evidence that Plaintiff ever quit or was fired by Staffers, which was the subject of Defendants' motion to dismiss Plaintiff's Oregon final pay claim. (Dkt. 171, pp. 9-11.). As noted above, and in Defendants' summary judgment motion (Dkt. 86, pp. 12, 17-18), there is evidence that Plaintiff remained employed by Staffers for some time into late 2021 or even early 2022, but the burden remains on Plaintiff to prove the end of her employment for her final pay claim. The end of Plaintiff's employment is not material to either of Staffers' counterclaims.



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

August 9, 2021, and January 28, 2022, though Plaintiff did not ultimately work shifts on those dates. (Dkt. 136-1 at p. 64, 135-1 at p. 44, and 96 ¶ 13, Ex. 11 at p. 61.) These facts support Staffers' counterclaim, as Plaintiff, through her various misrepresentations, wrongfully obtained benefits intended for Staffers' employees that are medically unable to work or who become unemployed through no fault of their own.

Plaintiff's original pleading was filed May 5, 2018, and after several amendments, Defendants timely answered Plaintiff's Third Amended Complaint on November 30, 2021. (Dkt. 30.) Plaintiff substantially amended her complaint for a fourth time on May 1, 2023, after more than two years of extensive discovery permitted Defendants to obtain the evidence on which Staffers' counterclaims rely. (Dkt. 156.) After their motion to dismiss the complaint was granted in part and denied in part on September 19, 2024, (Dkt. 219), Defendants timely answered Plaintiff's new allegations, and Staffers asserted counterclaims on October 3, 2024. (Dkt 220, CC.) Plaintiff was required to answer or move against Staffers' counterclaims within 21 days of service, or by October 24, 2024. Fed. R. Civ. P. 12(c). Because Plaintiff failed to respond at all within the time required, Plaintiff's motion to dismiss should be denied.

## ARGUMENT

### A. Plaintiff's Motion Must be Denied as Untimely.

Federal Rule of Civil Procedure 12(a)(1)(B) states that "a party **must** serve an answer to a counterclaim … within 21 days after being served with the pleading that states the counterclaim…." The Rule permits the party to assert their defenses by motion, but they "**must** be made before pleading if a responsive pleading is allowed." FRCP 12(b). Plaintiff's motion was therefore due on or before October 24, 2024. It was filed on August 19, 2025. (Dkt 258).



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Plaintiff cannot and does not explain the extreme untimeliness of her August 19, 2025 filing. Her motion should be denied.[3] *See, e.g.*, *Hassanshahi v. Drug Enf't Admin*., 776 F. App'x 414, 415 (9th Cir. 2019) (affirming a district court's denial of an untimely motion for an extension of time to respond to a motion to dismiss); *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146–47 (9th Cir. 2004) (denying motion filed six weeks late as "an inordinate delay, and the proffered explanation for that delay is one that we all agree is entirely 'inadequate.'"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal where pro se litigant failed to respond within the time set by local rules because even "pro se litigants are bound by the rules of procedure."); *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 974 (9th Cir. 2007) (affirming denial of motion on grounds of untimeliness).

Further, the "effect of failing to deny an allegation – other than one relating to the number of damages – is [that it is] admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. Proc. 8(b)(6); *Alloy Prods. Corp. v. United States*, 302 F.2d 528, 531 (Ct. Cl. 1962) ("Since plaintiff has filed no reply to defendant's counterclaim, defendant's allegations were admitted and required no specific proof under [the] Rule[s]" because "[t]he rules are clear and were not made to be broken."); *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy*

[3] Plaintiff never sought an extension of time to respond, which would have required a showing of "good cause" which she does not attempt to make in her motion to dismiss. *United States v. Burrell*, 114 F.4th 537, 548 (6th Cir. 2024) (affirming district court's denial of an "untimely" motion to dismiss where the plaintiff "failed to provide any explanation for the six-month delay."); *In re Veritas Software Corp. Sec. Litig*., 496 F.3d 962, 974 (9th Cir. 2007) (affirming district court's denial of a motion filed 15 days after deadline set by FRCPs because plaintiff lacked good cause for late filing); *Everson v. Medlantic Healthcare Group*, 2006 WL 297711 (D.D.C. 2006) ("it is an abuse of the court's discretion to consider an untimely motion in the absence of a motion for an extension."); *Mann v. Castiel*, 729 F. Supp. 2d 191, 194–96 (D.D.C. 2010), *aff'd*, 681 F.3d 368 (D.C. Cir. 2012) ("Without a motion, the Court has no basis on which to grant a time extension."); *Drippe v. Tobelinski*, 604 F.3d 778, 786 (3d Cir. 2010) (district court abused its discretion by allowing enlargement after time had expired). Nor could she after such a lengthy delay.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

*Fund, L.P.*, 744 Fed. Appx. 192, 203 (5th Cir. 2018) ("The only effect of failing to answer is that the allegations in the complaint (or counterclaim) are deemed admitted.") (citing Wright & Miller.).

Therefore, Plaintiff's failure to timely respond to Staffers' allegations renders them admissions. Plaintiff offers nothing to justify the untimeliness of her motion and thus there is no basis for the Court to overlook or excuse Plaintiff's untimely filing. Plaintiff's motion to dismiss, filed nearly a year late, should be denied.

**B. Plaintiff's Motion to Dismiss Fails on the Merits.**

Plaintiff asserts that Staffers' counterclaims should be dismissed because this Court lacked subject matter jurisdiction over them, the statute of limitations has elapsed, and because they fail to state a claim upon which relief can be granted. Plaintiff's arguments are not supported by the law or the facts of this case.

**1. This Court has Supplemental Jurisdiction over Staffers' Counterclaims.**

Staffers properly pled supplemental jurisdiction under 28 U.S.C. § 1367 (Dkt. 220 CC ¶ 2) as the basis for its counterclaims against Plaintiff. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("the state and federal claims must derive from a common nucleus of operative fact."). In *Villegas v. Dubiel*, this Court was presented with a subset of precisely the same claims brought here, including a minimum wage claim under the FLSA and Oregon state claims for unpaid minimum wages and final pay. No. 1:23-CV-00904-CL, 2024 WL 1993988, at *2 (D. Or. Apr. 23, 2024), *rep. and rec. adopted*, No. 1:23-CV-00904-CL, 2024 WL 2153607 (D. Or. May 14, 2024). The Court found that it had "supplemental jurisdiction over the claims based in Oregon law under 28 U.S.C. § 1367, being that they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

States Constitution." *Id.*; *see also*, *Lopez v. Buell*, No. 3:24-CV-01798-AN, 2025 WL 240820, at *3 (D. Or. Jan. 17, 2025) ("Given that Congress has now granted district courts supplemental jurisdiction over all claims that arise out of the same case or controversy, the test for supplemental jurisdiction over counterclaims is whether the counterclaim shares a common nucleus of operative fact with the federal claim.").

Supplemental jurisdiction is proper here because Staffers' counterclaims share a common nucleus of operative fact with Plaintiff's claims. Specifically, Plaintiff alleges one claim under the FLSA and five claims for unpaid wages based on Oregon law, over which the Court has exercised supplemental jurisdiction for more than four years. Staffers' well-pled counterclaims clearly arise from the same nucleus of operative facts surrounding Plaintiff's own claims. Plaintiff strains logic and asserts that Staffers' counterclaims *seeking recoupment or offset of wages* are unrelated to her own claims against Staffers *seeking unpaid wages*. Plaintiff alleges she was forced to work off the clock, whereas Staffers' counterclaims assert that she was *not* working while on the clock. *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1286 (S.D. Fla. 2019) ("… Plaintiffs' FLSA claim involves the same set of facts as Defendants' counterclaims because they each relate to whether Plaintiffs were stealing rather than working during the hours Plaintiffs allege that they should have been compensated."). Staffers' counterclaims are therefore part of the "same case and controversy" presented by Plaintiff's claims. *See, e.g., Durland v. Straub*, No. 3:20-CV-00031-IM, 2022 WL 2704169, at *2 (D. Or. July 12, 2022) (finding "this Court has supplemental jurisdiction over the claims based on Oregon law, as they are 'part of the same case or controversy' as the FLSA claims" and exercising jurisdiction over the defendant employer's counterclaims as well). Supplemental jurisdiction is proper.[4]

---

[4] Moreover, Plaintiff's argument that Staffers' counterclaims are "retaliatory" is incorrect. It has long been the case that Oregon's wage statutes prohibit an employer from engaging in self-help to



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

### 2. Defendants' Counterclaims Properly Assert Claims for Fraud and Conversion.

Staffers' counterclaims more than meet the applicable pleading standard. FRCP 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and places the other party on "fair notice" of the claim and "the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Staffers' counterclaims are detailed and supported by the record. For instance, Staffers alleges that, Plaintiff "clocked in and claimed she was on the clock working, when in fact, she was not" including on December 5, 13, and 15, 2020, with specific factual details supporting those events on each date. (Dkt 220 CC ¶ 8.) Staffers also alleges: (1) the specific dates that Plaintiff claimed to be unable to perform her job due to COVID, (2) the dates she collected disability worker's compensation under Staffers' plan, (3) the dates she collected unemployment benefits on Staffers' plan, and (4) the dates she was working for other employers, all while collecting benefits and telling Staffers she was not yet medically able to return to work. (*Id*. at CC ¶¶ 10-13.) These allegations provide much more than mere "labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Staffers' counterclaims are sufficiently pled under the notice pleading standards.

Moreover, Staffers' counterclaim for fraudulent misrepresentation meets the heightened pleading standard, and again, is supported by abundant evidence in the record. Under Oregon law, fraud claims require specific pleading of many elements, which are set forth as follows:

/ / /

---

recoup overpayments from employee wages, and instead require employers to seek remedies from the court. *See*, ORS 652.610 (5)(c). The Oregon Supreme Court recently reaffirmed that principle in *Jones v. Four Corners Rod & Gun Club,* 366 Or. 100, 120-126 (2020) (*en banc*), holding that employer's "counterclaim is lawful" where the employer provided remuneration to the plaintiff exceeding "the amount the plaintiff was entitled to in wages."



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

| Element | Pleading Counterclaims "CC" |
|---|---|
| (1) a representation; | CC ¶¶ 8, 9, 10, 11, 12, 13, 15, 17, 23 |
| (2) its falsity; | CC ¶¶ 8, 9, 10, 11, 12, 13, 15, 17, 23 |
| (3) its materiality; | CC ¶¶ 15-18 |
| (4) the speaker's knowledge of its falsity or ignorance of its truth; | CC ¶¶ 5, 6, 8, 9, 10, 11, 12, 13, 15, 17, 18, 23 |
| (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; | CC ¶¶ 18, 22, 23 |
| (6) the hearer's ignorance of its falsity; | CC ¶¶ 8, 9, 10, 19 |
| (7) his reliance on its truth; | CC ¶¶ 4, 8, 9, 19, 23 |
| (8) his right to rely thereon; and | CC ¶ 4, 8, 9, 19 |
| (9) his consequent and proximate injury. | CC ¶ 20 |

*See Talk Radio Network Enters. v. Cumulus Media Inc.*, 271 F. Supp. 3d 1195, 1216 (D. Or. 2017) (listing the elements).[5] Staffers adequately alleges a cause of action for Fraud and Misrepresentation.

Additionally, Staffers asserts a viable conversion claim. Plaintiff argues that a claim for conversion requires physically identifiable money, not just an identified amount of money, but she ignores the exception "that '[u]nder Oregon law, money can be the requisite chattel (*i.e.*, can be

[5] Defendants will agree to strike the heading titled Second Cause of Action and the incorporation sentence immediately following it. However, the paragraphs that follow are factual and clearly describe Plaintiff's fraudulent misrepresentations as alleged in the First Cause of Action. (Dkt 220, CC ¶ 22(b).) The statutes cited there are definitional and do not provide a private cause of action, and Staffers does not seek any specific remedy related to those definitions.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

converted) when the money was wrongfully received by the party charged with conversion ….'" *Allison v. Dolich*, 321 Or. App. 721 (2022) (quoting *Waggoner v. Haralampus*, 277 Or. 601, 604 (1977) ("conversion will lie when the money was wrongfully received by the party charged with conversion"); *see also Duty v. First State Bank of Ore.*, 71 Or. App. 611, 619, *rev. den.*, 298 Or. 822 (1985) (denying defendant's motion for directed verdict on conversion claim where "the money was wrongfully received by [the defendant], which had no claim to the funds that Bank was supposed to hold in trust")."

Here, Staffers properly alleges a cause of action for conversion based on Plaintiff's wrongful receipt of money as a direct result of her misrepresentations in two respects: First, Plaintiff misrepresented that she was working when she was not, including on three specific instances:[6]

| Date | Time Record | Plaintiff's Action |
|---|---|---|
| December 5, 2020 | Plaintiff punched out at 2:54 | Plaintiff left the facility at 2:30 |
| December 13, 2020 | Plaintiff did not punch out for her meal period | Plaintiff took a meal period and was paid for the time |
| December 15, 2020 | Plaintiff did not punch out for a meal period | Plaintiff took a meal period and was paid for the time |

(*see*, CC ¶ 8 (a), (b), (c), Second, Staffers asserted ample allegations in support of its conversion claim, including that Plaintiff misrepresented: (1) that she was so injured she could not work in

[6] Evidence filed in support of Defendants' summary judgment motions included witness testimony indicating additional instances that Plaintiff was likely engaging in time theft. (Dkts. 87, 88, 90, 91, 92, 94, 95.).



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

order to collect disability payments under Staffers' worker's compensation plan; (2) that she was not working or collecting worker's compensation in order to meet the eligibility requirements for collecting unemployment insurance payments under Staffers' unemployment account; and (3) she claimed she was not well enough to return to working active shifts for Staffers, when in fact Plaintiff was actively working for a different staffing agency. (Dkt. 220 CC at ¶¶ 10-13, 15-20; 23, 25-27.):

| Date | Benefits Claimed Against Staffers | Plaintiff's Actions |
|---|---|---|
| 1/2/21--3/5/22 | Plaintiff filed a disability workers' compensation claim against Staffers' insurance and was paid disability workers' compensation benefits | Plaintiff worked for Elite Staffing from 10/15/21 to January 2022<br>(Dkt. 143-1, p. 11.) |
| 3/21/2020-9/4/2021<br>9/18/21-3/5/22 | Plaintiff filed a claim for unemployment and was paid unemployment benefits | Plaintiff worked for Cross Country Staffing from at least March 2019 until 8/3/22<br>(Dkt. 143-1, p. 10, Dkt. 99, ¶ 4, Ex. 2.) |

(Dkt. 220 CC ¶¶ 4-27.)

Plaintiff's motion to dismiss must be denied. Staffers' counterclaims meet the pleading standard, are proper here, and have abundant factual support.



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

### 3. Plaintiff's Statute of Limitations Arguments are Baseless.

Plaintiff mistakenly alleges that Staffers' counterclaim for fraud and misrepresentation is time-barred. Counterclaims arising "out of the same conduct, transaction, or occurrence" as the claims brought in a plaintiff's complaint are not time-barred because they relate back to the date the complaint was filed. Fed. R. Civ. Proc. 15(c); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the conduct, transaction, or occurrence."); *Klemens v. Air Line Pilots Ass'n, Int'l*, 736 F.2d 491, 501 (9th Cir. 1984) (counterclaim for recoupment that was otherwise time barred was timely where it "arises out of the same transaction" as the plaintiff's claim). Relation back under Rule 15 applies liberally where the other party had notice of the operative facts, as Plaintiff had here. *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982) (relation back applies when the party is on notice of the particular claim because it arises out of the same "transaction or set of facts"); *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999 (9th Cir. 2014) ("So long as a party is notified of litigation concerning a particular transaction or occurrence, that party has been given all the notice that Rule 15 requires.").

This standard applies to compulsory counterclaims, like Staffers' claims here,[7] and to denials or "disclaimers" of allegations made in the original pleading. *Id.* at 1005 (holding that amended pleading related back where allegations "were expressly disclaimed in the original pleading" because they arose "out of the same conduct, transaction, or occurrence as that set forth in the original complaint."); *see also*, Wright & Miller, § 1496 Relation Back of Amendments—

[7] "Certainly, a counterclaim arising from the same events as those underlying plaintiff's claim is compulsory…". Wright & Miller, § 1410 Compulsory Counterclaims—The Transaction or Occurrence Requirement: The Standard, 6 Fed. Prac. & Proc. Civ. § 1410 (3d ed.)



LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

In General, 6A Fed. Prac. & Proc. Civ. § 1496 (3d ed.) (explaining that "amendment of **defenses** or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading" are also subject to relation back under Rule 15(c).) (emphasis added). "[T]he relation - back doctrine" is applied "liberally" in the Ninth Circuit. *Center for Biological Diversity v. Environmental Protection Agency*, 316 F. Supp. 3d 1156 (N.D. Cal. 2018).

Staffers' counterclaims are not time barred because they arise out of the same operative facts as Plaintiff's claims: Plaintiff's hours worked and compensation during her employment with Staffers. Moreover, Plaintiff's employment with Staffers and her conduct between September 2020 and March 2022 fall squarely within the class and collective time periods alleged in this lawsuit.[8] As explained above, Staffers' counterclaims, like Plaintiff's wage claims, center on her conduct in punching in and out, and her failure to accurately record and report the time she spent working. Moreover, her misrepresentations and wrongful receipt of funds provided through Staffers' employee benefits programs are directly relevant to Plaintiff's overall compensation, which is the subject of this litigation, and her suitability as a class representative. Under FRCP 15(c)(1)(C), Staffers' counterclaims, alleged in answer to Plaintiff's Fourth Amended Complaint on October 3, 2024, relate back to the filing of Plaintiff's original complaint on May 5, 2021 because they assert compulsory counterclaims "that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The facts described in Staffers' counterclaims fall within the applicable statutes of limitation based on the relation back rule.

/ / /

[8] Although disputed, the class period Plaintiff seeks is May 5, 2015, until final resolution and the collective period Plaintiff seeks is May 5, 2018, until final resolution. (Dkt 143-1 at pp.5-6).



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

**C. Staffers is Entitled to Default Judgment Against Plaintiff.**

Due to Plaintiff's pending Motion to Dismiss, Defendant Staffers is delaying a petition to the court under Federal Rule of Civil Procedure 55 for a default and default judgment. However, the evidence supports a default judgment. As articulated in the Counterclaims, by Plaintiff's own admission, she was not working when she claimed to be working, and she made deceitful claims about working while receiving disability workers' compensation and unemployment benefits. Plaintiff's failure to timely respond to those allegations resulted in deemed admissions, and Staffers' allegations in support of its counterclaims are sufficient, as described above, for the Court to grant it a default judgment. First, Plaintiff's deemed admissions include that she made material misrepresentations to Staffers about the hours that she claimed she was working. (*See* Dkts 220 at CC ¶ 8.) Second, Plaintiff's deemed admissions include that she collected both workers' compensation benefits and unemployment benefits while deceptively working full time for other staffing agencies, both of which were drawn against the accounts of her employer Staffers. (*Id.* at CC ¶¶ 10-11.) These deemed admissions are sufficient to entitle Staffers to move for a default judgment against the Plaintiff on its counterclaims, which Staffers intends to do within the time permitted by the Rules.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's motion to dismiss as untimely. Should the Court consider Plaintiff's motion on its merits, the Court should still deny Plaintiff's motion because the Court has supplemental jurisdiction and Staffers' compulsory counterclaims satisfy the required pleading standard and they relate back to the filing date of Plaintiff's original pleading.

DATED: September 8, 2025

LANE POWELL PC

By: *s/Heather St.Clair*
David G. Hosenpud, OSB No. 832414
Heather St.Clair, OSB No. 154252
Erin M. Wilson, *admitted pro hac vice*
Hannah A. Ard, *admitted pro hac vice*
Telephone: 503.778.2100
Attorneys for Defendants



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

**CERTIFICATE OF SERVICE**

I, Heather St.Clair, hereby certify that on this 8th day of September, 2025, I caused a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS STAFFERS' COUNTERCLAIMS** to be served via electronic mail, on the following:

Dana L. Sullivan
Buchanan Angeli Altschul & Sullivan LLP
921 S.W. Washington Street, Suite 516
Portland, OR 97205
E-Mail: dana@baaslaw.com

Robert E. Morelli, III
Carolyn H. Cottrell
Ori Edelstein
Schneider Wallace Cottrell Konecky LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
E-Mail: rmorelli@schneiderwallace.com
ccottrell@schneiderwallace.com

cc: ellen@baaslaw.com
respinoza@schneiderwallace.com
mail@schneiderwallace.com
CHCTeamCalendar@schneiderwallace.com

*Attorneys for Plaintiff*

*/s/ Heather St.Clair*
Heather St.Clair



**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200