**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

| | |
|---|---|
| **TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,** | |
| Plaintiff, | No. 1:21-cv-00688-CL |
| v. | **ORDER** |
| **AVALON HEALTH CARE HEARTHSTONE LLC; AVALON HEALTH CARE ROYALE GARDENS LLC; STAFFERS LLC; AVALON HEALTH CARE, INC., dba AVALON HEALTH CARE GROUP; AVALON HEALTH CARE MANAGEMENT, INC.; AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC,** | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Mark Clarke. ECF No. 266. Judge Clarke recommends that (1) Plaintiff's Motion for Equitable Tolling, ECF No. 248, be granted and the statute of limitations tolled from the date that Plaintiff's motion for conditional

Page 1 – ORDER

certification, ECF No. 135, was fully briefed, June 2, 2023, until the end of the notice period; (2) Judge Clarke found that Defendants had waived their ability to challenge personal jurisdiction at this stage of the litigation; (3) Judge Clarke recommended that Defendants' objections to the Proposed Notice should be overruled and Plaintiff's Motion to Authorize Notice, ECF No. 240, should be granted and notice should be sent to the FLSA class nationwide.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed.").  Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154.  The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

Page 2 – ORDER

In this case, Defendants have filed Objections to the F&R, ECF No. 269, and Plaintiff has filed a Response to the Objections, ECF No. 272.

Defendants have filed a Motion to Filed a Reply in support of their Objections, ECF No. 273, but the Court concludes that Defendants failed to properly confer as required by Local Rule 7-1. The Court notes that Defendant emailed Plaintiff's counsel to notify them of Defendants' intended motion at 6:40 p.m. on Sunday, October 19, 2025. Plaintiff's counsel responded three minutes later telling them that the email was not sufficient conferral. Defendants' counsel called Plaintiff's counsel ten minutes later and left a voicemail. Plaintiff's counsel replied by email at 6:55 p.m. that he would confer with them the following day. Defendants' counsel left Plaintiff's counsel another voicemail at 7:01 p.m. and then filed the motion at 7:56 p.m. without engaging in any substantive conferral. This falls short of the conferral requirement of Local Rule 7-1(a) and the Motion, ECF No. 273, is DENIED.

Defendants have also included a request to amend their Answer in their Objections. This is improper. If Defendants wish to amend their pleadings, they must do so by first conferring with Plaintiff's counsel pursuant to Local Rule 7-1(a) and then filing a properly supported motion for leave to amend pursuant to Federal Rule of Civil Procedure 15. The Court will not entertain a motion that is presented as part of Objections to an F&R. *See* Local Rule 7-1(b) ("Motions may not be combined with any response, reply, or other pleading.").

Substantively, the Court has reviewed Judge Clarke's conclusions and finds no error. Defendants have waived their opportunity to challenge personal jurisdiction

Page 3 – ORDER

by failing to raise the defense in either a Rule 12 motion or in their Answer.  Fed. R. Civ. P. 12(h).  Nor did the Ninth Circuit's decision in *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025), represent such a sea-change in FLSA litigation that the defense was not available prior to *Harrington*.  *See, e.g.*, *McNutt v. Swift Transportation Co. of Ariz., LLC*, CASE NO. C18-5668 BHS, 2020 WL 3819239, at *7-9 (W.D. Wash. July 7, 2020) (applying the reasoning of *Bristol-Meyers Squibb Co. v. Superior Court of Cal.*, 582 U.S. 255 (2017) to an FLSA collective action and finding no personal jurisdiction over out-of-state employees' claims nearly five years before *Harrington*).

The Court has reviewed Judge Clarke's other determinations concerning equitable tolling and the Proposed Notice and finds no error.  The F&R is ADOPTED in full.

## CONCLUSION

Judge Clarke's Findings and Recommendation, ECF No. 266, is ADOPTED.  As set forth in the F&R, Plaintiff's motion for equitable tolling, ECF No. 248, is GRANTED.  The statute of limitations is tolled from the date that Plaintiff's motion for conditional certification, ECF No. 135, was fully briefed, June 2, 2023, until the end of the notice period.  Defendants have waived their ability to challenge personal jurisdiction at this stage of the litigation.  Defendants' other objections to the Proposed Notice are OVERRULED.  Plaintiff's motion to authorize notice, ECF No. 240, is GRANTED and notice is to be sent to the FLSA class nationwide.  Defendants

Page 4 – ORDER

Motion for Leave to File Reply in Support of Objections, ECF No. 273, is DENIED

for failure to confer.

It is so ORDERED and DATED this  31st  day of March 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge