UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE LLC, et al.,

Defendants.

Case No. 1:21-cv-00688-CL

**DISCOVERY ORDER**

**CLARKE,** United States Magistrate Judge.

Plaintiff Tina Alonzo Estrada ("Plaintiff") brings this collective and class action on behalf of herself and all others similarly situated against Defendants Avalon Health Care Hearthstone, LLC, Avalon Health Care Royale Gardens, LLC, Staffers, LLC, Avalon Health Care, Inc. d/b/a Avalon Health Care Group, Avalon Health Care Management, Inc., and Avalon Health Care Management of Oregon, LLC ("Defendants"). Plaintiff alleges Defendants violated the Fair Labor Standards Act ("FLSA") and Oregon wage statutes. On January 14, 2026, the Court ordered Defendants to file a list of the outstanding discovery allegedly requested but not produced by Plaintiff. Before the Court is Defendants' Notice of Plaintiff's Outstanding Discovery (ECF No. 288).

Under Rule 26, parties may obtain discovery regarding any nonprivileged matter that it relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b). Trial courts are vested with broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The Court has closely reviewed the parties' submissions and ORDERS the following:

1. Plaintiff must produce the requested phone records that are in her possession. The Court does not order Plaintiff to produce a copy of her entire cellphone. The Court does not order Plaintiff to obtain the phone records from her phone company. If Plaintiff does not possess the requested phone records then she must affirmatively state so in an admissible format. Defendants may subpoena Plaintiff's phone company for the requested phone records allegedly showing that Plaintiff regularly called her supervisor to complain about the alleged timeclock inaccuracies.

2. Plaintiff's failure to preserve and timely produce social media posts allegedly resulting in spoliation is outside the scope of Defendants' Notice, which in effect is a motion to compel and not a motion for sanctions. Plaintiff is ordered to either produce the requested social media posts or affirmatively state in an admissible format that she does not possess the requested discovery.

3. Plaintiff must promptly obtain and produce the requested unemployment and tax records. Although the Court recommended dismissing Defendants' counterclaims regarding Plaintiff's allegedly fraudulent collection of insurance benefits, ECF No. 286 at 7–8, the requested records are relevant to Defendants defenses, damages, and impeachment evidence. Plaintiff must produce a privilege log for any withheld unemployment and tax records. Plaintiff is not ordered to produce to Defendants a Stipulation and Authorization for Release of Oregon Employment Records.

4. Plaintiff must produce the requested documents related to her claims including emails, calendars, journals, or screenshots regarding hours worked and pay calculations as well as communications with her supervisors or coworkers related to her claims. Plaintiff must affirmatively state in an admissible format that she does not possess any remaining responsive documents not produced.

**IT IS SO ORDERED.**

DATED this 10 day of April 2026.

MARK D. CLARKE
United States Magistrate Judge