Douglas S. Parker, OSB No. 821017
parkerd@ballardspahr.com
Heather St.Clair, OSB No. 154252
stclairh@ballardspahr.com
BALLARD SPAHR, LLP
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Erin M. Wilson, admitted pro hac vice
wilsonem@ballardspahr.com
Hannah A. Ard, admitted pro hac vice
ardh@ballardspahr.com
BALLARD SPAHR, LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE LLC, AVALON HEALTH CARE ROYALE GARDENS LLC, STAFFERS LLC, AVALON HEALTH CARE, INC. d/b/a AVALON HEALTH CARE GROUP, AVALON HEALTH CARE MANAGEMENT, INC., AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC,

Defendants.

Case No. 1:21-cv-00688-CL

**DEFENDANTS' MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND PARTIAL STAY**

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for Defendants Avalon Health Care Hearthstone, LLC ("Hearthstone"), Avalon Health Care Royale Gardens, LLC ("Royale Gardens"), Staffers, LLC ("Staffers"), Avalon Health Care Inc., dba Avalon Health Care Group ("Avalon Group"), Avalon Health Care Management, Inc. ("Avalon Management"), and Avalon Health Care Management of Oregon, LLC ("Avalon Oregon"), collectively "Defendants", hereby certify they made good faith efforts to resolve this issue with counsel for Plaintiff on April 10, 2026 via telephone call, but have been unable to do so.

## MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND PARTIAL STAY OF RELATED COLLECTIVE DISCOVERY

In *Harrington v. Cracker Barrel Old Country Store, Inc.,* 142 F.4th 678 (9th Cir. 2025), *cert den.* No. 25-534, 2026 WL 490496 (U.S. Feb. 3, 2026), the Ninth Circuit held that nationwide Fair Labor Standard Act ("FLSA") notices are improper if putative opt-in plaintiffs and defendants lack sufficient minimum contacts with the forum state.[1] As Magistrate Judge Clarke recognized in his Findings and Recommendation, the Ninth Circuit decision in *Harrington* confirmed that "*Bristol-Myers*' requirement that each claim bears a connection to the defendant's forum contacts" equally "applies in FLSA collective actions, including to each of the claims brought by each out-of-state opt-in plaintiff." (ECF 266 at p. 6.) However, the Magistrate Judge's Findings and Recommendation and this Court's March 31, 2026 Order (ECF 297) each held that this jurisdictional requirement from *Harrington* and *Bristol-Myers* should not be applied here and that Notice should be sent to the FLSA collective nationwide, regardless of whether there is personal jurisdiction over the non-Oregon employees who opt-in. That ruling rested on a finding that Defendants have waived their personal jurisdiction defense. (ECF 266 at pp. 5-9; ECF 297 at pp. 3-4.)

---

[1] In *Harrington*, the Ninth Circuit joined the Third, Sixth, Seventh, and Eighth Circuits in applying *Bristol-Meyers-Squibb v. Superior Court of California (Bristol-Myers)*, 582 U.S. 255, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017) to FLSA cases, holding that constitutional limits prohibit a federal court from exercising specific personal jurisdiction over FLSA claims of an out of state plaintiff against an out of state defendant.



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Putting aside the correctness of the Court's finding of waiver, which Defendants vigorously dispute, there are substantial grounds for a difference of opinion as to: (1) when a defendant in an FLSA collective action must assert lack of personal jurisdiction in order to avoid waiving that defense; and (2) whether the *Harrington* limitation on nationwide collective notices under the FLSA can be waived by a defendant. These are controlling questions of law, and allowing an interlocutory appeal under 28 U.S.C. § 1292(b) to resolve these questions will materially advance the ultimate termination of this litigation.

In *Harrington*, which was an interlocutory appeal under Section 1292(b), the Ninth Circuit expressly declined to address plaintiff's argument that "Cracker Barrel waived any argument that the court lacks personal jurisdiction over it in connection with the claims of non-Arizona employees." 142 F.4th at 684 n. 5. *Harrington* thus left in place a split in authority regarding *when* a personal jurisdiction defense must be asserted in an FLSA collective action—whether it can be raised for the first time at the notice stage, or must be raised earlier in response to a pleading. Specifically, some district courts disagree with this Court and have followed the Sixth Circuit's decision in *Canaday v. Anthem Companies, Inc.,* 9 F.4th 392 (6th Cir. 2021), to hold that a defendant in an FLSA case may raise a personal jurisdiction defense at the notice stage, when the collective definition must be approved by the Court and may be constricted, edited, or expanded by the Court in carrying out its duty to ensure the accuracy of the notice. This approach correctly recognizes that the scope of an FLSA case often changes significantly as the case progresses, which is what has happened here, and that it is only when the collective is fully defined that the defendants can be said to be sufficiently on notice that out of state plaintiffs may be included therein. It also recognizes that in the FLSA context, the opt-in notice that officially "commences" litigation on behalf of the op-in plaintiffs pursuant to the express provisions of §216(b) may effectively serve as the pleading to which the defendant must respond.

Furthermore, *Harrington* did not address whether the jurisdictional limits imposed by the Due Process Clause on the power of the federal court in approving dissemination of a nationwide FLSA notice is more akin to the unwaivable jurisdictional defects found in subject matter



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

jurisdictional limitations. Courts routinely find a lack of waiver in similar cases, but the courts' rationales for those decisions vary. Some courts base their reasoning on traditional principles of pleadings and the Federal Rules of Civil Procedure. However, other courts, including *Fischer v. FedEx Corp.,* 42 F.4th 366, 370, 380 (3d Cir. 2022), *Vanegas v. Signet Builders, Inc*., 113 F.4th 718, 726-30 (7th Cir. 2024), and *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 864-65 (8th Cir. 2021), point to a more rigid Due Process right and constitutional limitation that relies not on the pleadings, but on the fact that the FLSA does not authorize or provide for service of process such that a district court can exercise jurisdiction over out-of-state opt-in employees beyond the limits of a state's long-arm statute.

Pursuant to 28 U.S.C. § 1292(b), Defendants hereby move the Court for certification of an interlocutory appeal as to the following two controlling questions of law:

(1) In an FLSA collective action, when must a defendant assert lack of personal jurisdiction to avoid waiving that defense?

(2) In an FLSA collective action, where the proposed nationwide notice describes claims against out of state defendants, is the "core limitation of federal district court power" the Ninth Circuit described in *Harrington* a waivable defense or a true limitation on the power of the Court deriving from due process?

The bases for this Motion are presented in the accompanying memorandum.

## SUPPORTING MEMORANDUM

An interlocutory appeal is permitted, pursuant to 28 U.S.C. § 1292(b), when a district court certifies a non-final order for appeal because (1) the order involves a controlling question of law, (2) as to which there is substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. All three requirements are met here, and Defendants respectfully request certification of the Order for interlocutory appeal.

### A. Defendants Seek Certification of a Controlling Question of Law.

A "question of law" under 1292(b) is one "that the court of appeals could decide quickly and cleanly without having to study the record." *Assoc. of Irritated Residents v. Fred Schakel*



BALLARD SPAHR LLP
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

*Dairy*, 634 F. Supp. 2d 1081, 1089 (E.D. Cal. 2008) (cleaned up). In an FLSA collective action, when notice issues present fundamental questions regarding jurisdiction and procedure, they often meet this standard. *See generally*, *Harrington*, 142 F.4th 678; *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) ("Federal courts have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. Therefore, we have a special obligation to satisfy ourselves of our jurisdiction even where, as here, the parties do not contest it.") (cleaned up). "The requirement of personal jurisdiction represents an individual liberty interest that derives from the due process clause. A court may enter judgment against a defendant … only if the company has minimum contacts with the forum." *Vallone*, 9 F.4th at 864 (cleaned up).

Determining whether a defendant in an FLSA collective action must raise a personal jurisdiction defense in a pleading or may properly do so later when the proposed notice defining the scope of the potential recipients is at issue is a pure question of law that will not require the Ninth Circuit to weigh any evidence or make any factual determinations. So too is the determination of whether this core limitation on the power of federal courts is a waivable limitation at all in FLSA cases, where opt-in plaintiffs join without serving a summons or pleading jurisdiction. Such questions of law are "controlling" when "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Haw. ex rel. Louis v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (cleaned up). Resolution of these questions by the Ninth Circuit could materially affect the outcome of this lawsuit in at least two ways.

*First*, the issues of jurisdiction and waiver are central to certification issues. *Moser v. Benefytt, Inc.*, 8 F.4th 872, 875 (9th Cir. 2021) ("personal jurisdiction and waiver questions are, thus not ancillary to class certification, but central to the nationwide classes that the district court certified" because "[i]f the district court lacked personal jurisdiction over non-[resident] plaintiffs, that presents obvious reasons why […] certification of a *nationwide* class would be improper".)



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

*Second*, resolution of this issue now would provide the parties with definitive guidance on the permissible scope of this litigation. The scope of this lawsuit's ever-changing allegations has been disputed since the outset of this case.[2] Indeed, Plaintiff's operative complaint is her *fifth.* Ninth Circuit resolution of the questions set forth above would provide a definitive answer on the scope of the collective and permit the parties to move forward without continued uncertainty, enabling them to engage in meaningful mediation efforts or streamlined, efficient litigation.

**B. There are Substantial Grounds for Differences of Opinion.**

Substantial grounds for a difference of opinion exist where the controlling law is unclear or contradictory precedent exists. *Couch*, 611 F.3d at 633 ("Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point …"). Here, the Circuit Court decisions upon which *Harrington* rests, and other district court cases, demonstrate satisfaction of this element because they express divergent viewpoints on jurisdictional waiver in FLSA collective cases. Indeed, in *Harrington,* the Ninth Circuit expressly declined to address the waiver issue raised by the plaintiffs in a similar attempt to derail application of the *Bristol-Meyers-Squibb* rule. *Harrington*, 142 F.4th at 684 n. 5. Thus, appellate review is warranted.

**1. Circuit Courts do not agree on when personal jurisdiction has been waived in FLSA collective actions.**

Most courts within the Ninth Circuit, and many outside of it, have found no waiver of personal jurisdiction in FLSA collective cases based solely on the pleading in response to the named plaintiff's jurisdictional allegations. In fact, several of the Circuit Court decisions that *Harrington* followed held that the notice process is precisely the correct time to raise personal jurisdiction defenses in an FLSA collective action. That is because potential collective members have not yet opted in, and the definition in the notice describing who will receive it is subject to

[2] Plaintiff's counsel made inconsistent representations to both defense counsel and the Court for two years about who was subject to the collective—resulting in Defendants' understanding that she sought to certify a collective that would practically include only employees working in Oregon. (ECF 139; ECF 140).



BALLARD SPAHR LLP
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

amendment by the district court, which could obviate some defenses or give rise to the need for new or additional defenses, depending on how the court ultimately defines the collective.

For example, in *Vallone*, the Eighth Circuit held that the defendant did not waive its personal jurisdiction defense even where it did not invoke it until after the court granted conditional certification of the collective. There, the Court explained that the defendant's pleading of a due process defense was sufficient to preserve the personal jurisdiction defense for later assertion on summary judgment because it does not require magic words[3] to identify the rights violated by overinclusive notice. 9 F.4th at 864 (defendant did not waive personal jurisdiction defense when it asserted that certification would constitute a denial of due process rights and "[t]hat the answer did not use the phrase 'personal jurisdiction' does not show waiver"). Similarly, in *Canaday*, the defendants moved to dismiss opt-in plaintiffs, not when they filed their consent forms, but after the plaintiff moved for collective certification. 9 F.4th at 396-97. The Sixth Circuit affirmed the district court's dismissal of those opt-ins, holding that they each had to demonstrate "a claim-specific and [defendant]-specific relationship between the out-of-state claims and Tennessee [the forum state]." *Id.*

Significantly, some courts, including several in the Ninth Circuit, have even gone so far as to find that raising lack of personal jurisdiction prior to collective certification would be *premature*. *See, e.g.*, *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 298 (D.C. Cir. 2020) ("Motions to dismiss nonparties for lack of personal jurisdiction are thus premature—not to mention novel and surely erroneous.") (quotation omitted). In *Gutierrez v. International Paper Co.*, No. CV 22-8460-JFW(RAOX), 2023 WL 3528395, at *2 (C.D. Cal. Mar. 21, 2023); the court found it

[3] Even under traditional single plaintiff rules, courts are often reluctant to elevate form over substance and find no waiver where the personal jurisdiction defense is asserted, even imperfectly, and in cases where the jurisdiction allegations are merely denied due to the lenient pleading rules. *See, e.g.*, *Patchak v. Zinke*, 583 U.S. 244, 251 (2018) (jurisdictional defenses do not require "magic words."); *Lazar v. Kroncke*, 862 F.3d 1186, 1200 (9th Cir. 2017) (personal jurisdiction defense not waived even after prior motions to dismiss under Rule 12); *Pinto v. St. Paul Fire & Marine Ins. Co.*, 674 F. Supp. 3d 176, 182, n. 2 (E.D. Pa. 2023) (holding defendant's denial of jurisdictional allegations "was sufficient to preserve the defense.").



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

"premature to determine whether [the court] has personal jurisdiction over out-of-state FLSA class members until the preliminary certification stage," and denied defendant's motion to dismiss for lack of personal jurisdiction without prejudice so that defendant could reraise it "at an appropriate time." *See also Gasser v. Kiss My Face, LLC*, No. 17-CV-01675-JSC, 2018 WL 4538729, at *2 (N.D. Cal. Sept. 21, 2018) declining to find waiver of personal jurisdiction based on earlier motions to dismiss because it would be "premature" as to putative class members "who are not yet (and may never be) parties to this action."); *Wilkerson v. Walgreens Specialty Pharmacy LLC*, 637 F. Supp. 3d 718, 722–23 (D. Ariz. 2022) ("Defendants are not required to seek dismissal of hypothetical future plaintiffs, and cannot waive defenses that were not available.") (quotations omitted); *Carlson v. United Nat. Foods, Inc.*, No. C20-5476-JCC, 2021 WL 3616786, at *3, n.5 (W.D. Wash. Aug. 14, 2021) ("The Court rejects Mr. Carlson's argument that Defendants waived their personal jurisdiction argument by not including it in their first Rule 12 motion. That motion did not implicate personal jurisdiction as to Florida employees' claims.").

But some district courts have found waiver, as this Court did here, where a defendant does not raise a personal jurisdiction defense at the collective certification stage. *Haro v. Walmart, Inc.,* No. 121CV00239ADASKO, 2023 WL 2239333, at *3 (E.D. Cal. Feb. 27, 2023) (finding waiver where defendant did not raise a personal jurisdiction defense to putative opt-ins until "its opposition to Plaintiffs' motion for conditional certification."); *Greene v. Cascadia Healthcare, LLC*, No. 1:23-CV-00253-BLW, 2024 WL 4494902, at *10 (D. Idaho Oct. 15, 2024) (declining to limit notices following conditional certification of "a nationwide collective class" to only "employees who work in Idaho" based on lenient notice standards); *Costellow v. Becht Eng'g Co. Inc.*, 597 F. Supp. 3d 1089, 1096 (E.D. Tex. 2022) (finding a defendant waived a personal jurisdiction defense in an FLSA collective by failing to raise the defense until after the second expansion of the class, and noting that after *Bristol-Myers*, "[t]here is considerable debate amongst the circuits regarding whether a court may maintain specific jurisdiction over out-of-state claims in FLSA collective actions."). Notably, all of these decisions were rendered after *Bristol-Myers*, but before the Ninth Circuit clarified its application to FLSA collective actions in *Harrington*.



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

The conflicting holdings of the cases cited above vividly demonstrate the differences of opinion on when a personal jurisdiction defense is waived in an FLSA collective action, rendering this issue well-suited for interlocutory appeal and Ninth Circuit guidance. In fact, even while it saw no reason to disturb the Arizona District Court's rejection of plaintiff's waiver argument in *Harrington* (142 F.4th at 684 n. 5), the Ninth Circuit has directly addressed the issue in the FRCP 23 class action context.

In *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021), the Court of Appeals held that the defendant did *not* waive its personal jurisdiction defense against putative class members by not raising it in a Rule 12(b) motion because the defense was not yet "available" as to "unnamed, non-resident putative class members" within the meaning of Rule 12(h)(1). The Court explained that "a class action, when filed, contains only the claims of the named plaintiff" because putative class members do not become party plaintiffs until the class is certified. *Id.* at 877-78.[4] Therefore, the defendant is not required to move "to dismiss on personal jurisdiction grounds the claims of putative class members who were not then before the court, nor was [the defendant] required to seek dismissal of hypothetical future plaintiffs" to avoid a waiver of that defense. *Id.* at 878. In *Moser*, the Ninth Circuit rejected the reasoning the Order here relies on—that a waiver finding is appropriate because the defense was always available since the defendant had knowledge "of a *Bristol-Meyers*-based objection." *Id.* (*see also*, ECF 297, pp. 3-5.) Instead, the Ninth Circuit concluded that "there were no claims the district court could have dismissed on personal jurisdiction grounds" before certification "because Moser was the only plaintiff and there was specific personal jurisdiction over his claims against [the defendant]." *Id.*

These cases demonstrate the inconsistency with which waiver principles, as imported from both FRCP 23 class actions and traditional single-plaintiff jurisprudence, are applied in the context of § 216(b) FLSA collective actions. The conflicting precedent from the federal courts contains

[4] The same reasoning applies to an FLSA collective action, in which §216(b) itself expressly provides the action does not "commence" until each putative opt-in plaintiff files their own consent form. An entire body of case law relies on that provision to hold that those putative opt-ins do not become party plaintiffs until that time.



BALLARD SPAHR LLP
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

ambiguous and inconsistent analyses and conclusions, such that the Ninth Circuit's guidance on this important issue would have an impact not just on this case but other FLSA collective cases as well, and ensure a consistent standard is applied among courts within the Ninth Circuit.

**2. Even when courts find no waiver has occurred, they differ on the reasoning for their findings**

Even where the courts find no waiver in FLSA cases, they disagree whether the applicable analysis stems from traditional pleading rules, constitutional limitations, or some combination of the two. The Ninth Circuit has recognized that "haling [defendant] into court in [the forum state] for a harm that was suffered elsewhere does not satisfy due process." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023). *Harrington* itself joined other circuit courts, including the Sixth Circuit in *Canaday,* 9 F.4th at 400, in describing the lack of personal jurisdiction over the claims of out of state plaintiffs against out of state defendants in FLSA actions as a core limitation on the power of the federal courts imposed by the Constitution, strongly implying that such a limitation *may not be waivable*. *Harrington*, 142 F.4th at 687 (criticizing the First Circuit's conclusion that personal jurisdiction for opt-ins could be based on the named plaintiff's jurisdiction as "another loose and spurious form of general jurisdiction" like that rejected in *Bristol-Myers* that would "sidestep the usual jurisdictional limits" found in the "Fourteenth Amendment.")

That implication is consistent with well-established caselaw finding that jurisdictional defects render judgments invalid and not subject to *res judicata*. In fact, in *Fischer*, 42 F.4th at 370, 380, the Third Circuit affirmed the district court's *sua sponte* determination after collective certification that it did not have jurisdiction over the out of state plaintiffs who filed opt-in consent forms to join the litigation, even though the defendant *never raised the personal jurisdiction defense at all*. *Fischer* expressly explained that "every plaintiff who seeks to opt in to the suit must demonstrate his or her claim arises out of or relates to the defendant's minimum contacts with the forum state." *Fischer*, 42 F.4th at 370. The Eighth Circuit reached a similar conclusion, where the defendant had not pleaded lack of personal jurisdiction in its Answer and raised it for



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

the first time on summary judgment after collective certification, holding that the burden was on the opt-ins to demonstrate personal jurisdiction on a "claim-by-claim basis." *Vallone*, 9 F.4th at 865.

There is no question that personal jurisdiction defenses may be waived at the pleading stage in *single plaintiff* cases where the plaintiff and defendant are identified and the jurisdictional basis is described in the allegations. But in an FLSA collective action, exactly who the plaintiffs and the defendants are may change considerably as the case evolves, which is what has happened here with plaintiff's ever-changing Complaints. Furthermore, permitting the joinder of plaintiffs via opt-in consent forms where the defendant is not at home in the forum state and there is no mechanism for service is a problem discussed at length in the Circuit Court cases predating *Harrington.* Those courts specifically discussed the jurisdictional defects presented by FLSA nationwide notice, where the court can only obtain jurisdiction over a defendant pursuant to FRCP 4(k) because the FLSA does not provide a mechanism for service (in contrast to other federal statutes). In a collective action, only the named plaintiff effectuates service of his or her claims on the defendant with the complaint. None of the additional opt-in plaintiffs serve a summons. Rule 4(k)(1) requires service of summons to grant the federal court jurisdiction, which is limited to three situations: (1) the defendant is subject to general jurisdiction in the forum state (not the case here); (2) the defendant is a joined party and is served with the summons within 100 miles of where it was issued (not the case here); or (3) when the service is authorized by a federal statute (again, not the case here). Rule 4(k)(2) provides that a defendant is subject to the federal court's jurisdiction if the defendant is served with a summons and is not subject to general jurisdiction in any state (not the case here) or if exercising jurisdiction is consistent with the United States Constitution and laws. *Harrington* and its predecessors suggest that this is also not the case here. Even if Rule 4(k) could somehow be read more broadly to confer jurisdiction over the opt-in plaintiffs' claims, it is inconsistent with basic due process to conclude that a defendant waives jurisdictional defenses against new party plaintiffs before they have even identified themselves and made an appearance by filing a consent form.



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Because courts both within this Circuit and elsewhere have ruled inconsistently on the question of when a defendant must raise a personal jurisdiction defense against an opt-in plaintiff to avoid a finding of waiver, and even whether the personal jurisdiction defense with respect to nationwide collective notices under the FLSA is waivable, there is clearly a substantial ground for difference of opinion on these controlling issues of law.

**C. An Immediate Appeal from this Order will Materially Advance the Ultimate Termination of this Litigation.**

Finally, the "materially advance" prong is satisfied when the resolution of the questions presented by the appeal either "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1072 (D. Utah 2022); *Alpex Computer Corp. v. Nintendo Co.*, No. 86 CIV 1749 (KMW), 1991 WL 268631 at *2 (S.D.N.Y. Dec. 5, 1991) ("In the long run, however, an immediate appeal will likely shorten the ultimate conclusion of the litigation by allowing the Federal Circuit to rule on questions that, if later shown to be error, will likely require a new trial.").

Additionally, Ninth Circuit intervention now will not only shorten the time needed for trial, but it could also obviate it altogether, and help the parties and the Court avoid wasteful motions practice, prolonged and unnecessary discovery, the significant expense of nationwide notice, and the potential confusion for putative collective members receiving a notice and filing a consent to join only to be struck from the action for lack of personal jurisdiction. It would also put the parties in a position to engage in meaningful efforts at resolution, which has not been possible due to their longstanding dispute regarding the scope of the putative collective.

Finally, as noted above, resolution of the controlling questions of law set forth above would have an impact outside this lawsuit, by creating useful and important precedent in an unsettled and evolving area of law. Many courts have recognized that FLSA notice issues can have significant impacts on litigation and that in the wake of *Bristol-Myers*' overruling "seventy years" of "existing practices" in FLSA cases, many courts have begun "reexamin[ing] personal jurisdiction's role in



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

complex litigation." *Vanegas*, 113 F.4th at 721, 726. In light of the substantial number of FLSA cases filed each year, appellate resolution of the issue of waiving or preserving personal jurisdiction defenses against such amorphous groups of plaintiffs will have a broad effect. Therefore, certification of the legal questions identified above will materially advance termination of the litigation, satisfying the third element of the Section 1292(b) standard.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request certification of the Order to allow an interlocutory appeal to the Ninth Circuit of the questions described herein, and a partial stay of discovery as it relates to the nationwide collective, including the collective list, pending substantive resolution of the interlocutory appeal, if it is granted by the Ninth Circuit.

DATED: April 10, 2026

BALLARD SPAHR LLP

By: *s/Heather St.Clair*
Douglas S. Parker, OSB No. 821017
Heather St.Clair, OSB No. 154252
Erin M. Wilson, *admitted pro hac vice*
Hannah A. Ard, *admitted pro hac vice*
Telephone: 503.778.2100

Attorneys for Defendants



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200