UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE LLC, et al.,

Defendants.

Case No. 1:21-cv-00688-CL

**FINDINGS AND RECOMMENDATION**

Plaintiff Tina Alonzo Estrada ("Plaintiff") brings this case on behalf of herself and those similarly situated against Defendants Avalon Health Care Hearthstone, LLC, Avalon Health Care Royale Gardens, LLC, Staffers, LLC, Avalon Health Care, Inc. d/b/a Avalon Health Care Group, Avalon Health Care Management, Inc., and Avalon Health Care Management of Oregon, LLC. Before the Court is Defendants' Motion for Certification of Order for Interlocutory Appeal and Partial Stay (ECF No. 299). For the following reasons, Defendants' motion should be DENIED.

**BACKGROUND**

Plaintiff filed her complaint in May 2021, on behalf of herself and those similarly situated, for Fair Labor Standards Act ("FLSA") and state wage law violations. ECF No. 1. Plaintiff has amended her complaint four times. ECF Nos. 11, 21, 27, 156. Defendants filed two

motions for partial summary judgment (ECF Nos. 86, 101) and a motion to dismiss pursuant to Rule 12(b)(6) and 12(b)(l) (ECF No. 171). Defendants have also filed numerous responses to Plaintiff's motions to amend the pleadings (ECF No. 127) and to conditionally certify the class (ECF No. 135).

In November 2023, the Court entered an F&R recommending that "Plaintiffs Motion for FLSA Conditional Certification (#135) should be granted, allowing Plaintiff to proceed collectively on only her FLSA claim for unpaid overtime, and ordering an opportunity to revisit the proposed notice content and process." ECF No. 211 at 26. The District Court granted Plaintiff's Motion for FLSA Conditional Certification. ECF No. 219 at 7-8.

In July 2025, Plaintiff filed a motion for clarification of the November 2023 F&R or, alternatively, for equitable tolling. ECF No. 248. Defendants subsequently filed a Notice of Supplemental Authority that challenged—for the first time—the Court's exercise of personal jurisdiction as it pertained to the proposed out-of-state FLSA collective opt-in plaintiffs. ECF No. 255. Defendants argued that in *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025), *cert. denied sub nom. Harrington v. Cracker Barrel Old Country Store, Inc*, 146 S. Ct. 1596, 224 L. Ed. 2d 6 (2026), and *cert. denied,* 146 S. Ct. 1626, 224 L. Ed. 2d 6 (2026), the Ninth Circuit "held that the District Court in an FLSA collective action committed reversible error in authorizing 'nationwide notice on the mistaken assumption that it would not need to assess specific personal jurisdiction on a claim-by-claim-basis.'" *Id.* at 2. Thus, Defendants insisted that "*Harrington* represents a change in the law in this Circuit." ECF No. 259 at 9.

In September 2025, the Court entered an F&R recommending that the District Court approve Plaintiff's Proposed FLSA Notice and Consent to the Collective and grant Plaintiff's

motion for equitable tolling. ECF No. 266 at 2. As relevant here, the Court explicitly rejected Defendants' reliance on *Harrington. Id.* at 8-9. The Court determined that the Ninth Circuit "merely applied the principles laid out by the Supreme Court in *Bristol-Meyers* to the structure of the FLSA" and "the mere fact that the Ninth Circuit confirmed that the personal jurisdiction defense applies to FLSA collective action claims does not mean that defense was unavailable to Defendants before *Harrington*." *Id.* Accordingly, the Court found that Defendants had waived any challenge to personal jurisdiction. *Id.* at 9. After noting that "fourteen out-of-state plaintiffs have already opted in to this litigation," the Court found that "Defendants cannot claim that they were unaware that out-of-state opt-in plaintiffs would be asserting claims against them in this forum" and that "at this late stage--after four years of appearing and defending this matter on the merits--this argument has been waived." ECF No. 266 at 5, 7.

In March 2026, the District Court adopted the Court's F&R in full. ECF No. 297 at 4. With respect to personal jurisdiction, the District Court explained:

> Substantively, the Court has reviewed Judge Clarke's conclusions and finds no error. Defendants have waived their opportunity to challenge personal jurisdiction by failing to raise the defense in either a Rule 12 motion or in their Answer. Fed. R. Civ. P. 12(h). Nor did the Ninth Circuit's decision in *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025), represent such a sea-change in FLSA litigation that the defense was not available prior to *Harrington. See, e.g., McNutt v. Swift Transportation Co. of Ariz., LLC*, CASE NO. C18-5668 BHS, 2020 WL 3819239, at *7-9 (W.D. Wash. July 7, 2020) (applying the reasoning of *Bristol Meyers Squibb Co. v. Superior Court of Cal.*, 582 U.S. 255 (2017) to an FLSA collective action and finding no personal jurisdiction over out-of-state employees' claims nearly five years before *Harrington*).

*Id.* at 3-4.

Defendants now move to certify for interlocutory appeal the District Court's Order (ECF No. 297) under 28 U.S.C. § 1292(b) and for a partial stay. ECF No 297 at 2. The Court held oral argument on June 9, 2026. ECF No. 313.

## LEGAL STANDARD

Before a court may may certify an issue for interlocutory appeal under Section 1292(b), it must find that: (1) there is "a controlling question of law," (2) "substantial grounds for difference of opinion" exist, and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981), *cause dismissed sub nom. Arizona v. U.S. Dist. Ct. for the Dist. of Arizona*, 459 U.S. 961, 103 S. Ct. 285, 74 L. Ed. 2d 272 (1982), and *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190, 103 S. Ct. 1173, 75 L. Ed. 2d 425 (1983). The party seeking interlocutory appeal bears the burden of establishing all statutory requirements. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

The Ninth Circuit has explained that "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1027. The statute "was not intended merely to provide review of difficult rulings in hard cases." *U. S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Thus, "[e]ven if these three statutory criteria are satisfied, district courts have unfettered discretion to deny certification." *Ott v. Mortg. Invs. Corp.*, No. 3:14-CV-00645-ST, 2015 WL 1648702, at *1 (D. Or. Apr. 14, 2015) (internal quotation marks omitted).

## DISCUSSION

Defendants' motion should be denied. The Court the finds that Defendants have failed to establish the second requirement of Section 1292(b), that "substantial grounds for difference opinion exist." *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d at 1027. Alternatively, even if Defendants could establish all three requirements, the Court would recommend that the District Court exercise its discretion to deny certification.

**A. Defendants Present Controlling Questions of Law**

"A controlling question of law must be one of law—not fact—and its resolution must materially affect the outcome of litigation in the district court." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (internal quotation marks omitted). A question of law does "not necessarily depend on a fact-specific inquiry or set of assumptions." *PharmacyChecker.com LLC v. LegitScript LLC*, No. 3:22-CV-252-SI, 2024 WL 982784, at *4 (D. Or. Mar. 7, 2024).

Defendants seek certification of the following questions:

> (1) In an FLSA collective action, when must a defendant assert lack of personal jurisdiction to avoid waiving that defense?
>
> (2) In an FLSA collective action, where the proposed nationwide notice describes claims against out of state defendants, is the "core limitation of federal district court power" the Ninth Circuit described in *Harrington* a waivable defense or a true limitation on the power of the Court deriving from due process?

ECF No. 299 at 4. Plaintiff argues that Defendants do not present controlling questions of law because whether a party has waived its right to object to personal jurisdiction is a "fact-intensive inquiry." ECF No. 302 at 13.

The Court finds that Defendants present controlling questions of law. Whether a defendant has waived a personal jurisdiction defense depends on the specific facts of that case. *E.g.*, *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318-19 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998). However, Defendants' questions inquire as to when a defendant in an FLSA collective action must raise a personal jurisdiction defense and the limits on that defense. Those questions do not necessarily require a fact-specific inquiry. *See PharmacyChecker.com LLC*, 2024 WL 982784, at *4 (identifying "neutrally and appropriately articulated" questions of law). Therefore, Defendants present controlling questions of law. The Court now considers the second requirement under Section 1292(b).

**B. Defendants Fail to Establish Substantial Grounds for Difference of Opinion**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. The "substantial grounds prong is satisfied when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *ICTSI Oregon, Inc.*, 22 F.4th at 1130 (internal quotation marks omitted). However, "[i]t is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Couch*, 611 F.3d at 634 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).

"[A] party's strong disagreement with [a] Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch*, 611 F.3d at 634 (brackets and internal quotation marks omitted). Specifically, courts in this district have explained that "merely repeat[ing] the authority and argument cited in [the moving party's] original briefing" fails to "provide[ ] a basis for interlocutory review." *Ott*, 2015 WL 1648702, at *4; *see also Wyatt B. v. Brown*, No. 6:19-CV-00556-AA, 2022 WL 4547903, at *3 (D. Or. Sept. 29, 2022) ("Defendants clearly disagree with the Court's conclusion in denying their motion to dismiss, but that disagreement does not justify the extraordinary step of certifying the Court's decision for interlocutory appeal."). Further, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633 (internal quotation marks omitted).

The Court finds that Defendants have failed to satisfy the second statutory requirement. As a preliminary matter, a substantial portion of their Motion is premised on the same arguments and authorities that they presented in their Notice of Supplemental Authority and its supporting

briefing. *Compare* ECF Nos. 255 and 259 *with* ECF No. 299. Specifically, Defendants reprise their responses to Plaintiff's prior arguments concerning waiver of the personal jurisdiction defense. Compare ECF No. 259 at 13-15 *with* ECF No. 299 at 6-12. The Court rejected Defendants' arguments in its F&R, as did the District Court in adopting the F&R. ECF Nos. 266, 297. Indeed, the District Court emphasized that the controlling law is clear and explained that *Harrington* did not "represent such a sea-change in FLSA litigation that the defense was not available prior to" the decision. ECF No. 297 at 4. The District Court further determined that "Defendants have waived their opportunity to challenge personal jurisdiction by failing to raise the defense in either a Rule 12 motion or in their Answer. Fed. R. Civ. P. 12(h)." *Id.*

In addition, the Court is unpersuaded by Defendants' arguments concerning "both FRCP 23 class actions and traditional single-plaintiff jurisprudence" that, in Defendants' view, "demonstrate the inconsistency with which waiver principles… are applied in the context of § 216(b) FLSA collective actions." ECF No. 299 at 9. *Moser v. Benefytt, Inc.*, 8 F.4th 872 (9th Cir. 2021) is one example. Defendants argue that *Moser* "epitomizes [a] split of authority" and that "the Ninth Circuit rejected the reasoning the Order here relies on that a waiver finding is appropriate because the defense was always available." ECF No. 305 at 11, ECF No. 299 at 9. Although Defendants acknowledge that *Moser* was a class action case—not an FLSA collective action—Defendants nonetheless contend that, because "the Ninth Circuit in *Moser* rejected the notion that a personal jurisdiction defense must be raised in the pleadings in the context of a Rule 23 class, it stands to reason that the same would be true for an opt-in collective." ECF No. 305 at 11-12. The Court is unpersuaded that the class action analysis in that case establishes ambiguity in FLSA collective action law as to support a "substantial ground for difference of opinion" determination. *See Couch*, 611 F.3d at 633 ("To determine if a 'substantial ground for

difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear.").

In sum, the Court has considered and rejected the arguments that Defendants presented in their prior briefing and is unpersuaded by the new authorities on which Defendants rely. Defendants' strong disagreement with the prior rulings in this case does not establish "substantial ground for difference of opinion." *See id.*; *see also Tribble v. Surface Preparation Sys., Inc.*, No. 6:20-CV-00181-AA, 2021 WL 4593817, at *2 (D. Or. Oct. 6, 2021) ("[D]issatisfaction with the Court's ruling and its preference for a different outcome will not suffice to establish substantial grounds for difference of opinion."). Consequently, the Court finds that Defendants have failed to satisfy the second requirement for interlocutory appeal. *See Assuredpartners of Oregon, LLC v. Reese*, No. 6:22-CV-00673-MC, 2023 WL 5670710, at *4 (D. Or. Apr. 10, 2023) ("Plaintiff's own disagreement with the Court's interpretation is an insufficient basis for interlocutory appeal.").

**C. Whether Immediate Appeal May Materially Advance the Conclusion of the Litigation**

Because the Court finds that Defendants have failed to establish the second requirement for certification, the Court declines to address the third requirement. *See Couch*, 611 F.3d at 633 ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."); *see also Wyatt B.*, 2022 WL 4547903, at *3 ("Because Defendants have failed to meet their burden of establishing substantial grounds for difference of opinion, the Court need not reach the question of whether granting certification would materially advance termination of the litigation."); *Cooksey v. Diamond Resorts Int'l Club, Inc.*, No. 6:19-CV-01760-MK, 2020 WL 8971500, at *2 (D. Or. Sept. 4, 2020), *report and recommendation adopted* No. 6:19-CV-01760-MK, 2021 WL 1136053 (D. Or. Mar. 24, 2021) (declining to

address the first and third requirements of Section 1292(b) when the second requirement was not satisfied).

Finally, even if Defendants could establish all three requirements of Section 1292(b), the Court would recommend that the District Court exercise its discretion to deny certification because Defendants have not demonstrated "exceptional circumstances" that would "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *ICTSI Oregon, Inc.*, 22 F.4th at 1131.

**RECOMMENDATION**

For the reasons above, Defendants' Motion for Certification of Order for Interlocutory Appeal and Partial Stay (ECF No. 299) should be DENIED.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

DATED this 14 day of August 2026.

MARK D. CLARKE
United States Magistrate Judge