UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE LLC, et al.,

Defendants.

Case No. 1:21-cv-00688-CL

**OPINION AND ORDER**

**CLARKE,** United States Magistrate Judge.

Plaintiff Tina Alonzo Estrada ("Plaintiff") brings this case on behalf of herself and those similarly situated against Defendants Avalon Health Care Hearthstone, LLC, Avalon Health Care Royale Gardens, LLC, Staffers, LLC, Avalon Health Care, Inc. d/b/a Avalon Health Care Group, Avalon Health Care Management, Inc., and Avalon Health Care Management of Oregon, LLC. Before the Court is Defendants' Motion for Leave to Supplement or Amend Their Answer (ECF No. 300). For the reasons explained below, Defendants' Motion (ECF No. 300) is DENIED.

**BACKGROUND**

This case began in May 2021. ECF No. 1. In August 2025, Defendants challenged the Court's exercise of personal jurisdiction as it pertained to the proposed out-of-state FLSA

collective opt-in plaintiffs based on the Ninth Circuit's decision in *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025), *cert. denied sub nom. Harrington v. Cracker Barrel Old Country Store, Inc*, 146 S. Ct. 1596, 224 L. Ed. 2d 6 (2026), and *cert. denied,* 146 S. Ct. 1626, 224 L. Ed. 2d 6 (2026). ECF No. 255. The Court rejected those arguments in its September 2025 F&R, finding that the defense was available to Defendants prior to *Harrington* and that Defendants had waived any challenge to personal jurisdiction. ECF No. 266 at 5-9. The District Court adopted the Court's F&R in full. ECF No. 297 at 4. This Motion followed. ECF No. 300.

## LEGAL STANDARD

"Leave to amend is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). After the initial pleading stage, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). A "court should freely give leave when justice so requires." *Id.*

The same "factors relevant to a Rule 15(a) motion to amend are considered when addressing a motion to supplement under Rule 15(d)." *Butler v. Reyes*, No. 2:25-CV-00508-SB, 2026 WL 2176887, at *2 (D. Or. July 28, 2026) (citing *Singh v. Washburn*, No. 2:14-CV-01477-SB, 2016 WL 1039705, at *9 (D. Or. Feb. 5, 2016), *report and recommendation adopted,* No. 2:14-CV-01477-SB, 2016 WL 1045523 (D. Or. Mar. 15, 2016)). Those factors are: undue delay, prejudice to the opposing party, bad faith, and futility of the proposed amendment. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "Not all of the factors merit equal weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Prejudice to the opposing party "carries the greatest weight" of the four factors. *Id.* Unfair prejudice "'means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Adidas Am., Inc. v. TRB Acquisitions LLC*, No. 3:15-CV-2113-SI, 2016 WL 11673273, at *3 (D. Or. July 26, 2016) (quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In addition, "[a]lthough delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp.*, 194 F.3d at 986 (citations omitted). Finally, bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity" and "contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir.), *opinion amended on denial of reh'g*, 326 F.3d 1028 (9th Cir. 2003) (adopting the Eleventh Circuit's definition of "bad faith").

**DISCUSSION**

Relying on Fed. R. Civ. P. 15(a) and 15(d), Defendants seek to amend their answer to assert a personal jurisdiction defense. ECF No. 300 at 2, 5. The Court finds that the relevant factors weigh against granting Defendants' Motion. Specifically, the Court finds that Defendants have unduly delayed in bringing this Motion and that amendment would unduly prejudice Plaintiff.

As a preliminary matter, the Court finds that Defendants' Motion is substantially premised on the same issues that this Court and the District Court have already decided. *Compare* ECF Nos. 300, 306 *with* ECF Nos. 266, 297. That is, this Court and the District Court

have explicitly rejected Defendants' arguments that a personal jurisdiction defense was not available to Defendants prior to *Harrington* and have determined that Defendants waived that defense. ECF No. 256 at 5-9, ECF No. 297 at 3-4. That is the law of the case. *See Regence Grp. v. TIG Specialty Ins. Co.*, 903 F. Supp. 2d 1152, 1170 (D. Or. 2012) ("Under this doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court in the same case.").

With respect to the relevant factors, the Court finds that Defendants unduly delayed in bringing this Motion. For example, even though Defendants represented in August 2025 that they were "prepared to file an amended or supplemental pleading," Defendants did not file this Motion until April 2026. ECF No. 259 at 4, ECF No. 300. This factor weighs against granting leave to amend. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (concluding that the appellants unduly delayed when they repeatedly "informed the court of their intention to file an amended complaint" but waited eight months to do so).

Further, the Court finds that allowing Defendants to raise a new defense at this juncture would be unfairly prejudicial to Plaintiff. The Court is persuaded by Plaintiff's argument that allowing Defendants to assert a new defense would cause undue prejudice by "chang[ing] the scope of this litigation." ECF No. 303 at 7. The Court finds that the parties have vigorously litigated this case for more than five years, and, as discussed above, this Court and the District Court have already decided the personal jurisdiction issues that form the basis of Defendants' Motion. *See Tyson v. Oregon Anesthesiology Grp., P.C.*, No. CIV 03-1192-HA, 2007 WL 1731475, at *5 (D. Or. June 13, 2007) (finding that amendment would cause undue prejudice because it "would cause the parties to incur even greater expense and delays than have already been endured"). Consequently, this factor weighs against granting leave to amend.

Because Plaintiff has not presented direct evidence that Defendants have acted in bad faith, "this factor is weighted as neutral, *i.e.,* weighing neither in favor of [nor] against granting leave to amend." *Baldin v. Wells Fargo Bank, N.A.*, No. 3:12-CV-00648-AC, 2013 WL 6388499, at *3 (D. Or. Dec. 6, 2013) (finding that, in the absence of "direct evidence of bad faith," the factor was neutral).

The Court finds that the factors of undue delay and undue prejudice to the opposing party weigh against amendment and that those factors are determinative here. Accordingly, the Court does not reach the futility of Defendants' proposed amendment because that factor would not affect the outcome. *See DropZoneMS, LLC v. Cockayne*, No. 3:16-CV-02348-YY, 2019 WL 2070417, at *8 (D. Or. Feb. 27, 2019), *report and recommendation adopted,* No. 3:16-CV-02348-YY, 2019 WL 2357361 (D. Or. May 31, 2019) (citing *Lockheed Martin Corp.*, 194 F.3d at 986 and *Jackson*, 902 F.2d at 1388).

**ORDER**

The Court finds that the relevant factors weigh against granting leave to amend. Defendants' Motion for Leave to Supplement or Amend Their Answer (ECF No. 300) is DENIED.

It is so ORDERED and DATED this 20 day of August, 2026.

MARK D. CLARKE
United States Magistrate Judge