**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

**TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,**

Plaintiff,

v.

**AVALON HEALTH CARE HEARTHSTONE LLC; AVALON HEALTH CARE ROYALE GARDENS LLC; STAFFERS LLC; AVALON HEALTH CARE, INC., dba AVALON HEALTH CARE GROUP; AVALON HEALTH CARE MANAGEMENT, INC.; AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC,**

Defendants.

No. 1:21-cv-00688-CL

**ORDER**

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Mark Clarke. ECF No. 286. Judge Clarke recommends that Plaintiff's Motion to Dismiss Defendants' Counterclaims, ECF No. 258, be granted in part and denied in part. More specifically, Judge Clarke recommends that

the counterclaims as they related to Plaintiff's allegedly fraudulent collection of insurance benefits be dismissed for lack of subject matter jurisdiction; that Defendant's counterclaims for theft and conversion should be dismissed; but that Defendants' counterclaim for fraud and misrepresentation, as it relates to Plaintiff's alleged timesheet falsifications, should be allowed.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Plaintiff has filed Objections to the F&R, ECF No. 290, and Defendants have filed a Response to the Objections, ECF No. 292. Plaintiff has filed a Reply in support of her Objections, ECF No. 296, despite the fact that Replies are not ordinarily permitted for objections to F&Rs. Plaintiff is aware that reply briefs are not permitted, as evidenced by her own opposition to Defendants' attempt to file a reply brief during objections to a previous F&R. ECF No. 275. Plaintiff also did not seek leave to file a reply, as Defendants had done, and the Court declines to consider Plaintiff's Reply.

The Court has reviewed Judge Clarke's recommendations and finds no error. The F&R is ADOPTED.

**CONCLUSION**

Judge Clarke's Findings and Recommendation, ECF No. 286, is ADOPTED. As set forth in the F&R, Plaintiff's Motion to Dismiss, ECF No. 258, is GRANTED in part and DENIED in part. As set forth in the F&R, Defendants' counterclaims, as they relate to Plaintiff's allegedly fraudulent collection of insurance benefits are DISMISSED for lack of subject matter jurisdiction. The counterclaims for theft and conversion are DISMISSSED. The motion is DENIED as to Defendants' counterclaim for fraud and misrepresentation as it relates to Plaintiff's alleged timesheet falsifications.

It is so ORDERED and DATED this 31st day of August 2026.

s/ Ann Aiken
ANN AIKEN
United States District Judge