UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE LLC, et al.,

Defendants.

Case No. 1:21-cv-00688-CL

**ORDER**

**CLARKE,** United States Magistrate Judge.

Plaintiff Tina Alonzo Estrada ("Plaintiff") brings this case on behalf of herself and all others similarly situated against Defendants Avalon Health Care Hearthstone, LLC, Avalon Health Care Royale Gardens, LLC, Staffers, LLC, Avalon Health Care, Inc. d/b/a Avalon Health Care Group, Avalon Health Care Management, Inc., and Avalon Health Care Management of Oregon, LLC ("Defendants"). Plaintiff alleges Defendants violated the Fair Labor Standards Act ("FLSA") and Oregon wage statutes. Before the Court is Plaintiff's Motion to Compel Supplemental Deposition of 30(b)(6) Witness. ECF No. 327. The Court heard oral argument on September 9, 2026. Having closely reviewed the record, including the parties' briefing and attached exhibits, Plaintiff's Motion to Compel (ECF No. 327) is DENIED.

Plaintiff moves under Rule 37(a) to compel Defendants to provide a supplemental 30(b)(6) deponent, and she seeks fees under Rule 37(a)(5)(2). Plaintiff argues that Defendants' selected representative, Ms. Irwin, was inadequately prepared to answer the noticed topics during her deposition. Defendants respond that Ms. Irwin was prepared, and Plaintiff ignored her obligations to confer on Defendants' written objections to the noticed topics.

Prior to the deposition, Defendants should have moved for a protective order regarding Defendants' written objections to Plaintiff's noticed topics. Instead, Defendants counsel emailed Plaintiff's counsel "[w]e will be sending objections to the notice in the next couple of days and may need to confer about some of those objections." ECF No. 338-3 at 1. The parties never conferred. Preparation for the filing of the protective order would have prompted Plaintiff to confer or face the consequences of refusing to confer. Conferral may have resolved some of the dispute, we will never know.

That issue aside, the Court is not persuaded that Defendants' 30(b)(6) designee was so inadequately prepared as to justify compelling a second deposition and awarding fees and costs. Plaintiff cites several examples from the deposition transcript showing Ms. Irwin's inability to answer questions related to noticed topics. However, imperfect is not the same as inadequate. Prior to the deposition, Ms. Irwin prepared for the deposition by meeting with the CEO and with Defendants' counsel. She was prepared to testify on behalf of Avalon Oregon and thoroughly testified on a number of topics. Plaintiff's Motion to Compel (ECF No. 327) is DENIED.

DATED this 11 day of September 2026.

MARK D. CLARKE
United States Magistrate Judge