UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE LLC, et al.,

Defendants.

Case No. 1:21-cv-00688-CL

**ORDER**[1]

**CLARKE,** United States Magistrate Judge.

Plaintiff Tina Alonzo Estrada ("Plaintiff") brings this case on behalf of herself and all others similarly situated against Defendants Avalon Health Care Hearthstone, LLC, Avalon Health Care Royale Gardens, LLC, Staffers, LLC, Avalon Health Care, Inc. d/b/a Avalon Health

[1] Magistrate judges in this district have the authority to enter orders on non-dispositive pre-trial matters. *see* 28 U.S.C. § 636; Fed. R. Civ. P. 72(a). "To determine whether a magistrate judge's ruling is 'dispositive,' the Court 'must look to the effect of the motion.'" *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 988 (N.D. Cal. 2012) (quoting *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004)). "'The penalty to be imposed, rather than the penalty sought by the movant, controls the scope of the magistrate's authority.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) (quoting 7 James W. Moore et al., *Moore's Federal Practice*, ¶ 72.04 [2.–4], at 72–66 (2d ed.1994)). Here, the denial of Defendants' Motion for Sanctions is a non-dispositive pretrial matter, and the Court has the authority to enter an Order, rather than a Findings and Recommendation.

Care Group, Avalon Health Care Management, Inc., and Avalon Health Care Management of Oregon, LLC ("Defendants"). Plaintiff alleges Defendants violated the Fair Labor Standards Act ("FLSA") and Oregon wage statutes. Before the Court is Defendants' Motion for Sanctions. ECF No. 310. The Court heard oral argument on September 9, 2026. Defendants' Motion is DENIED.

## BACKGROUND

Defendants move for terminating sanctions against Plaintiff for alleged: (1) spoliation of evidence, (2) failure to comply with the Court's discovery order, and (3) failure to comply with the Federal Rules of Civil Procedure's discovery requirements. Defendants also seek attorneys' fees and costs. The parties and the Court are well steeped in the facts leading to this latest discovery dispute. In short, during deposition Plaintiff claimed she had (or might have) electronically stored information and other documents showing that Defendants underpaid her. On April 10, 2026, after years of squabbling between the parties, the Court issued a Discovery Order. The Court ordered Plaintiff to produce the screen shots, electronic communications, social media posts, and other documents she had testified about during deposition, to produce unemployment and tax records, and to affirmatively state in an admissible format that she did not possess additional relevant information. Several weeks later, Plaintiff produced just one tax record and affirmed in a written declaration that she possessed no additional discovery in support of her claims. Ultimately, Plaintiff produced almost none of the evidence she had testified existed and supported her claims.

## LEGAL STANDARD

District courts have broad discretion over the imposition of sanctions. *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (applying the abuse of discretion standard to sanctions levied under both Fed. R. Civ. P. 37 and court's inherent power).

"There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who 'fails to obey an order to provide or permit discovery.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337–38 (9th Cir. 1985)). Federal Courts also have the power to punish a party or its counsel for failure to comply with an order. 18 U.S.C. § 401.

A finding of spoliation requires three elements: (1) that the party to be charged had a duty to preserve the documents, (2) that the documents are relevant to the claims or defenses in the case, and (3) and that the party to be charged had a culpable state of mind. *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1138 (N.D. Cal. 2012). A culpable state of mind requires a showing of willfulness, fault, or bad faith. *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch, Inc.*, 69 F.3d at 348).

"Because dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981). Before imposing the sanction of dismissal, district courts "should consider the following factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch, Inc.*, 69 F.3d at 348). These five factors apply under both Rule 37 and the Court's inherent authority. *Id.* at 958 n.4.

Regarding a failure to preserve electronically stored information such as screen shots, text messages, emails, and social media content, a court may only impose terminating sanctions

or adverse jury instructions "upon finding that the party acted with the intent to deprive another party of the information's use in the litigation . . . ." Fed. R. Civ. P. 37(e)(2). "Rule 37(e) does not define 'intent,' but in context, the word is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). Because Rule 37(e) "'authorizes and specifies measures a court may employ if information that should have been preserved is lost, and specifies the findings necessary to justify these measures,' the rule 'forecloses reliance on inherent authority or state law to determine when certain measures should be used.'" *Gregory v. State of Montana*, 118 F.4th 1069, 1079 (9th Cir. 2024) (quoting Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment). Rule 37(e) "preclude[s] invocation of a court's inherent authority" to impose sanctions related to the spoliation of electronically stored information. *Id.* at 1080.

**DISCUSSION**

Defendants argue that the Court should dismiss Plaintiff's claims with prejudice because she destroyed or failed to preserve the evidence necessary to prove her claims.

Plaintiff filed her case on May 5, 2021. Over the last several years, the Court has held numerous discovery hearings, status conferences, and oral arguments. The Court has endeavored to ensure that this case can be tried fairly and on the merits. Recent filings by both parties have prompted the Court to reflect on whether it has allocated judicial resources disproportionately to the actual needs of the case. This case needs to move forward.

Having closely reviewed the record, including the parties' briefing and attached exhibits, Defendants' Motion for Sanctions (ECF No. 310) is DENIED. Regarding spoliation, the Court is not convinced that Plaintiff acted with the requisite culpable state of mind. The vast majority of

the discovery at issue is electronically stored information falling under Rule 37(e), and there is no evidence that Plaintiff acted with the intent of depriving Defendants of the information's use in this case. The Court also finds that a monetary sanction is not justified under the circumstances presented. The fact that Plaintiff failed to produce the information she referenced in her deposition testimony remains available to Defendants for impeachment purposes during trial.

Plaintiff's untimely and incomplete compliance with the Court's Discovery Order does not go unnoticed. The Court advises that future noncompliance will not be taken lightly. However, the Court does not find that Plaintiff willfully disobeyed its Discovery Order, which admittedly lacked specificity as to the relevant time period and scope of production regarding Plaintiff's unemployment ("OED") and tax records. The Court ORDERS Plaintiff to obtain and produce the OED records and tax documents as specified below. The Court does not order further production regarding any of the other topics in its Discovery Order.

**CONCLUSION**

Defendants' Motion for Sanctions (ECF No. 310) is DENIED. Within thirty (30) days of this Order, Plaintiff shall obtain and produce her OED records (whether collected against Staffers or some other employer), and her tax documents (showing Plaintiff's sources of income, including tax returns, W-2s, and 1099s), for September 1, 2020 through December 31, 2022. Plaintiff must also produce a privilege log for any withheld documents.

DATED this 11 day of September 2026.

MARK D. CLARKE
United States Magistrate Judge