Dana L. Sullivan (dana@baaslaw.com)
Oregon Bar No. 944834
**BUCHANAN ANGELI**
**SULLIVAN & FERRER LLP**
621 SW Morrison Street, Suite 1250
Portland, OR 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell* (ccottrell@schneiderwallace.com)
Ori Edelstein (oedelstein@schneiderwallace.com)
Robert E. Morelli, III (rmorelli@schneiderwallace.com)
Oregon Bar No. 242740
James B. Jackson* (jjackson@schneiderwallace.com)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100; Fax: (415) 421-7105

** Admitted pro hac vice*
*Attorneys for Plaintiff and the*
*Putative Class & Collective Members*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

TINA ALONZO ESTRADA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AVALON HEALTH CARE HEARTHSTONE LLC, AVALON HEALTH CARE ROYALE GARDENS LLC, STAFFERS LLC, AVALON HEALTH CARE, INC. d/b/a AVALON HEALTH CARE GROUP, AVALON HEALTH CARE MANAGEMENT, INC., AVALON HEALTH CARE MANAGEMENT OF OREGON, LLC,

Defendants.

Case No. 1:21-cv-00688-CL

**STATEMENT ON PROPOSED SCHEDULING DEADLINES & MOTION TO ADOPT PLAINTIFF'S PROPOSED MERITS DISCOVERY DEADLINE**

Pursuant to this Court's directive (ECF No. 342), Plaintiff Tina Estrada submits this Statement on Proposed Scheduling Deadlines. The Parties were able to agree on most, but not, all dates and deadlines.

| Event | Agreed Date |
|---|---|
| Defendants to produce complete Collective Lists | 10 business days after ruling on Defendants' Motion for Clarification (ECF No. 332)[1] |
| Issuance of collective notices | 14 business days after ruling on Defendants' Motion for Clarification (ECF No. 332) |
| Completion of collective and class-based discovery | 60 120 days after end of collective Notice Period |
| Plaintiffs' Motion for Class Certification<br>Defendants' Motion to Decertify Collective | 30 days after completion of collective and class-based discovery |
| Defendants' Opposition to Class Certification<br>Plaintiffs' Opposition to Motion to Decertify Collective | 45 days after completion of collective and class-based discovery |
| Plaintiffs' Reply in support of Class Certification<br>Defendants' Reply in Support of Collective Decertification | 60 days after completion of collective and class-based discovery |
| Mediation Deadline | March 15, 2027 |
| Plaintiff's and Defendant's Rule 26 Expert Disclosure | 30 days after Class Certification Order |
| Rebuttal Expert Reports | 60 days after Class Certification Order |
| Expert Depositions Complete | 90 days after Class Certification Order |
| Dispositive/*Daubert* Motions | 120 days before trial |
| Oppositions to Dispositive/*Daubert* Motions | 90 days before trial |
| Replies in Support of Dispositive/*Daubert* Motions | 75 days before trial |
| Joint Trial Memorandum | 30 days from ruling on dispositive motions |
| Trial Briefs w/ citations of authority and argument of the disputed issues | 60 days before trial |
| Proposed statement of the action for presentation to the venire (one paragraph) | 60 days before trial |
| Proposed Jury Instructions | 60 days before trial |
| Pretrial conference | 30 days before trial |
| Trial Date + PDF Exhibits | TBD |

[1] The end of the Collective Notice Period is 75 days after the mailing date stated in the Notice.



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

However, the parties could not agree on a deadline for the completion of merit-based, non-expert discovery. Plaintiff proposed a deadline for the completion of merit-based, non-expert discovery for 240 days after the end of the Collective Notice Period. Defendants proposed a deadline of December 31, 2026. Defendants' proposed deadline is untenable given the forthcoming FLSA collective action notice period and the Court's ruling on Plaintiff's forthcoming motion for class certification.

Historically, due to a congested docket, the District Court has taken several months to rule on motions and objections to any report and recommendation. Defendants' motion for clarification of the Court's September 1, 2026, Order (ECF No. 332) is currently pending. Based on historical data, it likely will be several months before the Court issues an order on that motion. Until then, notice to the collective cannot be issued because Defendants refuse to produce the full collective list. (ECF No. 335.) Moreover, even if the Court issued an order tomorrow, it would still take roughly 14 days for the collective notices to be issued, and then another 75 days for the notice period to run. Critically, the makeup of the collective action will not be determined until after the close of the notice period. *Cf. Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018). *See also* 29 U.S.C. § 216(b). And, once the notice period closes, Plaintiff will seek merits discovery from the now party-plaintiffs who opted in. *See id.*

For similar reasons, Plaintiff's forthcoming Motion for Class Certification requires setting the merit-based, non-expert discovery 240 days after the end of the Collective Notice Period. Once a class is certified, both sides will seek class-wide merits discovery. It is therefore illogical to set the merits discovery deadline before class certification. *See Agnew v. Macy's Retail Holdings, LLC*, No. 2:25-CV-02006-JHC, 2026 WL 2123899, at *3 (W.D. Wash. July 23, 2026) (citing 3 Newberg and Rubenstein on Class Actions § 10:7 (6th ed.)).



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Finally, a 240-day period of discovery makes sense given the potential scope of this class and collective action. There are potentially thousands of collective members, requiring substantial document production and numerous depositions on each side.

As such, the Court should adopt Plaintiff's proposed deadline of 240 days after the end of the Collective Notice Period for the completion of merit-based, non-expert discovery.

Date: October 9, 2026

Respectfully submitted,

*/s/ Robert E. Morelli, III*
Carolyn H. Cottrell (*pro hac vice*)
Ori Edelstein (*pro hac vice*)
Robert E. Morelli, III (Oregon SBN 242740)
James B. Jackson*
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com
*jjackson@schneiderwallace.com*

Dana L. Sullivan (Oregon SBN 944834)
**BUCHANAN ANGELI**
**SULLIVAN & FERRER LLP**
621 SW Morrison Street, Suite 1250
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

*Attorneys for Plaintiff, Class, and Collective Members*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105